# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## COMPLAINT
_____

Plaintiff and Debtor the Diocese of Duluth, by and through its attorneys, brings this Complaint against Liberty Mutual Group, Catholic Mutual Relief Society of America, Fireman's Fund Insurance Company, Church Mutual Insurance Company and The Continental Insurance Company seeking declaratory judgment, breach of contract and alleges for its complaint as follows:

## BACKGROUND

1. This is an action for declaratory judgment and breach of contract, seeking damages, a declaration of the rights, duties, and liabilities of the parties regarding certain insurance

policies that defendants Liberty Mutual Group ("Liberty Mutual"), Catholic Mutual Relief Society of America ("Catholic Mutual"), Fireman's Fund Insurance Company ("Fireman's Fund"), The Continental Insurance Company ("CNA"), and Church Mutual Insurance Company ("Church Mutual") (collectively, the "Insurers") sold or for which the Insurers acquired responsibility.  Further, this is an action seeking declaratory relief to determine the extent of the rights of the above-named Debtor in said insurance policies and the extent to which that interest may be property of the estate under 11 U.S.C. § 541.

2. The Diocese is a Roman Catholic diocese in Minnesota, with the episcopal see in Duluth, Minnesota.  The Diocese was established on October 3, 1889 by Pope Leo XIII and encompasses ten counties in northeastern Minnesota.

3. Effective May 25, 2013, the Minnesota Legislature enacted the Minnesota Child Victims Act, Minn. Stat. § 541.073, which allowed for previously time-barred claims alleging abuse to be filed until May 25, 2016.

4. As a result of the Minnesota Child Victims Act, multiple claims and suits alleged that the Diocese is liable for damages stemming from its purported negligence in connection with the alleged sexual abuse injuries (the "Underlying Actions and Claims").

### THE PARTIES

5. The Diocese is a Minnesota diocesan religious corporation with its principal place of business in Duluth, Minnesota.

6. Upon information and belief, Liberty Mutual is a corporation organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts.  Upon information and belief, Liberty Mutual operates in the State of Minnesota and, through a corporate transaction between Great American Insurance Company and Ohio Casualty Company, acquired responsibility for insurance policies issued to the Diocese in Minnesota by Agricultural Insurance

2

Company and American Empire Insurance Company for certain time frames during which the underlying claimants allege abuse.

7. Upon information and belief, Catholic Mutual is a corporation organized under the laws of Nebraska with its principal place of business in Omaha, Nebraska. Upon information and belief, Catholic Mutual operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese in Minnesota for certain time frames during which the underlying claimants allege abuse.

8. Upon information and belief, Fireman's Fund is a corporation organized under the laws of the State of California, with its principal place of business located in Novato, California. Upon information and belief, Fireman's Fund operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese in Minnesota for certain time frames during which the underlying claimants allege abuse.

9. Upon information and belief, CNA is a corporation organized under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois. Upon information and belief, CNA is the service mark for The Continental Insurance Company, which acquired responsibility for insurance policies issued to the Diocese in Minnesota by Fireman's Insurance Company of Newark, New Jersey for certain time frames during which the underlying claimants allege abuse.

10. Upon information and belief, Church Mutual is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Wisconsin. Upon information and belief, Church Mutual sold one or more insurance policies to one or more parishes in Minnesota that list the Diocese as an additional named insured for certain time frames during which the underlying claimants allege abuse.

## JURISDICTION AND VENUE

11. On or about December 7, 2015, the Diocese filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

12. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Diocese continues to operate and manage their property as debtors-in-possession.

13. This Court has personal jurisdiction over each Defendant because each Defendant has sufficient contacts with the State of Minnesota. Further, each otherwise availed itself of the markets of Minnesota.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334(b).

15. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in certain policies and rights under said policies of insurance, under 11 U.S.C. § 541.

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b) because a substantial part of the events or omissions giving rise to the dispute occurred in this District, including the issuance of the respective Policies at issue.

## THE INSURANCE POLICIES PURCHASED BY THE DIOCESE

17. Upon information and belief, at various times from at least 1958 to the present, in consideration of premiums paid by the Diocese or parishes on its behalf as an additional named insured, the Insurers, among others, sold or acquired responsibility for primary general liability insurance policies sold to the Diocese, as well as certain umbrella and/or excess liability policies (the "Insurance Policies").

18. Upon information and belief, each of the Insurance Policies requires the Insurers to pay on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a result

4

of bodily injury, as long as any part of the injury took place during the policy period.

19. Upon information and belief, each of the Insurance Policies also requires the Insurers to pay all defense costs and expenses, including attorney's fees, incurred by the Diocese in the investigation and defense of the Underlying Actions and Claims. This obligation applies even if the allegations against the Diocese are groundless, false, or fraudulent.

20. Upon information and belief, the Diocese or parishes on its behalf as an additional named insured timely paid all premiums due under the Insurance Policies.

## THE UNDERLYING ACTIONS

21. The Underlying Actions and Claims contain allegations against the Diocese. The claimants in the Underlying Actions and Claims allege that the Diocese was negligent and the claimants suffered injuries resulting from alleged sexual abuse.

22. The Diocese timely notified Defendants of the Underlying Actions and Claims and at all times has cooperated with the Insurers' reasonable requests.

