# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

### FIREMAN'S FUND'S ANSWER TO FIRST AMENDED COMPLAINT
### JURY TRIAL DEMANDED

Fireman's Fund Insurance Company ("FFIC"), as and for its Answer to plaintiff's First Amended Complaint, states as follows:

1. In response to the allegations in the first paragraph of plaintiff's First Amended Complaint, FFIC admits that this is an action for a declaratory judgment regarding insurance coverage. FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding the existence of contracts of insurance between plaintiff and other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

2. FFIC admits the allegations in the second paragraph of plaintiff's First Amended Complaint.

3. FFIC admits the allegations in the third paragraph of plaintiff's First Amended Complaint.

4. In response to the allegations in the fourth paragraph of plaintiff's First Amended Complaint, FFIC admits that lawsuits have been served, and claims have been asserted, against plaintiff, but FFIC denies that plaintiff is or could be held liable under the legal standard(s) set forth in "Child Victims Act" for such suits and claims.

## THE PARTIES

5. FFIC admits the allegations in the fifth paragraph of plaintiff's First Amended Complaint.

6. In response to the allegations in the sixth paragraph of plaintiff's First Amended Complaint, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

7. In response to the allegations in the seventh paragraph of plaintiff's First Amended Complaint, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

8. In response to the allegations in the eighth paragraph of plaintiff's First Amended Complaint, FFIC admits it is a California corporation and, at the relevant time, operated in the State of Minnesota. FFIC denies that it sold certificates to plaintiff for any of the time frames in which the underlying claimants allege abuse occurred.

9. In response to the allegations in the ninth paragraph of plaintiff's First Amended Complaint, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

10. In response to the allegations in the tenth paragraph of plaintiff's First Amended Complaint, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

## JURISDICTION AND VENUE

11. FFIC admits the allegations in the eleventh paragraph of plaintiff's First Amended Complaint.

12. FFIC admits the allegations in the twelfth paragraph of plaintiff's First Amended Complaint.

13. FFIC admits the allegations in the thirteenth paragraph of plaintiff's First Amended Complaint.

14. FFIC admits the allegations in the fourteenth paragraph of plaintiff's First Amended Complaint.

15. In response to the allegations in the fifteenth paragraph of plaintiff's First Amended Complaint, FFIC admits that this action seeks to determine the extent and nature of certain insurance interests, but denies the existence of any contracts of insurance between it and plaintiff and denies that this matter is a "core proceeding."

16. In response to the allegations in the sixteenth paragraph of plaintiff's First Amended Complaint, FFIC admits that venue of this action is proper in this district, but denies the existence of any contracts of insurance between it and plaintiff.

## THE INSURANCE POLICIES AND CERTIFICATES
## PURCHASED BY THE DIOCESE[1]

17. In response to the allegations in the seventeenth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and

---

[1] In this Answer, FFIC is using the headings found in plaintiff's First Amended Complaint. By doing so, FFIC is not conceding the truth of any allegation(s) that may be deemed to have been made in such headings.

plaintiff; as to plaintiff's allegations regarding the existence of contracts of insurance between plaintiff and other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

18. In response to the allegations in the eighteenth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding the terms and conditions of any other alleged contracts of insurance between plaintiff and other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

19. In response to the allegations in the nineteenth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding the terms and conditions of any other alleged contracts of insurance between plaintiff and other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

20. In response to the allegations in the twentieth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding its payments of premiums due to other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

## THE UNDERLYING ACTIONS

21. FFIC admits the allegations in the twenty-first paragraph of plaintiff's First Amended Complaint.

22.    In response to the allegations in the twenty-second paragraph of plaintiff's First Amended Complaint, FFIC states that plaintiff has notified it of some of the underlying actions and claims and states that plaintiff has provided some information in response to FFIC's requests for information.

23.    In response to the allegations in the twenty-third paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding its fulfillment of duties and conditions under insurance policies with other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

24.    In response to the allegations in the twenty-fourth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding its entitlement to the benefits provided by insurance policies with other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

25.    In response to the allegations in the twenty-fifth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding the coverage provided by insurance policies with other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

26.    In response to the allegations in the twenty-sixth paragraph of plaintiff's First Amended Complaint, FFIC denies the existence of any contracts of insurance between it and plaintiff; as to plaintiff's allegations regarding the acknowledgement of coverage by other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

