# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | ADV 16-5012 |
| Plaintiff, | |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

**CHURCH MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Church Mutual Insurance Company for its Answer to Plaintiff Diocese of Duluth's First Amended Complaint denies each and every allegation, matter, and thing contained in the First Amended Complaint, except as hereinafter specifically admitted, alleged, or qualified. Church Mutual further answers as follows:

## BACKGROUND

1.  In response to Paragraph 1 of the First Amended Complaint, Church Mutual admits that the Diocese of Duluth has initiated an Adversary Proceeding seeking a declaratory judgment and has named the identified insurers as defendants. Church Mutual specifically denies that it issued any insurance policy to the Diocese of Duluth or that any insurance policy it issued to any other entity provides any insurance coverage to the Diocese of Duluth with respect to the subject matter of this Adversary Proceeding. Church Mutual further alleges that there are no factual assertions stated upon which to admit or deny, but to the extent any assertions are made, denies the same and places Plaintiff to its strict burden of proof.

2.  Church Mutual lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

3.  In response to Paragraph 3 of the First Amended Complaint, Minnesota Statute § 541.073 speaks for itself as to what it allows. Further, the allegations in Paragraph 3 contain legal conclusions that require no response.

4.  Church Mutual lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

## THE PARTIES

5.  Upon information and belief, Church Mutual admits the allegations in Paragraph 5 of the First Amended Complaint.

6. In response to Paragraph 6 of the First Amended Complaint, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

7. In response to Paragraph 7 of the First Amended Complaint, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

8. In response to Paragraph 8 of the First Amended Complaint, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

9. In response to Paragraph 9 of the First Amended Complaint, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual lacks sufficient information to form a belief as to the truth of the allegations

contained in Paragraph 9 of the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

10. In response to the allegations contained in Paragraph 10 of the First Amended Complaint, Church Mutual admits that it is a Wisconsin corporation with its principal place of business located in Merrill, Wisconsin. Church Mutual admits that it sold one or more insurance policies to one or more parishes in Minnesota that identifies the Diocese as an additional insured for certain time frames and certain circumstances. Church Mutual specifically denies that any insurance policy that it issued to any parish in Minnesota provides any insurance coverage to the Diocese of Duluth in connection with the matters at issue in this Adversary Proceeding. Church Mutual denies the remaining allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Upon information and belief, Church Mutual admits the allegations in Paragraph 11 of the First Amended Complaint.

12. Upon information and belief, Church Mutual admits the allegations in Paragraph 12 of the First Amended Complaint.

13. In response to Paragraph 13 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual admits the allegations in Paragraph 13 of the First Amended Complaint.

14. In response to Paragraph 14 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual admits the allegations in Paragraph 14 of the First Amended Complaint.

15. In response to Paragraph 15 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 15 of the First Amended Complaint. The Diocese's adversary proceeding is not a "core" bankruptcy proceeding. The First Amended Complaint seeks a declaration as to the Diocese's rights under policies of insurance. The action is grounded in state law, and does not depend upon bankruptcy laws for its existence.

16. In response to Paragraph 16 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual admits the allegations in Paragraph 16 of the First Amended Complaint.

## THE INSURANCE POLICIES PURCHASED BY THE DIOCESE

17. In response to paragraph 17 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 17 of the First Amended Complaint.

18. In response to paragraph 18 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 18 of the First Amended Complaint.

19. In response to paragraph 19 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 19 of the First Amended Complaint.

20. In response to paragraph 20 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of

the First Amended Complaint, and therefore denies the allegations and places Plaintiff to its strict burden of proof.

## THE UNDERLYING ACTIONS

21. Church Mutual admits that the allegations in Paragraph 21 of the First Amended Complaint reference allegations in the Underlying Actions, which speak for themselves as to their substance and content and no further response is required.

22. In response to paragraph 22 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 22 of the First Amended Complaint.

23. In response to paragraph 23 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 23 of the First Amended Complaint.

24. In response to paragraph 24 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 24 of the First Amended Complaint.

25. In response to paragraph 25 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 25 of the First Amended Complaint.

26. The allegations contained in Paragraph 26 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Church Mutual denies that it has any duty to defend or indemnify the Diocese.

The remaining allegations are not directed at Church Mutual; therefore, a response is not required. To the extent a response is required, Church Mutual denies the allegations.

27. The allegations contained in Paragraph 27 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Church Mutual denies that it has any duty to defend or indemnify the Diocese. The remaining allegations are not directed at Church Mutual; therefore, a response is not required. To the extent a response is required, Church Mutual denies the allegations.

28. The allegations contained in Paragraph 28 of the First Amended Complaint are not directed at Church Mutual; therefore, a response is not required. To the extent a response is required, Church Mutual denies the allegations.

## COUNT I
### Declaratory Judgment Against All Insurers

29. In response to the allegations contained in Paragraph 29 of the First Amended Complaint, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 28 above.

30. In response to Paragraph 30 of the First Amended Complaint, Church Mutual alleges that there are no factual assertions stated upon which to admit or deny, but to the extent any assertions are made, Church Mutual places Plaintiff to its strict burden of proof.

31. In response to paragraph 31 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies the allegations in Paragraph 31 of the First Amended Complaint.

7

32. In response to paragraph 32 of the First Amended Complaint, to the extent that this allegation is advanced against Church Mutual, Church Mutual denies that it has any legal obligation to pay any amount with respect to the Underlying Actions and Claims.

33. Paragraph 33 of the First Amended Complaint is not directed against Church Mutual. To the extent that there are allegations with in this paragraph that are intended to be directed at Church Mutual, Church Mutual denies the allegations in Paragraph 33 of the First Amended Complaint, and places Plaintiff to its strict burden of proof.

