**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
|     Debtor-in-Possession. | |
| | |
| Diocese of Duluth, | |
|     Plaintiff, | |
| v. | Adversary Proceeding No.: 16-05012 |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
|     Defendants. | |

**CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant The Catholic Mutual Relief Society of America ("Catholic Mutual"), by its attorneys, submits the following Answer and Affirmative Defenses to the First Amended Complaint filed by the Plaintiff and Debtor, the Diocese of Duluth ("the Diocese"):

**BACKGROUND**

1. This is an action for declaratory judgment, seeking a declaration of the rights, duties, and liabilities of the parties regarding certain insurance policies and certificates that defendants Liberty Mutual Group ("Liberty Mutual"), Catholic Mutual Relief Society of America ("Catholic Mutual"), Fireman's Fund Insurance Company ("Fireman's Fund"), The Continental Insurance Company ("CNA"), and Church Mutual Insurance Company ("Church

1

Mutual") (collectively, the "Insurers") sold or for which the Insurers acquired responsibility. Further, this is an action seeking declaratory relief to determine the extent of the rights of the above-named Debtor in said insurance policies and certificates and the extent to which that interest may be property of the estate under 11 U.S.C. § 541.

**ANSWER:** Paragraph 1 calls for legal conclusions that Catholic Mutual is required to neither admit nor deny. Should a response be required, Catholic Mutual admits this is an action for declaratory judgment between the Diocese and the other parties listed in paragraph 1. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 1, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual or the insurance policies or certificates they sold or for which they acquired responsibility.

2. The Diocese is a Roman Catholic diocese in Minnesota, with the episcopal see in Duluth, Minnesota. The Diocese was established on October 3, 1889 by Pope Leo XIII and encompasses ten counties in northeastern Minnesota.

**ANSWER:** Catholic Mutual admits the allegations of Paragraph 2.

3. Effective May 25, 2013, the Minnesota Legislature enacted the Minnesota Child Victims Act, Minn. Stat. § 541.073, which allowed for previously time-barred claims alleging abuse to be filed until May 25, 2016.

**ANSWER:** Catholic Mutual admits the allegations of Paragraph 3.

4. As a result of the Minnesota Child Victims Act, multiple claims and suits alleged that the Diocese is liable for damages stemming from its purported negligence in connection with the alleged sexual abuse injuries (the "Underlying Actions and Claims").

**ANSWER:** Catholic Mutual admits that multiple claims and suits against the Diocese have been filed as a result of the Minnesota Child Victims Act. Answering further, Catholic Mutual states that the allegations in the multiple claims and suits that have been filed against the Diocese, which the Diocese has defined as "the Underlying Actions and Claims," speak for themselves.

## THE PARTIES

5. The Diocese is a Minnesota diocesan religious corporation with its principal place of business in Duluth, Minnesota.

**ANSWER:** Catholic Mutual admits the allegations of Paragraph 5.

6. Upon information and belief, Liberty Mutual is a corporation organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts. Upon information and belief, Liberty Mutual operates in the State of Minnesota and, through a corporate transaction between Great American Insurance Company and Ohio Casualty Company, acquired responsibility for insurance policies issued to the Diocese in Minnesota by Agricultural Insurance Company and American Empire Insurance Company for certain time frames during which the underlying claimants allege abuse.

**ANSWER:** Paragraph 6 contains allegations regarding Liberty Mutual, which Catholic Mutual is required neither to admit nor deny. Answering further, Catholic Mutual lacks knowledge or information sufficient to form a belief as to the truth of the Diocese's allegations against Liberty Mutual.

7. Upon information and belief, Catholic Mutual is a self-insurance fund of the Roman Catholic Church in North American and is organized as a not for profit corporation under the laws of Nebraska, having its principal place of business in Omaha, Nebraska. Upon information and belief, Catholic Mutual operates in the State of Minnesota and sold certificates providing coverage to the Diocese in Minnesota for certain time frames during which the underlying claimants allege abuse.

