# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| v. | Adversary Proceeding No.: 16-05012 |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation [sic], | |
| Defendants. | |

## THE CONTINENTAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM AND CROSS-CLAIMS

10986201

Defendant The Continental Insurance Company ("Continental") for its Answer and Affirmative Defenses to plaintiff Diocese of Duluth's ("Plaintiff") First Amended Complaint, hereby states as follows:

## ANSWER

### Nature of Action

1.      This is an action for declaratory judgment, seeking a declaration of the rights, duties, and liabilities of the parties regarding certain insurance policies and certificates that defendants Liberty Mutual Group ("Liberty Mutual"), Catholic Mutual Relief Society of America ("Catholic Mutual"), Fireman's Fund Insurance Company ("Fireman's Fund"), The Continental Insurance Company ("CNA"), and Church Mutual Insurance Company ("Church Mutual") (collectively, the "Insurers") sold or for which the Insurers acquired responsibility. Further, this is an action seeking declaratory relief to determine the extent of the rights of the above-named Debtor in said insurance policies and certificates and the extent to which that interest may be property of the estate under 11 U.S.C. § 541.

**ANSWER:  Continental admits that Plaintiff has brought this action for declaratory judgment and declaratory relief as described in Paragraph 1, but denies that Plaintiff is entitled to the relief sought.**

2.      The Diocese is a Roman Catholic diocese in Minnesota, with the episcopal see in Duluth, Minnesota. The Diocese was established on October 3, 1889 by Pope Leo XIII and encompasses ten counties in northeastern Minnesota.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies those allegations.**

3.      Effective May 25, 2013, the Minnesota Legislature enacted the Minnesota Child Victims Act, Minn. Stat. § 541.073, which allowed for previously time-barred claims alleging abuse to be filed until May 25, 2016.

**ANSWER:  Continental admits that effective May 25, 2013, the**

**Minnesota Legislature enacted the Minnesota Child Victims Act, Minn. Stat.**

**§ 541.073 but further states that the description thereof is incomplete and therefore**

**inaccurate, and on that basis Continental denies those allegations.**

4.      As a result of the Minnesota Child Victims Act, multiple claims and suits alleged that the Diocese is liable for damages stemming from its purported negligence in connection with the alleged sexual abuse injuries (the "Underlying Actions and Claims").

**ANSWER:  Continental admits that following passage of the**

**Minnesota Child Victims Act, multiple claims and suits were filed against Plaintiff**

**alleging, inter alia, Plaintiff's negligence in connection with alleged sexual abuse**

**injuries.**

## THE PARTIES

5.      The Diocese is a Minnesota diocesan religious corporation with its principal place of business in Duluth, Minnesota.

**ANSWER:  Continental lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in Paragraph 5**

**and, therefore, denies those allegations.**

6.      Upon information and belief, Liberty Mutual is a corporation organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts. Upon information and belief, Liberty Mutual operates in the State of Minnesota and, through a corporate transaction between Great American Insurance Company and Ohio Casualty Company, acquired responsibility for insurance policies issued to the Diocese in Minnesota by Agricultural Insurance Company and American Empire Insurance Company for certain time frames during which the underlying claimants allege abuse.

**ANSWER:  Continental lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in Paragraph 6**

**and, therefore, denies those allegations.**

7.      Upon information and belief, Catholic Mutual is a self-insurance fund of the Roman Catholic Church in North American and is organized as a not for profit corporation under the laws of Nebraska, having its principal place of business in Omaha, Nebraska. Upon information and belief, Catholic Mutual operates in the State of Minnesota and sold certificates providing coverage to the Diocese in Minnesota for certain time frames during which the underlying claimants allege abuse.

**ANSWER:  Continental lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in Paragraph 7**

**and, therefore, denies those allegations.**

10986201

8.     Upon information and belief, Fireman's Fund is a corporation organized under the laws of the State of California, with its principal place of business located in Novato, California. Upon information and belief, Fireman's Fund operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese in Minnesota for certain time frames during which the underlying claimants allege abuse.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies those allegations.**

9.     Upon information and belief, CNA is a corporation organized under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois. Upon information and belief, CNA is the service mark for The Continental Insurance Company, which acquired responsibility for insurance policies issued to the Diocese in Minnesota by Fireman's Insurance Company of Newark, New Jersey for certain time frames during which the underlying claimants allege abuse.

