## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
|       Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
|       Plaintiff, | |
| v. | Adversary Proceeding No.: 16-05012 |
| LIBERTY MUTUAL GROUP, a Massachusetts Corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
|       Defendants. | |

**MOTION TO DETERMINE NON-CORE NATURE OF ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157(b)(3) AND TRANSFER TO THE DISTRICT COURT PURSUANT TO LOCAL BANKRUPTCY RULE 5011-3(a)
AND NOTICE OF HEARING**

TO: The Debtor and other entities specified in Local Bankruptcy Rule 9013-3:

1. Certain insurers who are defendants in the above-captioned adversary proceeding ("Certain Insurers")[1] by their undersigned counsel, hereby move (this "Transfer Motion") the Court for the relief requested below and give notice of a hearing.

2. The Court will hold a hearing on this Transfer Motion on January 26, 2017 at 10:30 a.m., Courtroom 8 West, at the United States Courthouse, at 300 South Fourth Street, Minneapolis, Minnesota.

3. Any response to this Transfer Motion must be filed and served not later than January 21, 2017, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The petition commencing this chapter 11 case was filed on December 7, 2015. The case is now pending before this Court.

5. The basis for the relief sought in this Transfer Motion is Local Rule 5011-3(a). This motion involves the right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(a), which is made applicable here through Federal Rule of Bankruptcy Procedure 9015(a).

6. By this Transfer Motion, Certain Insurers seek an order transferring to the District Court for the District of Minnesota (the "District Court") the above-captioned adversary proceeding (the "Adversary Proceeding") for final adjudication. As discussed more fully in the concurrently filed memorandum of law in support of the Transfer Motion, Certain Insurers have made a timely demand for a jury trial on the claims raised in the Adversary Proceeding, and do not consent to a jury trial on these claims in the Bankruptcy Court. Moreover, the claims raised

---

[1] Certain Insurers include (1) Liberty Mutual Insurance Company, which the First Amended Complaint incorrectly names Liberty Mutual Group ("Liberty Mutual"); (2) The Continental Insurance Company; and (3) Fireman's Fund Insurance Company.

in the Adversary Proceeding are non-core matters that should be adjudicated by the District Court.

WHEREFORE, Certain Insurers respectfully request an order determining that Certain Insurers are entitled to a jury trial; determining that the Adversary Proceeding is non-core; granting the Transfer Motion and transferring the Adversary Proceeding to the District Court; and granting such other relief as the Court deems just and proper.

Dated:  December 19, 2016

        **LIBERTY MUTUAL INSURANCE COMPANY**
        By its attorneys,

        /s/ Teri Bentson
        Teri Bentson  (Bar # 174543)
        **LAW OFFICES OF THOMAS P. STILP**
        701 Xenia Avenue South, Suite 220
        Golden Valley, Minnesota 55416
        T: 763-656-4691
        F: 603-334-7164
        Email: Teri.Bentson@LibertyMutual.com

        *and*

        /s/ Nancy D. Adams
        Nancy D. Adams (*pro hac admission pending*)
        **MINTZ, LEVIN, COHN, FERRIS,**
          **GLOVSKY AND POPEO, P.C.**
        One Financial Center
        Boston, Massachusetts 02111
        T:  617-348-1865
        F:  617-542-2241
        Email: nadams@mintz.com


        **THE CONTINENTAL INSURANCE COMPANY**
        By its attorneys,

        /s/ Jeanne H. Unger
        Jeanne H. Unger (MN #131404)

**BASSFORD REMELE, P. A.**
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
T:  612-333-3000
F:  612-376-1239
Email:  junger@bassford.com

*and*

/s/ Laura McNally
Laura McNally (*pro hac vice*)
**LOEB & LOEB, LLP**
321 North Clark Street, Suite 2300
Chicago, IL 60610
T:  312-464-3155
F:  312-464-3111
Email:  lmcnally@loeb.com

*and*

/s/ David Christian
David Christian (*pro hac vice*)
**DAVID CHRISTIAN ATTORNEYS LLC**
3515 West 75th Street, Suite 208
Prairie Village, Kansas 66208
T:  913-674-8215
Email:  dchristian@dca.law


**FIREMAN'S FUND INSURANCE COMPANY**
By its attorneys,

/s/ Charles E. Jones
Charles E. Jones (#0202708)
Kelly C. McGinty (#0396327)
**MOSS & BARNETT**
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: 612-877-5259
Facsimile: 612-877-5012
Charles.Jones@lawmoss.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DETERMINE NON-CORE NATURE OF ADVERSARY PROCEEDING
PURSUANT TO 28 U.S.C. § 157(b)(3) AND TRANSFER TO THE DISTRICT COURT
PURSUANT TO LOCAL BANKRUPTCY RULE 5011-3(a)**

Certain insurers who are defendants in the above-captioned adversary proceeding ("<u>Certain Insurers</u>")[1] hereby submit this memorandum of law in support of their motion (the "<u>Transfer Motion</u>") filed concurrently to determine the non-core nature of this adversary

---

[1] Certain Insurers include (1) Liberty Mutual Insurance Company, which the First Amended Complaint incorrectly names Liberty Mutual Group ("Liberty Mutual"); (2) The Continental Insurance Company; and (3) Fireman's Fund Insurance Company.

