## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

       Debtor-in-Possession.

Bankruptcy Case No.:  15-50792

Chapter 11

---

Diocese of Duluth,

       Plaintiff,

v.

LIBERTY MUTUAL GROUP, a Massachusetts
Corporation; CATHOLIC MUTUAL RELIEF
SOCIETY OF AMERICA, a Nebraska
corporation; FIREMAN'S FUND
INSURANCE COMPANY, a California
corporation; CHURCH MUTUAL
INSURANCE COMPANY, a Wisconsin
corporation and THE CONTINENTAL
INSURANCE COMPANY, an Illinois
corporation,

       Defendants.

Adversary Proceeding No.: 16-05012

---

## OBJECTION OF THE DIOCESE OF DULUTH TO THE AMENDED MOTION TO DETERMINE NON-CORE NATURE OF ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157(b)(3) AND TRANSFER TO THE DISTRICT COURT PURSUANT TO LOCAL BANKRUPTCY RULE 5011-3(a)

The Diocese of Duluth submits this Objection to Liberty Mutual Insurance Company,

The Continental Insurance Company and Fireman's Fund Insurance Company's (the "Certain

Insurers") Amended Motion to Determine Non-Core Nature of Adversary Proceeding Pursuant

to 28 U.S.C. § 157(b)(3) and Transfer to the District Court Pursuant to Local Bankruptcy Rule

5011-3(a) ("Motion to Transfer").  The Motion to Transfer should be denied because it is

premature.

**OBJECTION**

On June 24, 2016, the Diocese initiated an adversary proceeding against several

insurance carriers, including the Certain Insurers.  The parties immediately entered into a

stipulation to stay further proceedings (the "Stipulation").  Following an unsuccessful mediation

session, the Diocese demanded that each insurance carrier file an answer with the Court in

accordance with the Stipulation.  On December 12, 2016, the Diocese filed an amended

complaint.  On December 19, 2016, the Certain Insurers filed answers to the amended complaint.

On that same day, the Diocese filed three motions for summary judgment.  On December 22,

2016, the Certain Insurers filed the Motion to Transfer seeking to have the adversary proceeding

transferred to the District Court.

Local Bankruptcy Rule 5011-3(a) governs a motion to transfer a proceeding and

provides, in pertinent part, "on motion of a party in interest, the bankruptcy judge shall transfer

to the district court: 1) any proceeding in which the court has determined that there is a right to

trial by jury of the issues for which a jury trial has been timely demanded, and the parties have

not consented to the bankruptcy judge conducting the jury trial… and may transfer any non-core

proceeding in which a party has not consented to entry of final orders by the bankruptcy court."

Local R. Bankr. P. 5011-3(a).  The Certain Insurers argue that their Seventh Amendment right to

a jury trial, and the alleged non-core nature of this proceeding, justifies an immediate transfer to

the District Court.  For the reasons set forth below, the Diocese disagrees.

**I.     The Seventh Amendment Right to a Jury Trial Does Not Warrant an Immediate Transfer**

Local Rule 5011-3 does not address the timeframe for transferring a proceeding.  It is

clear, however, that an essential element of a mandatory transfer is a determination that there is a

right to trial by jury.  Here, such a determination is not yet ripe as the proceeding is still in the pretrial phase.

The Certain Insurers argue that they undoubtedly have a Seventh Amendment right to a jury trial.  However, the Certain Insurers have miscalculated when their right to a jury trial activates.  The Eighth Circuit has held that where disposition of claims may be made via summary judgment under Rule 56, the right to a jury trial under the Seventh Amendment does not even come into play.  *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003); *see also In re Petters Co., Inc.*, 440 B.R. 805, fn. 4 (Bankr. D. Minn. 2010) (holding that the right to compel the convening of a jury trial activates only after the party has survived the summary judgment process).