23. The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies with respect to the Underlying Actions and Claims.

24. The Diocese is entitled to all benefits provided by the Insurance Policies.

25. The Underlying Actions are covered by the Insurance Policies.

26. The Insurers have failed to acknowledge their full coverage obligations to (a) defend or pay for the defense of the Diocese and/or (b) indemnify the Diocese, including the funding of any past and future settlements or judgments, in connection with the Underlying Actions and Claims, despite the Diocese's timely request that they do so.

27. By failing to acknowledge their full coverage obligations to defend and/or indemnify the Diocese in connection with the Underlying Actions and Claims, the Insurers have breached their contractual obligations to the Diocese. Consequently, an actual and justiciable claim

exists as to all Insurers named as Defendants in this action.

## COUNT I

### Declaratory Judgment Against All Insurers

### (Duty to Defend)

28. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 27 above with the same force and effect as though fully set forth herein.

29. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies.

30. Pursuant to the terms of the Insurance Policies, each of the Insurers is obligated to pay in full the expenditures made by the Diocese to defend itself against the Underlying Actions and Claims.

31. The Insurers have refused to accept their legal obligations to pay in full for the Diocese's defense of the Underlying Actions and Claims.

32. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Diocese's defense costs attributable to the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

33. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Declaratory Judgment Against All Insurers

### (Duty to Indemnify)

34. The Diocese repeats and realleges each and every allegation contained in

6

paragraphs 1 through 33 above with the same force and effect as though fully set forth herein.

35. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies.

36. Pursuant to the terms of the Insurance Policies, each of the Insurers is obligated indemnify the Diocese for, or pay on its behalf, all sums that the Diocese becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Underlying Actions and Claims.

37. The Insurers have refused to accept their legal obligations to indemnify the Diocese for the total sums that the Diocese is legally obligated to pay as a result of some or all of the Underlying Actions and Claims.

38. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

39. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

### COUNT III

### Breach of Contract Against All Insurers

40. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 39 above with the same force and effect as though fully set forth herein.

41. As a result of the Underlying Actions and Claims, the Diocese has incurred and will continue to incur substantial liabilities.

42. Each of the Insurers has breached its obligations as set forth in the Insurance Policies, by its refusal to pay in full the expenditures made by the Diocese to defend itself against the Underlying Actions and Claims.

43. Each of the Insurers has breached its obligations as set forth in the Insurance Policies, by its refusal to indemnify the Diocese for all sums that the Diocese became, or will become, obligated to pay by reason of judgments and/or settlements in the Underlying Actions.

44. As a direct and proximate result of the Insurers' breaches of their respective policies, the Diocese has been deprived of the benefit of insurance coverage for which substantial amounts of money were paid with respect to the Underlying Actions and Claims.

45. As a direct and proximate result of the aforesaid breaches and acts by the Insurers, the Diocese has been damaged in an amount to be proven at trial for all damages, costs, and payments, and all other sums incurred to date.

## **PRAYER FOR RELIEF**

WHEREFORE, the Diocese prays for judgment as follows:

1. On Count I, the Diocese requests that this Court enter a declaratory judgment in favor of the Diocese against each of the Insurers, declaring that each of the Insurers is severally and indivisibly obligated to pay the costs of defending the Diocese against the Underlying Actions and Clams;

2. On Count II, the Diocese requests that this Court enter a declaratory judgment in favor of the Diocese against each of the Insurers, declaring that each of the Insurers is severally and indivisibly obligated to indemnify the Diocese for any judgments and/or settlements attributable to the Underlying Actions and Claims;

3. On Count III, the Diocese requests that this Court enter a judgment in favor of the Diocese and severally against each of the Insurers, and award compensatory damages for each of the Insurers' breaches of its insurance contracts in an amount to be determined at trial, as well as pre-judgment and post-judgment interest on those amounts of defense costs and indemnity costs which each of the Insurers wrongfully refused to pay the Diocese;

8

4. On all claims for relief, the Diocese requests that this Court enter judgment in favor of the Diocese against each of the Insurers severally for all costs incurred in bringing this action, including attorney's fees;

5. Additionally, the Diocese requests such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Diocese requests a trial by jury on any issue so triable.

Dated: New York, New York
June 24, 2016

                Respectfully submitted,

                **BLANK ROME LLP**

By: /s/ *James R. Murray*
     James R. Murray (admitted *pro hac vice*)
     1825 Eye Street NW
     Washington, DC 20006
     Telephone: (202) 420-3409
     Facsimile: (202) 420-2201
     jmurray@blankrome.com

     Jared Zola (admitted *pro hac vice*)
     The Chrysler Building
     405 Lexington Avenue
     New York, New York 10174
     Telephone: (212) 885-5209
     Facsimile: (917) 591-8538
     jzola@blankrome.com

*Counsel for Diocese of Duluth*

**GRAY PLANT MOOTY**
**MOOTY & BENNETT, P.A.**

By: /s/ *Phillip L. Kunkel*
     Phillip L. Kunkel (#058981)
     Nicholas N. Nierengarten (#079169)
     1010 West Germain Street, Suite 500
     Saint Cloud, MN 56301
     Telephone: (320) 202-5335
     Facsimile: (320) 252-4482
     Phillip.kunkel@gpmlaw.com
     Nicholas.nierengarten@gpmlaw.com

*Local Counsel for the Diocese of Duluth*

200947.00001/102524534v.7