27. In response to the allegations in the twenty-seventh paragraph of plaintiff's First Amended Complaint regarding the existence of an actual and justiciable controversy between it and plaintiff, FFIC denies the existence of any contracts of insurance between it and plaintiff and, to that extent, acknowledges the existence of a justiciable dispute. Further, FFIC alleges, affirmatively, that while it has reserved its rights to deny coverage or to provide any coverage that may apply consistent with the terms and conditions of any such coverage as may be deemed to exist, as interpreted by applicable law, FFIC has also agreed to provide a defense to plaintiff in connection with pending lawsuits. Further, none of the "underlying actions" has to date been litigated to conclusion and FFIC has not refused to pay any amount due by plaintiff in connection with any such underlying action. With respect to the alleged existence of a justiciable controversy between plaintiff and any other parties, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

28. In response to the allegations in the twenty-eighth paragraph of plaintiff's First Amended Complaint, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

## COUNT I

29. In response to the allegations in the twenty-ninth paragraph of plaintiff's First Amended Complaint, FFIC repeats and realleges paragraphs 1-28, above, as if fully set forth herein.

30. FFIC admits the allegations in the thirtieth paragraph of plaintiff's First Amended Complaint.

31. FFIC denies the allegations in the thirty-first paragraph of plaintiff's First Amended Complaint.

6

32. FFIC denies the allegations in the thirty-second paragraph of plaintiff's First Amended Complaint.

33. In response to the allegations in the thirty-third paragraph of plaintiff's First Amended Complaint, FFIC incorporates the statements in paragraph 27, above.

34. In response to the allegations in the thirty-fourth paragraph of plaintiff's First Amended Complaint, FFIC incorporates the statements in paragraph 27, above.

35. In response to the allegations in the thirty-fifth paragraph of plaintiff's First Amended Complaint, FFIC states pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of the same.

**AFFIRMATIVE DEFENSES**

36. Plaintiff's First Amended Complaint fails to state a claim on which relief can be granted.

37. Public policy bars insurance coverage for any of the Underlying Claims.

38. To the extent it may be determined or established that plaintiff did purchase contracts of insurance from FFIC, coverage for some or all of the Underlying Claims is barred by the terms, provisions, conditions precedent, conditions subsequent, and/or exclusions in any such insurance policy.

39. FFIC reserves the right to assert any other and further affirmative defense that may become apparent during continued investigation and/or discovery in this matter.

**COUNTERCLAIM**

Fireman's Fund Insurance Company ("FFIC"), as and for its Counterclaim against plaintiff Diocese of Duluth, alleges as follows:

1. FFIC incorporates and realleges paragraphs 1-39 of its Answer, above, as if fully set forth herein.

2. FFIC is entitled to a judicial determination that it has no duty to defend or indemnify plaintiff in connection with any of the Underlying Actions, for reasons including (but not limited to) the following:

    a) Plaintiff did not purchase any contracts of insurance from FFIC, and FFIC did not provide any insurance coverage to plaintiff;

    b) Some, or all, of the Underlying Actions are not "suits" which give rise to any obligation pursuant to any contracts of insurance that FFIC may be determined to have issued;

    c) The injuries and/or damage alleged in the Underlying Actions do not fall within the coverage grant of any contracts of insurance that FFIC may be determined to have issued;

    d) The Underlying Actions do not allege injury and/or conduct within the coverage periods of any contracts of insurance that FFIC may be determined to have issued;

    e) The Underlying Actions do not allege any injury that was caused by an "occurrence", as that term may have been defined in any contracts of insurance that FFIC may be determined to have issued; and

    f) The injuries and/or damage alleged in the Underlying Actions are excluded from coverage pursuant to the language of any contracts of insurance that FFIC may be determined to have issued.

3. In addition, and in the alternative, if FFIC is determined to have a coverage obligation to plaintiff with respect to some of the Underlying Claims, then FFIC is entitled to a declaration regarding the extent and limits of any insurance coverage that FFIC may be determined to have issued to plaintiff.

WHEREFORE, FFIC demands judgment in its favor, and against plaintiff, as follows:

1. Determining and declaring that FFIC has no obligation to plaintiff to defend or indemnify plaintiff in connection with any of the Underlying Claims;

2. Determining and declaring that FFIC is entitled to such other and further relief as this Court may deem just and equitable.

8

FFIC DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: December 19, 2016       **MOSS & BARNETT**

By: /e/ Charles E. Jones
Charles E. Jones (#0202708)
Kelly C. McGinty (#0396327)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: 612-877-5259
Facsimile: 612-877-5012
Charles.Jones@lawmoss.com
Kelly.McGinty@lawmoss.com
*Attorneys for Fireman's Fund Insurance Company*

3440785v1

9