34. Paragraph 34 of the First Amended Complaint is not directed against Church Mutual. To the extent that there are allegations with in this paragraph that are intended to be directed at Church Mutual, Church Mutual denies the allegations in Paragraph 34 of the First Amended Complaint, and places Plaintiff to its strict burden of proof.

35. Church Mutual alleges that there are no factual assertions stated in Paragraph 35 of the First Amended Complaint upon which to admit or deny, but to the extent any assertions are made, denies the same and places Plaintiff to its strict burden of proof.

## AFFIRMATIVE DEFENSES

Church Mutual asserts the following affirmative defenses to the First Amended Complaint. To the extent that any affirmative defense must be treated as a counterclaim, Church

Mutual asks that the Court exercise its authority to treat the affirmative defense as if it was designated as such. Church Mutual alleges that:

1. The Amended First Amended Complaint fails to state a claim upon which relief may be granted as to Church Mutual.

2. The Diocese has no claim for coverage against Church Mutual, because the Diocese is not an insured or a named insured under the insurance policies Church Mutual issued to parishes within the Diocese of Duluth.

3. The Diocese has no claim for coverage against Church Mutual, because the Diocese does not qualify as an additional insured under any insurance policy Church Mutual issued to parishes within the Diocese of Duluth.

   a. The Diocese is not an additional insured under any insurance policy issued by Church Mutual to parishes within the Diocese of Duluth, to the extent the insurance policies do not list the Diocese as an Additional Insured.

   b. The Diocese is not an Additional Insured under any insurance policy issued by Church Mutual to parishes within the Diocese of Duluth, because the claims against the Diocese do not allege abuse occurring during the policy periods of the multi-peril policies.

   c. The Diocese is not an Additional Insured under any insurance policy issued by Church Mutual to parishes within the Diocese of Duluth, because the claims against the Diocese do not allege abuse occurring on designated premises, as is required for the Diocese to be an Additional Insured.

        d.      The Diocese is not an Additional Insured under any insurance policy issued by Church Mutual to parishes within the Diocese of Duluth, because the claims against the Diocese do not allege "liability arising out of the ownership, maintenance or use" of a designated premises, as is required for the Diocese to be an Additional Insured.

4. The Diocese has no claim for coverage against Church Mutual, because the claims alleged against the Diocese are not covered by any insurance policy Church Mutual issued to parishes within the Diocese of Duluth.

        a.      The claims against the Diocese do not allege any "bodily injury," as required for coverage to exist under any insurance policy issued by Church Mutual.

        b.      The claims against the Diocese do not allege any physical harm occurring "during the policy period," as required for coverage to exist under any insurance policy issued by Church Mutual.

        c.      The claims against the Diocese do not allege an "occurrence," as required for coverage to exist under any insurance policy issued by Church Mutual.

5. The Diocese is not entitled under any insurance policy issued by Church Mutual, in law or in equity, to recover its alleged costs and attorneys' fees in this action.

6. There may be additional affirmative defenses that Church Mutual cannot articulate at this time and therefore Church Mutual reserves any and all other affirmative defenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Church Mutual respectfully request that this Honorable Court deny all relief requested by the Diocese against Church Mutual and dismiss the Diocese's First Amended Complaint against Church Mutual in its entirety and with prejudice. Church Mutual further request that this Honorable Court enter a judgment declaring that Church Mutual has no obligation to defend or indemnify the Diocese. Church Mutual further request that this Honorable Court award Church Mutual all such other and further relief as equity and the justice of this cause may require and permit.

## JURY DEMAND

Church Mutual requests a trial by jury on any issue so triable.

**BASSFORD REMELE**
*A Professional Association*

Date: November 28, 2016        By /e/ Christian A. Preus
                               Christian A. Preus (#173617)
                               Beth A. Jenson Prouty (#389275)
                               33 South Sixth Street, Suite 3800
                               Minneapolis, Minnesota 55402-3707
                               Telephone: (612) 333-3000
                               Facsimile: (612) 333-8829

                               Attorneys for Defendant Church Mutual Insurance Company

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | ADV 16-5012 |
| Plaintiff, | |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

**CHURCH MUTUAL INSURANCE COMPANY'S CERTIFICATE OF SERVICE**

I, Christian A. Preus, hereby certify that on the 19th day of December, 2016, I caused a true and correct copy of the foregoing *Church Mutual Insurance Company's Answer to Plaintiff's First Amended Complaint and Demand for Jury Trial* to be served on the following parties via electronic filing:

Abigail.mcgibbon@gpmlaw.com

The following parties were served via U.S. Mail:

| **Catholic Mutual Relief Society of America** | **The Continental Insurance Company** |
| --- | --- |
| Everett J. Cygal | Laura McNally |
| 233 S. Wacker Drive | 2321 North Clark Street |
| Suite 600 | Suite 2300 |
| Chicago, IL 60606 | Chicago, IL 60654 |
| ecygal@shiffhardin.com | lmcnally@loeb.com |

| **Liberty Mutual Group** | **Fireman's Fund Insurance Company** |
| --- | --- |
| Nancy Adams | Charles E. Jones |
| One Financial Center | 150 South Fifth Street |
| Boston, MA 02111 | Suite 1200 |
| nadams@mintz.com | Minneapolis, MN 55402 |
| | Charles.jones@lawmoss.com |

Date:  December 19, 2016         By /s/ Christian A. Preus
                                 Christian A. Preus (#173617)
                                 33 South Sixth Street, Suite 3800
                                 Minneapolis, Minnesota  55402-3707
                                 Telephone:   (612) 333-3000
                                 Facsimile:    (612) 333-8829
                                 cpreus@bassford.com