**ANSWER:** Catholic Mutual admits the allegations of paragraph 7.

8. Upon information and belief, Fireman's Fund is a corporation organized under the laws of the State of California, with its principal place of business located in Novato, California. Upon information and belief, Fireman's Fund operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese in Minnesota for certain time frames during which the underlying claimants allege abuse.

**ANSWER:** Paragraph 8 contains allegations regarding Fireman's Fund, which Catholic Mutual is required neither to admit nor deny. Answering further, Catholic Mutual lacks knowledge or information sufficient to form a belief as to the truth of the Diocese's allegations against Fireman's Fund.

9. Upon information and belief, CNA is a corporation organized under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois. Upon information and belief, CNA is the service mark for The Continental Insurance Company, which acquired responsibility for insurance policies issued to the Diocese in Minnesota by Fireman's Insurance Company of Newark, New Jersey for certain time frames during which the underlying claimants allege abuse.

**ANSWER:** Paragraph 9 contains allegations regarding CNA, which Catholic Mutual is required neither to admit nor deny. Answering further, Catholic Mutual lacks knowledge or information sufficient to form a belief as to the truth of the Diocese's allegations against CNA.

10. Upon information and belief, Church Mutual is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Wisconsin. Upon information and belief, Church Mutual sold one or more insurance policies to one or more parishes in Minnesota that list the Diocese as an additional named insured for certain time frames during which the underlying claimants allege abuse.

**ANSWER:** Paragraph 10 contains allegations regarding Church Mutual, which Catholic Mutual is required neither to admit nor deny. Answering further, Catholic Mutual lacks knowledge or information sufficient to form a belief as to the truth of the Diocese's allegations against Church Mutual.

## JURISDICTION AND VENUE

11. On or about December 7, 2015, the Diocese filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

**ANSWER:** Catholic Mutual admits the allegations of paragraph 11.

12. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Diocese continues to operate and manage their property as debtors-in-possession.

**ANSWER:** Catholic Mutual admits the allegations of paragraph 12.

13. This Court has personal jurisdiction over each Defendant because each Defendant has sufficient contacts with the State of Minnesota. Further, each otherwise availed itself of the markets of Minnesota.

**ANSWER:** Paragraph 13 calls for legal conclusions that Catholic Mutual is required to neither admit nor deny. Should a response be required, Catholic Mutual admits that it has issued certificates of insurance to certain Catholic entities located within the State of Minnesota. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 13, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334(b).

**ANSWER:** Catholic Mutual admits that the Court has jurisdiction of this matter. The remaining allegations of paragraph 14 constitute legal conclusions that Catholic Mutual is required neither to admit nor deny.

15. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in certain policies and rights under said policies of insurance, under 11 U.S.C. § 541.

**ANSWER:** Paragraph 15 alleges numerous legal conclusions that Catholic Mutual is required to neither admit nor deny.

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b) because a substantial part of the events or omissions giving rise to the dispute occurred in this District, including the issuance of the respective Policies at issue.

**ANSWER:** Catholic Mutual admits the allegations of paragraph 16.

**THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE**

17. Upon information and belief, at various times from at least 1958 to the present, in consideration of premiums paid by the Diocese or parishes on its behalf as an additional named insured, the Insurers, among others, sold or acquired responsibility for primary general liability insurance policies and certificate sold to the Diocese, as well as certain umbrella and/or excess liability policies and certificates (the "Insurance Policies and Certificates").

**ANSWER:** Catholic Mutual admits that it issued certain coverage certificates to the Diocese and certain parishes within the Diocese at various times starting in the 1960's and continuing to

5

the present. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 17, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

18. Upon information and belief, each of the Insurance Policies and Certificates requires the Insurers to pay on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a result of bodily injury, as long as any part of the injury took place during the policy period.

**ANSWER:** Paragraph 18 calls for legal conclusions that Catholic Mutual is required to neither admit nor deny. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese speak for themselves. Catholic Mutual denies the allegations of paragraph 18 to the extent they are inconsistent with or inaccurately portray said terms, coverages, conditions and exclusions. Answering further, Catholic Mutual denies the allegations in paragraph 18 to the extent they are inconsistent with the proposition that if bodily injury occurs over multiple periods, and in only some of those periods is there coverage under certificates issued by Catholic Mutual, damages will be prorationed between covered and non-covered periods. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 18, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

19. Upon information and belief, each of the Insurance Policies and Certificates also requires the Insurers to pay all defense costs and expenses, including attorney's fees, incurred by the Diocese in the investigation and defense of the Underlying Actions and Claims. This obligation applies even if the allegations against the Diocese are groundless, false, or fraudulent.