**ANSWER:  Continental denies that it is a corporation organized under the laws of the State of Illinois.  Continental admits that its principal place of business is located in Chicago, Illinois.  Continental notes that the "CNA" as used in the second sentence conflicts with the definition "CNA" as defined in Paragraph 1 of the complaint.  Continental admits that "CNA" is a service mark registered by CNA Financial Corporation with the United States Patent and Trademark Office and that certain CNA Financial Corporation subsidiaries use the "CNA" service mark in connection with insurance underwriting and claims activities.  Continental denies the remainder of the allegations contained in Paragraph 9.**

10.     Upon information and belief, Church Mutual is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Wisconsin. Upon information and belief, Church Mutual sold one or more insurance policies to one or more parishes in Minnesota that list the Diocese as an additional named insured for certain time frames during which the underlying claimants allege abuse.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies those allegations.**

## JURISDICTION AND VENUE

11.     On or about December 7, 2015, the Diocese filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

**ANSWER:  Continental admits the allegations contained in Paragraph 11.**

12.     Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Diocese continues to operate and manage their property as debtors-in-possession.

**ANSWER:  Continental admits the allegations contained in Paragraph 12.**

13.     This Court has personal jurisdiction over each Defendant because each Defendant has sufficient contacts with the State of Minnesota. Further, each otherwise availed itself of the markets of Minnesota.

**ANSWER:  Continental admits that this Court has personal jurisdiction over it.  Continental lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding other Defendants and, therefore, denies those allegations.**

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334(b).

**ANSWER:  Continental admits that this Court has subject matter jurisdiction due to this matter's relationship to a pending bankruptcy case but denies that this Court has the authority to enter a final judgment in this adversary proceeding.[1]**

15.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in certain policies and rights under said policies of insurance, under 11 U.S.C. § 541.

**ANSWER:  Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Continental denies that the relief sought by the plaintiff in the complaint is "core," Continental states that the relief sought by the plaintiff in the complaint is "non-core," and Continental respectfully does not consent to the entry of final orders or judgment by the bankruptcy judge.  Further answering, to the extent that any part**

---

[1] Together with this pleading, Continental will be filing a motion to transfer, and it reserves the right to file a motion to withdraw the reference, consistent with the Local Rules.

**of the relief sought by the plaintiff in the complaint is statutorily designated as**

**"core" under 28 U.S.C. sec. 157(b) or determined to be core by a court of competent**

**jurisdiction, Continental objects to the designation and treatment of this proceeding**

**as core to the extent inconsistent with the requirements of Article III of the U.S.**

**Constitution and *Stern v. Marshall*, 131 S. Ct. 2594 (2011) , and its progeny.  Further**

**answering, Continental states that Section 541 of the Bankruptcy Code speaks for**

**itself.  Continental denies the remaining allegations contained in Paragraph 15 of the**

**complaint.**

16.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and
1391(b) because a substantial part of the events or omissions giving rise to the dispute
occurred in this District, including the issuance of the respective Policies at issue.

**ANSWER:  Continental admits the allegations contained in**

**Paragraph 16.**

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE

## DIOCESE

17.     Upon information and belief, at various times from at least 1958 to
the present, in consideration of premiums paid by the Diocese or parishes on its behalf
as an additional named insured, the Insurers, among others, sold or acquired
responsibility for primary general liability insurance policies and certificate sold to the
Diocese, as well as certain umbrella and/or excess liability policies and certificates (the
"Insurance Policies and Certificates").

**ANSWER: Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 that relate to other defendants, and therefore, denies those allegations. Continental admits that the Diocese purchased certain primary and umbrella policies from Fireman's Insurance Company of Newark, New Jersey. Continental denies the remaining allegations contained in Paragraph 17.**

18.     Upon information and belief, each of the Insurance Policies and Certificates requires the Insurers to pay on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a result of bodily injury, as long as any part of the injury took place during the policy period.

**ANSWER: Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 that relate to other defendants, and therefore, denies those allegations. Continental denies the remaining allegations contained in Paragraph 18.**

19.     Upon information and belief, each of the Insurance Policies and Certificates also requires the Insurers to pay all defense costs and expenses, including attorney's fees, incurred by the Diocese in the investigation and defense of the Underlying Actions and Claims. This obligation applies even if the allegations against the Diocese are groundless, false, or fraudulent.

**ANSWER: Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19**

10986201

that relate to other defendants, and therefore, denies those allegations.  Continental

denies the remaining allegations contained in Paragraph 19.

20.     Upon information and belief, the Diocese or parishes on its behalf
as an additional named insured timely paid all premiums due under the Insurance
Policies and Certificates.

ANSWER:  Continental lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 20

and, therefore, denies those allegations.

## THE UNDERLYING ACTIONS

21.     The Underlying Actions and Claims contain allegations against the
Diocese. The claimants in the Underlying Actions and Claims allege that the Diocese
was negligent and the claimants suffered injuries resulting from alleged sexual abuse.