64606964v.7

proceeding and transfer this proceeding (the "Adversary Proceeding") to the District Court for the District of Minnesota (the "District Court") for a jury trial. As explained below, (1) Certain Insurers have timely demanded a right to a jury trial on the claims raised in the Adversary Proceeding, and do not consent to a jury trial in the Bankruptcy Court; and (2) the claims raised in the Adversary Proceeding are non-core matters that should be adjudicated by the District Court.

The Court should grant this relief now because the avowed purpose in moving forward with the Adversary Proceeding now is "to resolve certain issues impeding settlement."[2] Final orders and any judgment on such issues must come from the District Court because Certain Insurers do not consent to the entry of final orders or judgments by the Bankruptcy Court. Moreover, granting transfer now avoids unnecessary and duplicative proceedings in the District Court resulting from (a) any future motion to withdraw the reference under Local Rule 5011-1, which would follow if this Transfer Motion were denied, and (b) review by the District Court of any proposed findings of fact and conclusions of law issued by the Bankruptcy Court. *See* 28 U.S.C. § 157(c)(1). Thus, transfer of the Adversary Proceeding now serves the purpose of moving both the Adversary Proceeding and the underlying bankruptcy case toward an efficient conclusion.

Accordingly, pursuant to 28 U.S.C. § 157(b)(3), the Court should determine that the Adversary Proceeding is non-core and, pursuant to Local Rule 5011-3(a), the Court should transfer the Adversary Proceeding to the District Court.

---

[2] *In re The Archdiocese of Saint Paul and Minneapolis*, Case No. 15-30125, Notice of Hearing and Motion to Suspend Plan Confirmation Proceedings [Docket No. 840] (committee counsel in this case describing the intention of the Debtor in this Adversary Proceeding).

**PROCEDURAL AND FACTUAL BACKGROUND**

On or about December 7, 2015 (the "Petition Date"), the Diocese of Duluth ("Diocese" or "Plaintiff") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Minnesota.  The Diocese continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 case.

On June 24, 2016, the Plaintiff filed a complaint (the "Initial Complaint") against the Defendants for breach of contract and declaratory relief.  On August 8, 2016, the Plaintiff filed a *Notice of Hearing and Motion for Order Approving Stipulation Staying Further Proceedings* (the "Stay Motion"), whereby the Plaintiff and the Defendants agreed to stay all actions in this Adversary Proceeding pending mediation.  The Court entered the order on the Stay Motion on August 25, 2016.

On December 2, 2016, the Plaintiff filed an amended complaint (the "Amended Complaint"), seeking declaratory judgment of rights and duties of the Plaintiff and the Defendants under certain alleged insurance policies and certificates.  In the Amended Complaint, the Plaintiff alleges that the Defendants "must pay all sums of money for which the Diocese becomes obligated to pay as a result of bodily injury and all defense costs and expenses, including attorney's fees, incurred by the Diocese in the investigation and defense" of certain sex abuse claims.  D.E. 8, ¶¶ 18-19.  The Plaintiff further alleges that the Defendants "have refused to accept their legal obligations to pay in full" for the claims and "dispute certain coverage positions." D.E. 8, ¶¶ 32-33.  Plaintiff also requests that the Court determine certain coverage issues that have arisen between the parties, including, but not limited to, (i) the number of occurrences; (ii) the applicable limits of liability; (iii) the applicability of a professional services

3

exclusion; and (iv) the existence of an alleged policy.  D.E. 8, ¶ 33.  In the Amended Complaint, Plaintiff demanded a jury trial. D.E. 8.