In the District of Minnesota it has routinely been held that a motion to transfer pursuant to Local Bankruptcy Rule 5011-3 is premature if there is no immediate need for fact finding.  *See e.g., Ries v. Jacobs*, Civ. No. 12-1628, 2012 WL 3184795 (D. Minn. Aug. 2, 2012); *Ries v. DeJoria*, Civ. No. 12-1632, 2012 WL 3248145 (D. Minn. Aug. 2, 2012); *Ritchie Capital Mgmt, LLC v. JPMorgan Chase & Co.*, Civ. No. 14-4786, 2015 WL 12540194 (D. Minn. July 2, 2015). Courts frequently note the benefit of having the Bankruptcy Court conduct all pretrial proceedings.  *See e.g., In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007); *Kelley v. Opportunity Finance, LLC*, Civ. No. 14-3375, 2015 WL 321536 (D. Minn. 2015) ("This Court often refers matters to magistrate judges for reports and recommendations as a means of increasing, not decreasing, judicial efficiency.  That same reasoning applied to proposed orders from the bankruptcy court...").

As described in more detail below, Congress has empowered Bankruptcy Courts to hear title 11 actions.  28 U.S.C. § 157(b)(1), (c)(1).  Accordingly, regardless of whether the Certain Insurers have a right to a jury trial, the Bankruptcy Court retains authority over the pretrial

3

management of the case.  "In the case of a proceeding where a party is entitled to a jury trial and

will not consent to a bankruptcy judge conducting the trial, the bankruptcy judge will retain

authority over the proceeding until – at the earliest – it is established that a trial is necessary –

i.e., all possibility of resolution via summary adjudication under Rule 56 or otherwise has been

exhausted."  *In re Petters Co., Inc.*, 440 at 810 (citations omitted).   The Seventh Amendment

right to a jury trial is not abridged by the Bankruptcy Court hearing and deciding pretrial matters.

*In re Healthcentral.com*, 504 F.3d at 787; *In re M & L Bus. Mach. Co.*, 159 B.R. 932, 934

(Bankr. D. Colo. 1993).

The Diocese has filed three motions for summary judgment.  Even if the Bankruptcy

Court were to rule on the dispositive motions, it would not affect the Certain Insurers' Seventh

Amendment right to a jury trial.  Summary judgment motions merely addresses whether trial is

necessary at all.  Accordingly, the Certain Insurers' motion for a mandatory transfer to the

District Court should be denied and the proceeding should remain with the Bankruptcy Court at

least until the matter is ready for trial.

**II.     The Alleged Non-Core Nature of the Proceeding Does Not Warrant Immediate Transfer**

The District Courts have "original but not exclusive jurisdiction of all civil proceedings

arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(a).  In

turn, such matters properly before the District Court may be referred to the Bankruptcy Court.

28 U.S.C. § 157(a) and Local Bankruptcy Rule 1070-1.  Once referred, bankruptcy judges may

hear and determine all cases under title 11 and all core proceedings arising under title 11 or

arising in a case under title 11.  28 U.S.C. § 157(b)(1).  Under this jurisdictional structure, if a

bankruptcy judge determines that a referred proceeding is not a core proceeding, but is otherwise

related to a case under the Bankruptcy Code then the judge may submit proposed findings of fact

and conclusions of law to the District Court. *Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594

(2011); *Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)*, 134

S.Ct. 2165 (2014) (confirming that Bankruptcy Courts are permitted to issue proposed findings

of fact and conclusions of law to the extent *Stern* claims exist).

The Certain Insurers acknowledge that this Court has the authority to issue proposed

findings of fact and conclusions of law for *de novo* review by the district court. Motion to

Transfer, page 11. Nevertheless, they argue that "[t]o protect Certain Insurers' rights under

Article III, to avoid the waste of judicial resources" the Court should immediately transfer the

proceedings to the District Court. Further, they argue that transfer is necessary to avoid

"potentially two rounds of briefing and two sets of arguments." This argument mangles the

fundamental authority granted to bankruptcy judges and suggests that no non-core matter should

ever be referred to the Bankruptcy Court. Courts across the country have rejected the argument

that the Bankruptcy Court's exercise of authority in non-core matters is superfluous. *In re H &*

*W Motor Express Co.*, 343 B.R. 208 (N.D. Iowa 2006); *In re Ames Dep't Stores, Inc.*, 190 B.R.

157, 163 (S.D.N.Y 1995); *In re Lyondell Chem. Co.*, 467 B.R. 712, 723 (S.D.N.Y 2012) ("The

defendants are correct that the bankruptcy court may not enter final judgment…on any non-core

claims….but they are mistaken that the layers of litigation that this may create are unnecessary or

inefficient. Given the extensive experience the bankruptcy court has acquired in this matter,

permitting it to rule on the pending motions and to conduct pre-trial proceedings will be of

assistance to this Court and to the parties").