**ANSWER:** Paragraph 19 calls for legal conclusions that Catholic Mutual is required to neither admit nor deny. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese speak for themselves. Catholic Mutual denies the allegations of paragraph 19 to the extent they are

inconsistent with or inaccurately portray said terms, coverages, conditions and exclusions. Answering further, Catholic Mutual denies the allegations of paragraph 19 to the extent they allege that Catholic Mutual has any duty to defend or investigate claims in which no instance of physical sexual abuse is alleged to have taken place in Catholic Mutual's certificate periods. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 19, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

20. Upon information and belief, the Diocese or parishes on its behalf as an additional named insured timely paid all premiums due under the Insurance Policies and Certificates.

**ANSWER:** Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 20, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual. With respect to certificates issued by Catholic Mutual to the Diocese, Catholic Mutual denies that the parishes are additional named insureds. Catholic Mutual affirmatively states that parishes within the Diocese are protected parties under the certificates it issued to the Diocese. Answering further, with respect to certificates issued by Catholic Mutual to parishes within the Diocese naming the Diocese or Bishop of Duluth as an insured, the Diocese or Bishop of Duluth is only an additional named insured for allegations arising out of the operations of the covered parish.

## THE UNDERLYING ACTIONS

21. The Underlying Actions and Claims contain allegations against the Diocese. The claimants in the Underlying Actions and Claims allege that the Diocese was negligent and the claimants suffered injuries resulting from alleged sexual abuse.

**ANSWER:** Catholic Mutual admits that the Diocese has been named as a defendant in numerous lawsuits and is subject to numerous claims in bankruptcy, which the Diocese refers to as the "Underlying Actions and Claims." The remaining allegations of paragraph 21 attempt to

7

characterize the allegations in these Underlying Actions and Claims, which documents speak for themselves. To the extent the allegations of paragraph 21 are inconsistent with or inaccurately portray the Underlying Actions and Claims, those allegations are denied.

22. The Diocese timely notified Defendants of the Underlying Actions and Claims and at all times has cooperated with the Insurers' reasonable requests.

**ANSWER:** Paragraph 22 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Should a response be required, Catholic Mutual admits that the Diocese timely notified it of certain lawsuits and claims. Catholic Mutual lacks knowledge or information sufficient to form a belief as to the truth of the Diocese's remaining allegations directed against it. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 22, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

23. The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies and Certificates with respect to the Underlying Actions and Claims.

**ANSWER:** Paragraph 23 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese speak for themselves. Should a response be required, Catholic Mutual lacks knowledge or information sufficient to form a belief as to the truth the Diocese's allegations directed against it. Catholic Mutual is not required to admit or deny the allegations of paragraph 23, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

24. The Diocese is entitled to all benefits provided by the Insurance Policies and Certificates.

**ANSWER:** Paragraph 24 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Answering further, Catholic Mutual states that the terms, coverages, conditions

8

and exclusions contained in the coverage certificates it issued to the Diocese speak for themselves. Should a response be required, Catholic Mutual denies the allegations of paragraph 24 to the extent they allege that the Diocese is entitled to benefits from Catholic Mutual for the terms of other insurers' policies. Catholic Mutual further states that it is not required to admit or deny the allegations of paragraph 24, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

25.   The Underlying Actions are covered by the Insurance Policies and Certificates.

**ANSWER:**   Paragraph 25 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny.  Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese speak for themselves.  Should a response be required, Catholic Mutual denies the allegations of paragraph 25 to the extent they allege that Catholic Mutual has any obligations with respect to claims in which no instance of alleged physical sexual abuse took place in Catholic Mutual's certificate periods. Catholic Mutual further states that it is not required to admit or deny the allegations of paragraph 25, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

26.   The Insurers have failed to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims, despite the Diocese's timely request that they do so.