ANSWER:  Continental admits the allegations in Paragraph 21.

22.     The Diocese timely notified Defendants of the Underlying Actions
and Claims and at all times has cooperated with the Insurers' reasonable requests.

ANSWER:  Continental lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 22

that relate to other defendants, and therefore, denies those allegations.  Continental

denies the remaining allegations contained in Paragraph 22.

10986201                                        10

23.    The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies and Certificates with respect to the Underlying Actions and Claims.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations in Paragraph 23.**

24.    The Diocese is entitled to all benefits provided by the Insurance Policies and Certificates.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations in Paragraph 24.**

25.    The Underlying Actions are covered by the Insurance Policies and Certificates.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations contained in Paragraph 25.**

26.     The Insurers have failed to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims, despite the Diocese's timely request that they do so.

**ANSWER:  Continental lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in Paragraph 26**

**that relate to other defendants, and therefore, denies those allegations.  Continental**

**denies the remaining allegations contained in Paragraph 26.**

27.     By failing to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims an actual and justiciable claim exists as to all Insurers named as Defendants in this action.

**ANSWER:  Continental lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in Paragraph 27**

**that relate to other defendants, and therefore, denies those allegations.  Continental**

**denies the remaining allegations contained in Paragraph 27.**

28.     Catholic Mutual has accepted its coverage obligations in connection with the Underlying Actions and Claims, without reservation. Nonetheless, an actual and justiciable claim exists as to Catholic Mutual with regard to certain coverage issues that will affect the amount of coverage limits available pursuant to the Catholic Mutual certificates sold to the Diocese.

**ANSWER:  Continental lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in Paragraph 28**

**and, therefore, denies those allegations.**

10986201

<u>COUNT I</u>

**Declaratory Judgment Against All Insurers**

29.    The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 28 above with the same force and effect as though fully set forth herein.

**ANSWER:  Continental repeats and hereby incorporates each and every answer to the allegations of the First Amended Complaint set forth in Paragraphs 1 through 28 as if fully set forth fully herein.**

30.    The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies and Certificates.

**ANSWER:  Continental admits the Diocese seeks the determination described in Paragraph 30 but denies that it is entitled to such relief.**

31.    Pursuant to the terms of the Insurance Policies and Certificates, each of the Insurers is obligated to pay in full the expenditures made by the Diocese to defend itself against and pay the Underlying Actions and Claims.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations contained in Paragraph 31.**

32.     The Insurers have refused to accept their legal obligations to pay in full for the Underlying Actions and Claims.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations contained in Paragraph 32.**

33.     Specifically, certain Insurers dispute coverage positions that the Diocese alleges including but not limited to:

(a)     The Underlying Actions and Claims present a separate occurrence per-victim, per-priest, per-policy year;

(b)     The multi-year Insurance Policies and Certificates provide a separate per occurrence limit of liability in each annual period;

(c)     The Insurance Policies and Certificates' aggregate limits, if any are stated, do not apply to the Underlying Actions and Claims;

(d)     The Professional Services Exclusion included in the insurance policies that Liberty Mutual's predecessor sold to the Diocese does not apply to the Underlying Actions and Claims; and

(e)     A Great American Insurance Company insurance policy, for which Liberty Mutual acquired responsibility, provides $1 million per occurrence of bodily injury coverage to the Diocese from 1964 to 1967.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations contained in Paragraph 33.**

10986201

34.     An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:  Continental admits that an actual controversy of justiciable nature presently exists as described in Paragraph 34 but denies that the Diocese is entitled to the relief it seeks.**

35.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

**ANSWER:  Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 that relate to other defendants, and therefore, denies those allegations.  Continental denies the remaining allegations contained in Paragraph 35.**

## PRAYER FOR RELIEF

WHEREFORE, the Diocese prays for judgment as follows:

36.     On Count I, the Diocese requests that this Court enter a declaratory judgment in favor of the Diocese against each of the Insurers including but not limited to the issues delineated above in paragraph 33;

**ANSWER: Continental denies that Plaintiff is entitled to the relief sought in Paragraph 36.**

37.     On all claims for relief, the Diocese requests that this Court enter judgment in favor of the Diocese against each of the Insurers severally for all costs incurred in bringing this action, including attorney's fees;