Concurrently with this Transfer Motion, Certain Insurers have filed their answers (the "<u>Answers</u>") to the Plaintiff's Amended Complaint, in which Certain Insurers have made a demand for a jury trial.[3]

## ARGUMENT

Minnesota Local Bankruptcy Rule 5011-3(a) provides, in relevant part, "[o]n motion of a party in interest, the bankruptcy judge *shall* transfer to the district court: 1) any proceeding in which the court has determined that there is a right to trial by jury of the issues for which a jury trial has been timely demanded, and the parties have not consented to the bankruptcy judge conducting the trial…and may transfer any non-core proceeding in which a party has not consented to entry of final orders by the bankruptcy court." Local R. Bankr. P. 5011-3(a) (emphasis added).  Here, the Adversary Proceeding must be transferred for two reasons.  First, Certain Insurers are entitled to – and have invoked – their right to a jury trial in the Adversary Proceeding and, with respect to that right, Certain Insurers do not consent to this Court presiding over a jury trial.  Second, the claims in the Adversary Proceeding are non-core matters that should be transferred to the District Court for final adjudication (the Debtor's apparent purposes in advancing this Adversary Proceeding now).  Accordingly, the Court should transfer the Adversary Proceeding to the District Court now.

### A.  Certain Insurers Have a Seventh Amendment Right to a Jury Trial

Certain Insurers have a Seventh Amendment right to a jury trial with respect to the coverage issues raised by Plaintiff in the Adversary Proceeding.  "The federal policy favoring

---

[3]  In their Answers, Certain Insurers also filed counterclaims against the Plaintiff.  By so doing, Certain Insurers have not consented to the exercise of jurisdiction by the Bankruptcy Court.

jury trials is of historic and continuing strength." *Simler v. Connor*, 372 U.S. 33, 42 (1963). The right to a jury trial is guaranteed by the Seventh Amendment to the United States Constitution, which states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.

U.S. Const., Amend. VII. *See also* Fed. R. Civ. P. 38(a), made applicable here by Federal Rule of Bankruptcy Procedure 9015(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.").

The Supreme Court has held that the right to a jury trial attaches to any cause of action (a) that existed and was heard under traditional common law in the law courts of eighteenth century England, or (b) that did not exist in eighteenth century England but is analogous to traditional common law causes of action ordinarily decided in the English law court at that time (as opposed to those customarily heard in courts of equity of admiralty). *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).[4] The latter turns on the form and nature of the relief sought:

> [W]here an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law.

*Id.*, 492 U.S. at 48. *Accord, Dixon v. Northwestern Nat'l Bank*, 297 F. Supp. 485, 489 (D. Minn. 1969) (holding that an action by former employees seeking an immediate and unconditional

---

[4] Jury trial rights may not apply in an action involving a "public right." *Granfinanciera*, 492 U.S. at 51. The insurance issues raised by the Adversary Proceeding are private, not public, and thus the public right exception does not apply here. *Id.* at 51 n. 8. (a private right is "liability of one individual to another under the law" in contrast to public rights which "arise between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments"). Accordingly, "[w]holly private tort, contract, and property cases, as well as a vast range of other cases, are not implicated" by the public right doctrine. *Id.* at 51.

payment from the trustee of a profit sharing plan was analogous to an action at law for damages and, therefore, a jury trial was required.)

It has long been held that declaratory judgment actions seeking judicial determinations of rights and obligations under contracts are "legal" in nature and give rise to jury trial rights. *See Simler*, 372 U.S. at 222; *Seaboard Lumber Co. v. U.S.*, 903 F.2d 1560, 1563 (Fed. Cir. 1990); *In re Tastee Donuts, Inc.*, 137 B.R. 204, 206 (E.D. La. 1992). *U.S. v. Higginbotham, Inc.*, 722 F. Supp. 283, 284-85 (N.D. Miss. 1989). In *Simler*, the Supreme Court held that a declaratory judgment action seeking a determination of fees owed under a contract required a jury trial. The Supreme Court reasoned that:

> the fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury…

*Simler*, 372 U.S. at 223; *see also Hedback v. American Family Mut. Ins. Co. (In re Mathews)*, 203 B.R. 152, 159 (Bankr. D. Minn. 1996) (holding that "the entitlement to a jury trial is established by 'what kind of suit the claims would have come to court [in], if there were no declaratory judgment remedy.'") (citations omitted).

Courts have found that, when debtors assert state law claims against insurers, the insurer has a right to a trial by jury on any factual disputes relating to those claims. By way of example, in *Hedback*, the bankruptcy court held that a jury trial was necessary for certain causes of action seeking traditional legal remedies, including an insurer's breach of the implied duty of good faith and fair dealing. *Id.*, 203 B.R. at 157-158. Specifically, with respect to the insured's alleged breach, the bankruptcy court stated:

> The Defendant [insurer] unquestionably has the right to trial by jury on the Plaintiff's first count. Fundamentally, this is an action for breach of contract, as classical a civil common-law cause of action as exists. It does

6

> not matter that the alleged breach was of a covenant implied in law; whether the covenant appeared on the face of the parties' written contract or not, it is deemed to have been part of their agreement under Minnesota state law, and the Defendant's alleged breach of it is actionable at law….