It appears that the parties agree on one issue – the paramount importance of bringing this

case to conclusion as soon as possible. Motion to Transfer, page 2-3. Contrary to the Certain

Insurers' contention, it is clear that maintaining these proceedings in the Bankruptcy Court will

promote efficiency and enable a quicker adjudication of the issues. The summary judgment

motions are set on for hearing at the end of January.  At that time, the Bankruptcy Court can

quickly narrow the range of issues to be litigated.  At the very least, the Bankruptcy Court has a

superior vantage point from which to make proposed findings of fact and conclusions of law in

the first instance.

**CONCLUSION**

For the foregoing reasons, the Diocese of Duluth respectfully requests that the Court deny

the Motion to Transfer.

Dated: January 6, 2017

**ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD**

/s/ J. Ford Elsaesser
Bruce A. Anderson (admitted *pro hac vice*)
J. Ford Elsaesser (admitted *pro hac vice*)
123 South Third Avenue
Suite 24
Sandpoint, ID 83864
Phone: 208-263-8517
brucea@ejame.com
ford@ejame.com

**GRAY PLANT MOOTY MOOTY &
BENNETT**

/s/ Phillip L. Kunkel
Phillip L. Kunkel (#058981)
Abigail M. McGibbon (#0393263)
101 West St. Germain
Suite 500
St. Cloud, MN 56301
Phone: 320-202-5335
phillip.kunkel@gpmlaw.com
abigail.mcgibbon@gpmlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

In re:                                                    Bankruptcy Case No.:  15-50792

Diocese of Duluth,                                        Chapter 11

       Debtor-in-Possession.

Diocese of Duluth,

       Plaintiff,

                               Adversary Proceeding No.: 16-05012

v.

LIBERTY MUTUAL GROUP, a Massachusetts
corporation; CATHOLIC MUTUAL RELIEF SOCIETY
OF AMERICA, a Nebraska corporation; FIREMAN'S FUND
INSURANCE COMPANY, a California corporation;
CHURCH MUTUAL INSURANCE COMPANY,
a Wisconsin corporation and THE CONTINENTAL
INSURANCE COMPANY, an Illinois corporation,

       Defendants.

**CERTIFICATE OF SERVICE**

I, Abigail M. McGibbon, hereby certify that on the 6th day of January 2017, I caused a true

and correct copy of the foregoing *Objection of the Diocese of Duluth to the Amended Motion to*

*Determine Non-Core Nature of Adversary Proceeding Pursuant to 28 U.S.C. § 157(b)(3) and*

*Transfer to the District Court Pursuant to Local Bankruptcy Rule 5011-3(a)* to be served on the

following parties in the manner indicated below.

VIA US Mail
**Catholic Mutual Relief Society of America**
Everett J. Cygal
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 600
Chicago, IL 60606
ecygal@shiffhardin.com

VIA US Mail
**The Continental Insurance Company**
Laura McNally
LOEB & LOEB LLP
2321 North Clark Street
Suite 2300
Chicago, IL 60654
 lmcnally@loeb.com

VIA US Mail
**Fireman's Fund Insurance Company**
Charles E. Jones
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Charles.jones@lawmoss.com

VIA US Mail
**Church Mutual Insurance Company**
Christian A. Preus
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
cpreus@bassford.com

VIA CM/ECF
**The Diocese of Duluth**
BLANK ROME LLP
James R. Murray
1825 Eye Street NW
Washington, DC 20006
Jmurray@blankrome.com

VIA CM/ECF
**The Continental Insurance Company**
Jeanne H. Unger
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
junger@bassford.com

VIA CM/ECF
**The Diocese of Duluth**
BLANK ROME LLP
Jared Zola
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jzola@blankrome.com

VIA CM/ECF
**Liberty Mutual Insurance Company**
Nancy D. Adams
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
nadams@mintz.com

Dated: January 6, 2016

/s/ Abigail M. McGibbon_____
Abigail M. McGibbon (#393263)
80 South 8th Street, STE 500
Minneapolis, MN 55402
Telephone: 612-632-3009
Fax: 612-632-4009
Abigail.mcgibbon@gpmlaw.com

2