**ANSWER:**   Paragraph 26 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Should a response be required, Catholic Mutual denies the allegations in paragraph 26 to the extent they refer to Catholic Mutual's obligations.  Catholic Mutual further states that it is not required to admit or deny the allegations of paragraph 26, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

27. By failing to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims an actual and justiciable claim exists as to all Insurers named as Defendants in this action.

**ANSWER:** Catholic Mutual denies the allegations of paragraph 27 to the extent it alleges that Catholic Mutual has not acknowledged its full coverage obligations. To the extent the remaining allegations of paragraph 27 constitute legal conclusions or relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual, no answer is owed and none is provided.

28. Catholic Mutual has accepted its coverage obligations in connection with the Underlying Actions and Claims, without reservation. Nonetheless, an actual and justiciable claim exists as to Catholic Mutual with regard to certain coverage issues that will affect the amount of coverage limits available pursuant to the Catholic Mutual certificates sold to the Diocese.

**ANSWER:** Catholic Mutual admits the allegations of paragraph 28.

## COUNT I

### Declaratory Judgment Against All Insurers

29. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 28 above with the same force and effect as though fully set forth herein.

**ANSWER:** Catholic Mutual repeats and re-alleges its answers to paragraphs 1 through 28 as if fully set forth herein.

30. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies and Certificates.

**ANSWER:** Paragraph 30 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese, as well as the allegations of the Diocese's Amended Complaint, speak for themselves. Should a response be required, Catholic Mutual admits that the Diocese seeks a judicial determination of the rights and

duties of the Diocese with respect to its insurance coverage. Catholic Mutual is not required to admit or deny the allegations of paragraph 30 to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

31. Pursuant to the terms of the Insurance Policies and Certificates, each of the Insurers is obligated to pay in full the expenditures made by the Diocese to defend itself against and pay the Underlying Actions and Claims.

**ANSWER:** Paragraph 31 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese, as well as the allegations in the Underlying Actions and Claims, speak for themselves. Should a response be required, to the extent paragraph 31 contains allegations of fact directed against Catholic Mutual, those allegations are denied. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 31, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

32. The Insurers have refused to accept their legal obligations to pay in full for the Underlying Actions and Claims.

**ANSWER:** To the extent paragraph 32 alleges legal conclusions, Catholic Mutual has no obligation to admit or deny such allegations. Should a response be required, Catholic Mutual denies the allegations of fact in paragraph 32 to the extent they relate to Catholic Mutual. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 32, to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

33. Specifically, certain Insurers dispute coverage positions that the Diocese alleges including but not limited to:

    a. The Underlying Actions and Claims present a separate occurrence per-victim, per-priest, per-policy year;

      b.      The multi-year Insurance Policies and Certificates provide a separate per occurrence limit of liability in each annual period;

      c.      The Insurance Policies and Certificates' aggregate limits, if any are stated, do not apply to the Underlying Actions and Claims;

      d.      The Professional Services Exclusion included in the insurance policies that Liberty Mutual's predecessor sold to the Diocese does not apply to the Underlying Actions and Claims; and

      e.      A Great American Insurance Company insurance policy, for which Liberty Mutual acquired responsibility, provides $1 million per occurrence of bodily injury coverage to the Diocese from 1964 to 1967.

**ANSWER:** Catholic Mutual admits that certain insurers dispute coverage positions that the Diocese alleges. With the respect to the individual examples set forth in paragraph 33 of the Amended Complaint:

      a.      The allegations in paragraph 33(a) constitute legal conclusions to which no response is required. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese, as well as the allegations in the Underlying Actions and Claims, speak for themselves. Should a response be required, Catholic Mutual admits that, under the occurrence-based certificates it issued to the Diocese, claims that fall within a period covered by its certificates present a separate occurrence per-victim, per-priest, per-policy year. Answering further, Catholic Mutual admits that claims made during periods covered by Catholic Mutual's claims made certificates present a separate occurrence per-victim, per priest, per policy year. Catholic Mutual is not required to admit or deny the remaining

        allegations of paragraph 33(a), to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