**ANSWER:  Continental denies that Plaintiff is entitled to the relief sought in Paragraph 37.**

38.     Additionally, the Diocese requests such other and further relief as this Court may deem just and proper.

**ANSWER:  Continental denies that Plaintiff is entitled to the relief sought in Paragraph 38.**

**JURY TRIAL DEMANDED**

## AFFIRMATIVE DEFENSES

Subject to and without waiving any response set forth above, Continental hereby sets forth its separate and distinct defenses to the Complaint.  Continental sets forth the following matters to apprise the Diocese of certain potentially applicable defenses.  By listing any matter as an affirmative defense, Continental does not assume the burden of proving any matter upon which the Diocese bears the burden of proof under applicable law:

10986201

## FIRST AFFIRMATIVE DEFENSE
### (Policy Terms, Exclusions, Conditions, and Limitations)

To the extent that the Complaint seeks a declaration of Continental's coverage obligations with regard to the Underlying Actions and Claims, such coverage may be barred, in whole or in part, by the terms, exclusions, conditions, limitations, and other provisions contained in or incorporated by reference in the insurance policies that the Diocese alleges Continental issued to it (the "Alleged Policies").

## SECOND AFFIRMATIVE DEFENSE
### (Events Do Not Constitute an Occurrence(s))

To the extent that the Complaint seeks a declaration of Continental's coverage obligations with regard to the Underlying Actions and Claims, such coverage may be barred, in whole or in part, to the extent that the events giving rise to the Underlying Actions and Claims do not constitute an "accident" or "occurrence" within the meaning of that term as defined in the Alleged Policies.

## THIRD AFFIRMATIVE DEFENSE
### (Expected or Intended Injury or Damage)

To the extent that the Complaint seeks a declaration of Continental's coverage obligations with regard to the Underlying Actions and Claims, such coverage may be barred, in whole or in part, to the extent that the Diocese expected or intended the injury or damage alleged in the Underlying Actions and Claims.

### FOURTH AFFIRMATIVE DEFENSE
**(Intentional Conduct)**

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese seeks coverage for damages

resulting from its intentional or willful conduct.

### FIFTH AFFIRMATIVE DEFENSE
**(Violation of Law and/or Public Policy)**

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, coverage may be barred,

in whole or in part, to the extent that the Diocese seeks coverage under the Alleged

Policies for its acts or failures to act that were in violation of law and/or public policy.

### SIXTH AFFIRMATIVE DEFENSE
**(Insurance Provided in Reliance upon Misrepresentations or Omissions)**

To the extent that the Diocese or its agents, representatives or brokers failed to disclose,

concealed, misrepresented or omitted material information or facts pertinent to the risks

undertaken by Continental, including but not limited to knowledge that certain priests

of the Diocese had sexually molested minors in a manner that could result in claims

against the Diocese, the Alleged Policies are void *ab initio*.  Continental reserves the

right to seek rescission or reformation of the Alleged Policies if facts disclosed in

discovery so warrant.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Coverage for Fines or Penalties)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese seeks coverage for statutory,

civil, or criminal fines or penalties.

## EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese seeks coverage for punitive

damages awarded against the Diocese.

## NINTH AFFIRMATIVE DEFENSE
### (Pre-Existing Condition; Fortuity)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese's claims and alleged damages

arise out of conditions that existed, or an accident or occurrence that was underway, at

the time the Alleged Policies were issued to the Diocese.

## TENTH AFFIRMATIVE DEFENSE
### (Damage Not Within Policy Periods)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

10986201

19

barred, in whole or in part, to the extent that the Diocese seeks coverage for damages or

injury occurring prior to or after each alleged Continental Insurer's policy period.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Named Insureds)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that damages in the Underlying Actions and

Claims are attributable to entities that were not named insureds or "insureds" as

defined in the Alleged Policies.

## TWELFTH AFFIRMATIVE DEFENSE
### (Voluntary Payments; Assumed Obligations; Incurred Expenses)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese seeks coverage for voluntary

payments, assumed obligations and/or incurred expenses.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Limits of Liability)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, by application of the Alleged Policies' limits of liability,

including limits per person, per accident, per occurrence, and/or in the aggregate, all as

set forth in the Alleged Policies.

10986201

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Missing or Incomplete Policies)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese is unable to meet its burden of

proving the material terms and conditions of the Alleged Policies.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Bodily Injury)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese fails to prove the Underlying

Actions and Claims allege and involve "bodily injury" within the meaning of the

Alleged Policies, resulting from acts or omissions of the Diocese.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Notice of Occurrence)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, by the Diocese's failure to provide timely notice of accident

or occurrence as required by the Alleged Policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Notice of Claim)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, by the Diocese's failure to provide timely notice of claims as required by the Alleged Policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Loss Payable – No Action)