*Id.*, 203 B.R. at 157; *see also Northwestern Inst. of Psychiatry v. Travelers Indem. Co. (In re Northwestern Inst. of Psychiatry)*, 272 B.R. 104, 111 (E.D. Pa. 2001) (holding that, where a debtor insured sought a declaration as to the parties' contractual rights and obligations under an insurance policy, the insurer was entitled to a jury trial).

In the Adversary Proceeding, Plaintiff seeks a declaration regarding the parties' respective contractual rights and obligations under certain alleged insurance policies and certificates. As in *Hedback,* Plaintiff's claim arises under state law and, while not pled as such, is essentially an action for breach of contract. For example, Plaintiff alleges that "[p]ursuant to the terms of the Insurance Policies and Certificates, each of the Defendants is obligated to pay in full the expenditures made by the Diocese to defend itself and pay the Underlying Actions and Claims," and further alleges that "[t]he Insurers have refused to accept their legal obligations to pay in full for the Underlying Claims and Actions." D.E. 8, ¶¶ 31-32. Such allegations (which Certain Insurers deny) arise under the alleged insurance policies and certificates – which are contracts – and, as such, the allegations are as "classical a civil common-law cause of action as exists." *Hedback*, 203 B.R. at 157. Thus, Certain Insurers have a Seventh Amendment right to a jury trial on these issues raised in the Adversary Proceeding, and the Court must transfer the Adversary Proceeding to the District Court.

### B. The Claims Are Non-Core Matters

The allegations raised in the Adversary Proceeding are non-core matters, which should be transferred to the District Court for final adjudication. In the Amended Complaint, Plaintiff requests that the Court resolve certain coverage disputes that have arisen between the parties

under the alleged insurance policies and certificates. *See* D.E. 8, ¶ 33. Courts around the United States have held that disputes regarding the scope of coverage (if any) under a pre-petition insurance policy are non-core matters. *See, e.g., In re Payroll Express Corp.*, 186 F.3d 196, 202 (2d Cir. 1999), *cert. denied sub nom. Pereira v. Aetna Casualty & Surety Co.*, 529 U.S. 1019 (2000) (noting that district court granted motion to withdraw reference of claim for bad faith denial of coverage under insurance policies); *In re United States Brass*, 110 F.3d 1261, 1268 (7th Cir. 1997); *In re Lawrence Group, Inc.*, 285 B.R. 784 (N.D.N.Y. 2002) (insurance coverage dispute arising under pre-petition policy is non-core); *In Dayton Title Insurance Agency, Inc.*, 264 B.R. 880 (S.D. Oh. 2000) (adversary proceeding by debtor to recover from insurer for breach of contract and bad faith denial of coverage non-core); *In re G-I Holdings*, 278 B.R. 725, 736-37 (Bankr. D. N.J. 2002).

In the Adversary Proceeding, Plaintiff alleges that Certain Insurers have refused to accept their legal obligations to pay for the Underlying Claims and Actions under pre-petition insurance contracts. Certain Insurers have not filed proofs of claim, and thus have not consented to the jurisdiction of this Court. *See, e.g., In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2nd. Cir. 1993), certiorari dismissed 511 U.S. 1026 (1994) (a "breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core."); *Marine Iron & Shipbuilding Co. v. City of Duluth (In re Marine Iron & Shipbuilding Co.)*, 104 B.R. 976, 982 (D. Minn. 1989) ("absent consent of the parties, a state-law breach of contract action by a bankruptcy trustee or chapter 11 debtor against a non-creditor third party could not be heard and finally determined by a federal judicial officer who was not protected by life tenure conferred under Article III of the Constitution.") (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, at 87 n. 40 (1982)).

While it is conceivable that the contract dispute with Certain Insurers may have an impact on the administration of the estate, treating the Adversary Proceeding as a "core proceeding"…"would create an exception…that would 'swallow the rule,' as any contract action that the debtor would pursue against a defendant would likely be expected to inure to the benefit of the estate and thus "concern its administration." *In re Porter-Hayden Co.*, 304 B.R. 725, 731 (D. Md. 2004).

Thus, for purposes of the present Transfer Motion and any future motion to withdraw the reference in the District Court, this Court should determine that the Adversary Proceeding is non-core.

Having made the determination that Certain Insurers are entitled to a jury trial, and that the Adversary Proceeding is non-core, the Court should transfer the Adversary Proceeding to the District Court for adjudication, consistent with the Debtor's purpose in moving forward with the Adversary Proceeding to obtain final rulings on various coverage issues now.