    b.    The allegations in paragraph 33(b) constitute legal conclusions to which no response is required. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese, as well as the allegations in the Underlying Actions and Claims, speak for themselves. Should a response be required, Catholic Mutual admits that any multi-year, occurrence-based certificates it issued to the Diocese provide a separate per occurrence limit of liability in each annual period. Answering further, Catholic Mutual denies that it has issued any multi-year claims-made certificates. Catholic Mutual is not required to admit or deny the remaining allegations of paragraph 33(b), to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

    c.    The allegations in paragraph 33(c) constitute legal conclusions to which no response is required. Answering further, Catholic Mutual states that the terms, coverages, conditions and exclusions contained in the coverage certificates it issued to the Diocese, as well as the allegations in the Underlying Actions and Claims, speak for themselves. Should a response be required, Catholic Mutual denies the remaining allegations of paragraph 33(c) to the extent they relate to Catholic Mutual. Catholic Mutual is not required to admit or deny the remaining allegations of

        paragraph 33(c), to the extent they relate to Liberty Mutual, Fireman's Fund, CNA, and Church Mutual.

    d.    With respect to 33(d), Catholic Mutual does not respond because the allegations contained therein do not relate to Catholic Mutual.

    e.    With respect to 33(e), Catholic Mutual does not respond because the allegations contained therein do not relate to Catholic Mutual.

34. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** Paragraph 34 alleges numerous legal conclusions that Catholic Mutual is required to neither admit nor deny.

35. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

**ANSWER:** Paragraph 35 alleges legal conclusions that Catholic Mutual is required to neither admit nor deny. Should a response be required, Catholic Mutual lacks information or knowledge sufficient to respond to the allegations of paragraph 35 to the extent they relate to Catholic Mutual.

**First Affirmative Defense**

36. To the extent that the entirety of the harm alleged by any claimant in what the Diocese has defined as the Underlying Actions and Claims occurred prior to the inception date or after the expiration date of the certificates it issued to the Diocese, Catholic Mutual has no

14

obligation to defend or indemnify the Diocese or to contribute to payment of defense or indemnity costs associated with those actions under the certificates.

### Second Affirmative Defense

37. To the extent that the harm alleged by any claimant in what the Diocese has defined as the Underlying Actions and Claims does not constitute "bodily injury," and/or "personal injury" as those terms are defined in the Catholic Mutual certificates, the Diocese fails to state a cause of action for which relief may be granted under any of these certificates.

### Third Affirmative Defense

38. The coverage certificates issued to the Diocese by Catholic Mutual for the coverage periods from April 1, 1982 to April 1, 1990, contain provisions limiting the amount of Catholic Mutual's liability in the event other insurance is available to the Diocese. These certificates also provide that Catholic Mutual shall be subrogated to the extent of any payment it makes thereunder to the Diocese's rights of recovery against any other persons. The Diocese is prohibited from taking any actions to prejudice Catholic Mutual's subrogation rights.

### Fourth Affirmative Defense

39. There is no coverage under the Catholic Mutual certificates for any punitive, exemplary or like damages that might be assessed against the Diocese in what the Diocese has defined as the Underlying Actions and Claims.

### Fifth Affirmative Defense

40. Catholic Mutual continues research and investigation in this matter and reserves the right to seek leave to supplement and amend its defenses and answers herein.

Dated: December 19, 2016

        **SCHIFF HARDIN LLP**

        By: /e/ David M. Spector
        David M. Spector, *pro hac vice*
        Everett J. Cygal, *pro hac vice*
        233 S. Wacker, Suite 6600
        T: 312.258.5500
        F: 312.258.5600
        Email: dspector@schiffhardin.com
        ecygal@schiffhardin.com

        and

        **BARNES & THORNBURG LLP**

        By: /e/ Connie A. Lahn
        Connie Lahn (Bar No. 0269219)
        225 South Sixth Street
        Suite 2800
        Minneapolis, MN 55402-4662
        T. 612.367.8706
        F. 612.333.6798
        Email: connie.lahn@btlaw.com

        *Counsel for Catholic Mutual Relief Society of America*

CH2\19101229