To the extent that the Complaint seeks a declaration of Continental's coverage obligations with regard to the Underlying Cases, such coverage may be barred, in whole or in part, to the extent that amounts for which the Diocese seeks coverage were not finally determined either by judgment against the Diocese after actual trial, or by written agreement of the Diocese, the claimant, and Continental.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Allocation)

In the event the Court finds coverage under the Alleged Policies, whether in whole or in part, Continental is entitled to have liability allocated, whether in whole or in part, to other responsible insurers, including, without limitation, any self-insured retentions deductibles, and/or uninsured periods for which the Diocese is responsible.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Cooperate)

To the extent that the Complaint seeks a declaration of Continental's coverage obligations with regard to the Underlying Actions and Claims, such coverage may be barred, in whole or in part, to the extent that the Diocese has breached provisions of the Alleged Policies requiring the insured's assistance and cooperation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Other Insurance)

To the extent that the Complaint seeks a declaration of Continental's coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, by the "other insurance" provisions in the Alleged Policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Exhaustion)

To the extent that the Complaint seeks a declaration of Continental's excess coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, because underlying insurance has not been exhausted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Expenses Covered by Underlying Insurance)

To the extent that the Complaint seeks a declaration of Continental's excess coverage

obligations with regard to the Underlying Actions and Claims, such coverage may be

barred, in whole or in part, to the extent that the Diocese seeks coverage for expenses of

settlement, adjustment, investigation, or defense of claims that are covered by

underlying insurance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Laches)

The Diocese's claims and the Underlying Actions and Claims may be barred, in whole

or in part, by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

The Diocese's claims and the Underlying Actions and Claims may be barred, in whole

or in part, by the doctrine of equitable estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

The Diocese's claims and the Underlying Actions and Claims may be barred, in whole

or in part, by the doctrine of waiver.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

The Diocese's claims and the Underlying Actions and Claims may be barred, in whole

or in part, by the doctrine of judicial estoppel.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Insufficient Pleading)

The Diocese has not pled its allegations with sufficient particularity to permit

Continental to determine all applicable defenses.  Therefore, Continental reserves the

right to assert additional defenses once all such information, including complete copies

of all insurance policies, are obtained through discovery and investigation.  Continental

also reserves the right to rely upon any affirmative defense stated by another defendant.

10986201

## COUNTERCLAIM AND CROSS-CLAIMS FOR DECLARATORY RELIEF

Counterclaimant and Cross-Claimant The Continental Insurance Company,

("Continental"), alleges the following:

1.      In May 2013, following lobbying by victims' rights groups such as the

National Center for the Victims of Crime and the Minnesota Coalition Against Sexual

Assault, as well as claimants' attorney Jeff Anderson, the State of Minnesota enacted the

Child Victims Act (Minn. Stat. § 541.073).  This Act eliminated, for three years, the

statute of limitations on any claims for damages based on sexual abuse of a minor,

except for claims based on vicarious liability or respondeat superior.  This three-year

period is called the "Reviver Period."

2.      The Diocese of Duluth ("Diocese"), is named as a defendant in many

claims and bankruptcy claims filed pursuant the Child Victims Act.

3.      In these suits and claims (collectively the "Underlying Actions and

Claims"), individuals recount tales of childhood sexual abuse by priests and lay

employees of the Diocese.

4.      Some of these Underlying Actions and Claims seek damages for alleged

abuse dating back many decades.  At the time, the plaintiffs were children, and the

alleged perpetrators were adults.  The supervisors of the alleged perpetrators were

typically more senior members of the Diocesan clergy.  Due to the passage of time,

10986201

many of the oldest claims seek damages for conduct by long-dead supervisors of the

alleged perpetrators.

5.      The Diocese asserts that insurance policies allegedly issued by the insurer

defendants provide coverage for the damages caused by the childhood sexual abuse

alleged in the Underlying Actions and Claims.  The Diocese also asserts that the

primary insurers are obliged to provide a defense for the Underlying Actions and

Claims.

6.      This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and

2202 seeking a judicial determination of rights of the parties under policies issued to the

Diocese.  As described below, an actual and justiciable controversy exists regarding the

extent of Continental's obligations to the Diocese with respect to the Underlying

Actions and Claims.  Because rulings as to coverage potentially have implications that

would affect the Diocese's coverage and in order to obtain comprehensive declarations

and minimize the possibility of inconsistent rulings on similar policy terms or

underlying facts, Continental have brought cross-claims against the other insurer

defendants.

### PARTIES

### Cross-Claimant and Counterclaimant

7.      Cross-Claimant and Counterclaimant Continental is a Pennsylvania

corporation with its principal place of business in Chicago, Illinois.  Continental

conducts its insurance business throughout the United States and is authorized to, and

does, transact business in the State of Minnesota.