## CONCLUSION

For the foregoing reasons, Certain Insurers respectfully request that the Court determine that Certain Insurers are entitled to a jury trial; determine that the Adversary Proceeding is non-core; grant the Transfer Motion and transfer the Adversary Proceeding to the District Court; and for such other relief as the Court deems just and proper.

Dated:  December 19, 2016

      **LIBERTY MUTUAL INSURANCE COMPANY**
      By its attorneys,

      /s/ Teri Bentson
      Teri Bentson  (Bar # 174543)
      **LAW OFFICES OF THOMAS P. STILP**
      701 Xenia Avenue South, Suite 220

Golden Valley, Minnesota 55416
T: 763-656-4691
F: 603-334-7164
Email: Teri.Bentson@LibertyMutual.com

*and*

/s/ Nancy D. Adams
Nancy D. Adams (*pro hac admission pending*)
**MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
T:  617-348-1865
F:  617-542-2241
Email: nadams@mintz.com


**THE CONTINENTAL INSURANCE COMPANY**
By its attorneys,

/s/ Jeanne H. Unger
Jeanne H. Unger (MN #131404)
**BASSFORD REMELE, P. A.**
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
T:  612-333-3000
F:  612-376-1239
Email:  junger@bassford.com

*and*

/s/ Laura McNally
Laura McNally (*pro hac vice*)
**LOEB & LOEB, LLP**
321 North Clark Street, Suite 2300
Chicago, IL 60610
T:  312-464-3155
F:  312-464-3111
Email:  lmcnally@loeb.com

*and*

/s/ David Christian
David Christian (*pro hac vice*)
**DAVID CHRISTIAN ATTORNEYS LLC**

10

3515 West 75th Street, Suite 208
Prairie Village, Kansas 66208
T:  913-674-8215
Email:  dchristian@dca.law


**FIREMAN'S FUND INSURANCE COMPANY**
By its attorneys,

/s/ Charles E. Jones
Charles E. Jones (#0202708)
Kelly C. McGinty (#0396327)
**MOSS & BARNETT**
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: 612-877-5259
Facsimile: 612-877-5012
Charles.Jones@lawmoss.com

11

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky Case No.: 15-50792 |
| Diocese of Duluth | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | Adv. Proceeding No. 16-05012 |
| Plaintiff, | |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

### UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Jeffrey D. Klobucar, an attorney licensed to practice law in this Court, with an office address of 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, declare that on December 20, 2016, I caused the following documents:

- **Motion to Determine Non-core Nature of Adversary Proceeding Pursuant to 28 U.S.C. § 157(b)(3) and Transfer to the District Court Pursuant to Local Bankruptcy Rule 5011-3(a)**
- **Memorandum of Law in Support**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that

ECF will send an e-notice of the electronic filing to counsel of record registered to receive the same:

In addition, copies of the same were served on the following parties, through their counsel of record, by U.S. Mail:

| | |
|---|---|
| **Catholic Mutual Relief Society of America**<br>Everett J. Cygal, Esq.<br>SCHIFF HARDIN LLP<br>233 South Wacker Drive, Suite 6600<br>Chicago, IL 60606<br>ecygal@shiffhardin.com | **Church Mutual Insurance Company**<br>Christian A. Preus, Esq.<br>BASSFORD REMELE, P.A.<br>33 South Sixth Street, Suite 3800<br>Minneapolis, MN 55402<br>cpreus@bassford.com |
| **Fireman's Fund Insurance Company**<br>Charles E. Jones, Esq.<br>MOSS & BARNETT<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Charles.jones@lawmoss.com | **Liberty Mutual Group**<br>Nancy Adams, Esq.<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>One Financial Center<br>Boston, MN 02111<br>nadams@mintz.com |

And I declare, under penalty of perjury, that the foregoing is true and correct.

/s/ Jeffrey D. Klobucar
Jeffrey D. Klobucar (MN #0389368)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky Case No.: 15-50792 |
| Diocese of Duluth | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | Adv. Proceeding No. 16-05012 |
| Plaintiff, | |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

### PROPOSED ORDER ON MOTION TO TRANSFER

This matter is before the court on the motion of Liberty Mutual Group, Fireman's Fund Insurance Company, and The Continental Insurance Company to transfer this adversary proceeding to the U.S. District Court for the District of Minnesota.

Based on the motion and file,

IT IS ORDERED:

1. The movants' motion is granted.

2. This adversary proceeding is hereby transferred to the U.S. District Court for the District of Minnesota for all purposes.

Dated: _____, 2017

_____
United States Bankruptcy Judge