### Counter-Defendant Diocese

8.      On information and belief, the Diocese is a Minnesota not-for-profit

corporation with a principal place of business in Minnesota.  The Diocese is authorized

to, and does, transact business in the state of Minnesota.

9.      On information and belief, the Bishop is the top official of the Diocese and

is given authority over all matters within the Diocese as a result of his position and has

authority over all Roman Catholic clerics within the Diocese.  The Diocese functions as a

business by engaging in numerous revenue-producing activities and soliciting money

from its members in exchange for its services.  The Diocese has long sponsored

programs that seek out the participation of children in its activities.  The Diocese,

through its officials, has control over those activities involving children.  The Diocese

has the power to appoint, supervise, monitor, and terminate employment of each

person working with children within the Diocese.

### Cross-Defendant Insurers

10.     The Diocese asserts that it purchased applicable insurance from the

insurers identified below in Paragraphs 11 to 14.  The Diocese seeks sums from

Continental and the insurers identified in Paragraphs 11 to 14 arising from the

Underlying Actions and Claims.

10986201                        27

11.     On information and belief, Cross-Defendant Liberty Mutual is a

Massachusetts corporation with its primary place of business in Boston, Massachusetts.

It is authorized to, and does, transact business in the State of Minnesota.  On

information and belief, the Diocese seeks coverage under various primary and

umbrella/excess policies allegedly issued by Liberty Mutual to the Diocese.

12.     On information and belief, Cross-Defendant Fireman's Fund Insurance

Company ("FFIC") is a California corporation with its primary place of business in

Novato, California.  It is authorized to, and does, transact business in the State of

Minnesota.  On information and belief, the Diocese seeks coverage under primary

polices allegedly issued by FFIC to the Diocese.

13.     On information and belief, Cross-Defendant Church Mutual is a

Wisconsin corporation with its primary place of business in Merrill, Wisconsin.  It is

authorized to, and does, transact business in the State of Minnesota.  On information

and belief, the Diocese seeks coverage under primary insurance policies allegedly

issued by Church Mutual parishes within the Diocese.

14.     On information and belief, Cross-Defendant Catholic Mutual Relief

Society ("Catholic Mutual") is a Nebraska corporation with its primary place of

business in Omaha, Nebraska.  It is authorized to, and does, transact business in the

State of Minnesota.  On information and belief, the Diocese seeks coverage under

primary and umbrella/excess polices allegedly issued by Catholic Mutual to the

Diocese.

## JURISDICTION AND VENUE

15.    This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and

2202.

16.    The Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the

insurer parties are citizens of different states or foreign jurisdictions from the Diocese,

and the amount in controversy is in excess of $75,000 exclusive of interest and costs.[2]

17.    In addition, the District Court has supplemental jurisdiction under 28

U.S.C. § 1367 as to all parties because the claims against each Cross-Defendant are so

related to the claims in this action that they form part of the same case or controversy.

The District Court also has supplemental jurisdiction under 28 U.S.C. § 1367 and

§ 1334(b) because the claims are related to a case under Title 11 pending in this District.

18.    This Court has personal jurisdiction over each party has sufficient contacts

with the State of Minnesota and has otherwise availed itself of the markets of

Minnesota.

---

[2] Together with this pleading, Continental will be filing a motion to transfer, and it reserves the right to file a motion to withdraw the reference, consistent with the Local Rules.

19.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the dispute occurred in this District.

**FIRST CAUSE OF ACTION**
**(Trigger)**

20.     Continental repeat and incorporate each of the preceding paragraphs as though fully set forth herein.

21.     Upon information and belief, the alleged policies issued by Continental require that the claim arise from damages for which the Diocese is liable arising from an "accident" or "occurrence" during the policy period.

22.     Under Minnesota law, a plaintiff asserting a negligence-based cause of action must establish that the plaintiff's injury was reasonably foreseeable to the defendant.  In the context of the Underlying Actions and Claims, there can be no negligence-based liability for abuse that occurred before the Diocese had the requisite notice; before that date, plaintiffs' injuries were not reasonably foreseeable to the Diocese.

23.     To trigger coverage for sexual abuse causing bodily injury under an accident- or occurrence-based policy, Minnesota law also requires that the abuse occur during the policy period.

24.     As a result, Continental is entitled to a declaration that they have no obligation to provide coverage for negligence-based claims that do not allege post-notice abuse during the policy period.

## SECOND CAUSE OF ACTION
### (Pro Rata Allocation For Indemnity)

25.     Continental repeats and incorporates each of the preceding paragraphs as though fully set forth herein.

26.     Under Minnesota law, where insurers are held consecutively liable for a single occurrence, and there is no evidence allocating the timing of actual damages, the proper method of allocating damages is *pro rata* time on the risk.

27.     Under this method of allocation, each triggered policy bears a share of total damages proportionate to the time period coverage was triggered, and the Diocese must bear its share of any liability for periods in which it had no insurance coverage.

28.     Continental is thus entitled to a declaration that it has no obligation to provide indemnity for any portion of the Underlying Actions and Claims in excess of that calculated using a *pro rata* time on the risk approach.

## THIRD CAUSE OF ACTION
### (Scope of the Accidents/Occurrences)

29.     Continental repeats and incorporates each of the preceding paragraphs as though fully set forth herein.

10986201

31

30.     Upon information and belief, the alleged policies issued by Continental contain per-accident or per-occurrence limits of liability.

31.     The Diocese seeks coverage for the negligence-based causes of action in the Underlying Actions and Claims on the theory that the allegedly negligent supervision or retention of a perpetrator was an accident or occurrence giving rise to coverage.

32.     On information and belief, the Diocese's decisions regarding supervision or retention of priests were made on a Diocese-wide or priest-by-priest basis.  The Diocese did not make supervision or retention decisions about priests on a parishioner-by-parishioner basis.  On information and belief, the Diocese's decisions regarding the supervision or retention of employees were also made at the Diocese-wide or employee level and not at the parishioner level.

33.     As a result, Continental is entitled to a declaration that the negligent supervision or retention of all perpetrators constitutes a single occurrence, or, at most, the negligent supervision of each perpetrator constitutes a single occurrence, without regard to the number of children allegedly abused by that perpetrator.

## FOURTH CAUSE OF ACTION
### (Treatment of Multi-Year Policies)

34.     Continental repeats and incorporates each of the preceding paragraphs as though fully set forth herein.

35.     Certain of the alleged Continental policies are multi-year policies.

36.     Absent specific language stating otherwise, accident or occurrence limits in multi-year policies are intended to apply as a single limit for the entire policy period.

37.     The Diocese asserts that the accident or occurrence limits in these policies are annual limits.  In other words, the Diocese asserts that for limits purposes, the three-year policies are treated as three one-year policies, and the two-year policy is treated as two one-year policies.

38.     The Diocese bears the burden of proving the terms of coverage, including all terms relating to application of limits.

39.     Upon information and belief, the alleged policies do not provide that the accident or occurrence limits are annual limits rather than policy-term limits.

40.     Therefore, Continental is entitled to a declaration that the accident or occurrence limits in the Alleged Policies are calculated on a policy-period basis, not an annual basis.

## FIFTH CAUSE OF ACTION
### (No Accident)

41.     Continental repeats and incorporates each of the preceding paragraphs as though fully set forth herein.

42.     Upon information and belief, the alleged policies issued by Continental apply only to accidental events.

43.     Minnesota law defines "accident" as an "unexpected, unforeseen, or undesigned happening from either a known or unknown cause."

44.     Certain of the Underlying Actions and Claims assert damages result from abuse or actions that were expected or foreseen by the Diocese and thus were not "accidents" under Minnesota law.

45.     Because such conduct falls outside the grant of coverage, Continental is entitled to a declaration that they have no obligation to provide coverage for Underlying Actions and Claims that arose from events that were expected or foreseen.

## SIXTH CAUSE OF ACTION
### (Expected Or Intended)

46.     Continental repeats and incorporates each of the preceding paragraphs as though fully set forth herein.

47.     Upon information and belief, the alleged Continental policies do not provide coverage for bodily injuries that were expected and/or intended by the Diocese.

48.     Certain of the Underlying Actions and Claims allege that the damages were expected or foreseen by the Diocese.

49.     Because such damages are excluded, Continental is entitled to a declaration that it has no obligation to provide coverage for Underlying Actions and Claims to the extent that the alleged damages were expected or intended by the Diocese.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract - Late Notice)

50.     Continental repeats and incorporates each of the preceding paragraphs as though fully set forth herein.

51.     Upon information and belief, the alleged policies issued by Continental require the Diocese to provide timely notice of accidents or occurrences that take place during the policy period.  This obligation survives beyond the end of the policy period.

52.     Certain of the Underlying Actions and Claims allege that the Diocese has long been aware of abuse by its priests or employees.  Nevertheless, the Diocese did not provide Continental with notice of any accidents or occurrences until recently, thus breaching its contractual obligations.

53.     The Diocese's failure to provide timely and effective notice of the Underlying Actions and Claims has prejudiced Continental.  It has lost the opportunity to fully assess the nature, severity, and risks of the conduct alleged in the Underlying Actions and Claims.  It is unable to obtain information from key witnesses with relevant knowledge who have died, disappeared, or become incapacitated, and documents have been lost or destroyed.

54.     As a result of such breach by the Diocese of the alleged insurance policies, Continental is entitled to a declaration that the Diocese is not entitled to coverage to the extent the Diocese failed to provide prompt notice of an accident or occurrence.

10986201

WHEREFORE, Continental prays for judgment as follows:

1.       On the First Cause of Action:  for an order declaring that Continental has

no obligation to provide coverage for negligence-based claims that do not

allege post-notice abuse during the policy period;

2.       On the Second Cause of Action:  for an order declaring that Continental

has no obligation to provide indemnity for any portion of the Underlying

Actions and Claims above that calculated using a *pro rata* time on the risk

approach;

3.       On the Third Cause of Action:  that the negligent supervision or retention

of all perpetrators or, at most, each perpetrator constitutes a single

occurrence, without regard to the number of children allegedly abused by

that perpetrator;

4.       On the Fourth Cause of Action:  for an order declaring that the accident or

occurrence limits in the Alleged Policies are calculated on a policy-period

basis and not an annual basis;

5.       On the Fifth Cause of Action:  for an order declaring that Continental has

no obligation to provide coverage for any Underlying Actions and Claims

to the extent that they arose from events that were not unexpected or

unforeseen;

6.      On the Sixth Cause of Action:  for an order declaring that Continental has

no obligation to provide coverage for Underlying Actions and Claims to

the extent that the alleged damages were expected or intended by the

Diocese;

7.      On the Seventh Cause of Action:  for an order declaring that that the

Diocese is not entitled to coverage to the extent the Diocese failed to

provide prompt notice of an accident or occurrence;

8.      Awarding Continental's attorneys' fees and costs, as appropriate; and

9.      Granting such further relief as the Court deems just and proper.


**JURY TRIAL DEMANDED**


Dated:  December 19, 2016           Respectfully submitted,

                                    /s/ Jeanne H. Unger
                                    Jeanne H. Unger (MN #131404)
                                    **BASSFORD REMELE, P. A.**
                                    33 South Sixth Street, Suite 3800
                                    Minneapolis, Minnesota 55402-3707
                                    T:  612-333-3000
                                    F:  612-376-1239
                                    Email:  junger@bassford.com

                                    *and*

                                    /s/ Laura McNally
                                    Laura McNally (*pro hac vice*)

**LOEB & LOEB, LLP**
321 North Clark Street, Suite 2300
Chicago, IL 60610
T:  312-464-3155
F:  312-464-3111
Email:  lmcnally@loeb.com

*and*

/s/ David Christian
David Christian (*pro hac vice*)
**DAVID CHRISTIAN ATTORNEYS LLC**
3515 West 75th Street, Suite 208
Prairie Village, Kansas 66208
T:  913-674-8215
Email:  dchristian@dca.law

*Attorneys for The Continental*
*Insurance Company*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                           Bky Case No.: 15-50792

Diocese of Duluth                                Chapter 11

      Debtor-in-Possession.

---

Diocese of Duluth,                               Adv. Proceeding No. 16-05012

      Plaintiff,

v.

LIBERTY MUTUAL GROUP, a
Massachusetts corporation; CATHOLIC
MUTUAL RELIEF SOCIETY OF
AMERICA, a Nebraska corporation;
FIREMAN'S FUND INSURANCE
COMPANY, a California corporation;
CHURCH MUTUAL INSURANCE
COMPANY, a Wisconsin corporation and
THE CONTINENTAL INSURANCE
COMPANY, an Illinois corporation,

      Defendants.

---

## UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Jeanne H. Unger, an attorney licensed to practice law in this Court, with an office address of 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, declare that on December 19, 2016, I caused the following documents:

- **The Continental Insurance Company's Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, And Counterclaim And Cross-Claims**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to counsel of record registered to receive the same:

In addition, copies of the same were served on the following parties, through their counsel of record, by U.S. Mail:

**Catholic Mutual Relief Society of America**
Everett J. Cygal, Esq.
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
ecygal@shiffhardin.com

**Church Mutual Insurance Company**
Christian A. Preus, Esq.
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
cpreus@bassford.com

**Fireman's Fund Insurance Company**
Charles E. Jones, Esq.
MOSS & BARNETT
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Charles.jones@lawmoss.com

**Liberty Mutual Group**
Nancy Adams, Esq.
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MN 02111
nadams@mintz.com

And I declare, under penalty of perjury, that the foregoing is true and correct.

/s/ Jeanne H. Unger
Jeanne H. Unger (MN #131404)