# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Diocese of Duluth,<br><br>    Debtor-in-Possession. | BKY 15-50792<br><br>Chapter 11 |

| | |
|---|---|
| Diocese of Duluth,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation,<br><br>    Defendants. | ADV 16-5012 |

**CHURCH MUTUAL INSURANCE COMPANY'S ANSWER TO THE**
**CONTINENTAL INSURANCE COMPANY'S CROSS-CLAIMS**

Defendant Church Mutual Insurance Company, for its Answer to The Continental Insurance Company's Cross-Claims, denies each and every allegation, matter, and thing contained in the Cross-Claim, except as hereinafter specifically admitted, alleged, or qualified. Church Mutual further answers as follows:

1.     Upon information and belief, Church Mutual admits the allegations in Paragraph 1 of the Continental Cross-Claim.

2.     Upon information and belief, Church Mutual admits the allegations in Paragraph 2 of the Continental Cross-Claim.

3.     Church Mutual denies the allegations in Paragraph 3 of the Cross-Claim, because Paragraph 3 fails to acknowledge that the tales of childhood sexual abuse by priests and lay employees of the Diocese are only alleged, and have yet to be proven.

4.     Upon information and belief, Church Mutual admits the allegations in Paragraph 4 of the Cross-Claim.

5.     Church Mutual admits the allegations in Paragraph 5 of the Continental Cross-Claim are an accurate description of what the Diocese is asserting.  Church Mutual denies that it has any duty to defend or indemnify the Diocese.

6.     In response to Paragraph 6 of the Continental Cross-Claim, Church Mutual admits that Continental alleges it is seeking a judicial determination of the rights of the parties under policies issued to the Diocese.  Church Mutual specifically denies that it issued any insurance policy to the Diocese of Duluth, or that any insurance policy it issued to any other entity provides any insurance coverage to the Diocese of Duluth with respect to the subject matter of this action.  Further, Continental's reference to purported potential rulings on coverage are so vague as to be incapable of understanding, at least with respect to Church Mutual, and accordingly, Church Mutual denies this allegations.  Church Mutual further alleges that there are no factual assertions stated upon which to

admit or deny, but to the extent any assertions are made, denies the same and places Continental to its strict burden of proof.

## PARTIES
### Cross-Claimant and Counterclaimant

7. Upon information and belief, Church Mutual admits the allegations in Paragraph 7 of the Continental Cross-Claim.

### Counter-Defendant Diocese

8. In response to Paragraph 8 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual.  To the extent any response is required, Church Mutual, upon information and belief, admits the allegations in Paragraph 8 of the Continental Cross-Claim.

9. In response to Paragraph 9 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual.  To the extent any response is required, Church Mutual, states that it lacks information sufficient to admit or deny the allegations in this paragraph, and accordingly denies the allegations in Paragraph 9 of the Continental Cross-Claim.

### Cross-Defendant Insurers

10. Church Mutual denies that Paragraph 10 of the Continental Cross-Claim is an accurate description of what the Diocese is asserting.  Church Mutual specifically denies that the Diocese alleges that it purchased any insurance policy from Church

Mutual, and further denies the Church Mutual issued any insurance policy to the Diocese, or that any insurance policy it issued to any other entity provides any insurance coverage to the Diocese of Duluth with respect to the subject matter of this action.

11. In response to Paragraph 11 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual admits that Paragraph 11 of the Continental Cross-Claim is an accurate description of what the Diocese is seeking.

12. In response to Paragraph 12 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual admits that Paragraph 12 of the Continental Cross-Claim is an accurate description of what the Diocese is seeking.

13. In response to Paragraph 13 of the Continental Cross-Claim, Church Mutual admits that it is a Wisconsin corporation with its principal place of business located in Merrill, Wisconsin. Church Mutual admits that it sold one or more insurance policies to one or more parishes in Minnesota that identifies the Diocese as an additional insured for certain time frames and certain circumstances. Church Mutual specifically denies that any insurance policy that it issued to any parish in Minnesota provides any insurance coverage to the Diocese of Duluth in connection with the matters at issue in this action. Church Mutual denies the remaining allegations in Paragraph 13.

14. In response to Paragraph 14 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual admits that Paragraph 14 of the Continental Cross-Claim is an accurate description of what the Diocese is seeking.

## JURISDICTION AND VENUE

15. Upon information and belief, Church Mutual admits the allegations in Paragraph 15 of the Continental Cross-Claim.

16. In response to Paragraph 16 of the Continental Cross-Claim, to the extent that this allegation is advanced against Church Mutual, Church Mutual admits.

17. In response to Paragraph 17 of the Continental Cross-Claim, Church Mutual states that Continental's claims are so vague as to be incapable of understanding, at least with respect to Church Mutual, and accordingly, to the extent that the allegations are advanced against Church Mutual, Church Mutual denies.

18. In response to Paragraph 18 of the Continental Cross-Claim, to the extent that this allegation is advanced against Church Mutual, Church Mutual admits.

19. In response to Paragraph 19 of the Continental Cross-Claim, to the extent that this allegation is advanced against Church Mutual, Church Mutual admits.

## FIRST CAUSE OF ACTION
### (Trigger)

20. In response to the allegations contained in Paragraph 20 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 19 above.

21. In response to Paragraph 21 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual admits that Paragraph 21 of the Continental Cross-Claim is an accurate description of Continental's policies.

22. Church Mutual admits the allegations in Paragraph 22 of the Continental Cross-Claim.

23. Church Mutual admits the allegations in Paragraph 23 of the Continental Cross-Claim. Church Mutual also affirmatively alleges that any insurance policy it issued requires not only the sexual abuse *but also* resulting bodily injury to occur during the policy period.

24. In response to Paragraph 24 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively states it has no obligation to provide coverage for negligence-based claims that do not allege post-notice abuse during the policy period.

## SECOND CAUSE OF ACTION
**(Pro Rata Allocation for Indemnity)**

25. In response to the allegations contained in Paragraph 25 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 24 above.

26. In response to Paragraph 26 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual denies the allegations in Paragraph 26 of the Continental Cross-Claim to the extent it relates to Church Mutual.

27. In response to Paragraph 27 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual denies that *pro rata* time on the risk is the proper method of allocation with respect to any insurance policy issued by Church Mutual.

28. In response to Paragraph 28 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual denies that *pro rata* time on the risk is the proper method of allocation with respect to any insurance policy issued by Church Mutual.

## THIRD CAUSE OF ACTION
**(Scope of the Accidents/Occurrences)**

29. In response to the allegations contained in Paragraph 29 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 28 above.

30. In response to Paragraph 30 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual states that it lacks information sufficient to admit or deny the allegations in this paragraph, and accordingly denies the allegations in Paragraph 30 of the Continental Cross-Claim.

31. Church Mutual admits that Paragraph 31 of the Continental Cross-Claim is an accurate description of what the Diocese is seeking, but denies that the Diocese is entitled to such relief.

32. Upon information and belief, Church Mutual admits the allegations in Paragraph 32 of the Continental Cross-Claim.

33. In response to Paragraph 33 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively states that it is entitled to a declaration that the negligent supervision or retention of all perpetrators constitutes a single occurrence, or, at most, the

negligent supervision of each perpetrator constitutes a single occurrence, without regard to the number of children allegedly abused by that perpetrator.

### FOURTH CAUSE OF ACTION
**(Treatment of Multi-Year Policies)**

34. In response to the allegations contained in Paragraph 34 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 33 above.

35. In response to Paragraph 35 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively alleges that it issued to certain parishes in Minnesota insurance policies that are multi-year policies.

36. In response to Paragraph 36 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively alleges that the limits of insurance stated in any insurance policy it issued is determined by the terms of such policy, including the declarations pages, coverage forms, and all other materials that form the insurance contract.

37. Church Mutual admits that Paragraph 37 of the Continental Cross-Claim is an accurate description of what the Diocese is asserting, but denies that the Diocese is correct in its assertions.

38. Church Mutual admits the allegations in Paragraph 38 of the Continental Cross-Claim.

39. Upon information and belief, Church Mutual admits the allegations in Paragraph 39 of the Continental Cross-Claim.

40. In response to Paragraph 40 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively alleges that the limits of insurance stated in any insurance policy it issued is determined by the terms of such policy, including the declarations pages, coverage forms, and all other materials that form the insurance contract, and under no circumstance can the each-occurrence or each-accident limit be calculated on an annual basis for a multi-year policy or exceed the amount stated in the policy

### FIFTH CAUSE OF ACTION
**(No Accident)**

41. In response to the allegations contained in Paragraph 41 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 40 above.

42. In response to Paragraph 42 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively alleges that any insurance policy it issued applies only to an "occurrence," and that an "occurrence" is defined in any insurance policy it issued as "an

accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

43. In response to Paragraph 43 of the Continental Cross-Claim, Church Mutual alleges that there are no factual assertions stated upon which to admit or deny, but to the extent any assertions are made, Church Mutual admits the allegations in Paragraph 43 of the Continental Cross-Claim. Church Mutual affirmatively alleges that any insurance policy it issued only applies to an "occurrence," and that an "occurrence" is defined in any insurance policy it issued as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

44. Church Mutual admits the allegations in Paragraph 44 of the Continental Cross-Claim. Church Mutual affirmatively states that allegations against the Diocese in the Underlying Actions and Claims, that assert damages resulting from abuse or actions that were expected or foreseen by the Diocese, do not allege "accidents" under Minnesota law, and do not allege an "occurrence" under any policy issued by Church Mutual.

45. In response to Paragraph 45 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively states that it is entitled to a declaration that it has no obligation to provide coverage for Underlying Actions and Claims that arose from events that were

11

expected or foreseen, because such events do not allege an "occurrence" under any policy issued by Church Mutual.

## SIXTH CAUSE OF ACTION
**(Expected Or Intended)**

46. In response to the allegations contained in Paragraph 46 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 45 above.

47. In response to Paragraph 47 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively alleges that any insurance policy it issued does not apply to bodily injury that was expected and/or intended by the Diocese.

48. Church Mutual admits that Paragraph 48 of the Continental Cross-Claim is an accurate description of what certain of the Underlying Actions and Claims are asserting.

49. In response to Paragraph 49 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively states that it is entitled to the declaration that it has no obligation to provide coverage for Underlying Actions and Claims to the extent that the alleged damages were expected or intended by the Diocese.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract – Late Notice)

50. In response to the allegations contained in Paragraph 50 of the Continental Cross-Claim, Church Mutual incorporates by reference the responses contained in paragraphs 1 through 49 above.

51. In response to Paragraph 51 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual affirmatively alleges that any insurance policy it issued required any insured under the policy to provide timely notice of occurrences that take place during the policy period. This obligation survives beyond the end of the policy period.

52. In response to Paragraph 51 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent any response is required, Church Mutual admits certain of the Underlying Actions and Claims allege that the Diocese has long been aware of abuse by its priests or employees. Church Mutual affirmatively alleges that, with respect to the Underlying Actions and Claims, the Diocese is not an insured under any policy issued by Church Mutual. Further, the Diocese has not provided Church Mutual with notice of any accidents or occurrences in a timely fashion or in accordance with the requirements of any insurance policy issued by Church Mutual.

53. In response to Paragraph 53 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore

requires no response by Church Mutual.  Church Mutual affirmatively alleges that, with respect to the Underlying Actions and Claims, the Diocese is not an insured under any policy issued by Church Mutual.  Further, the Diocese has not provided Church Mutual with notice of any accidents or occurrences in a timely fashion or in accordance with the requirements of any insurance policy issued by Church Mutual.  The Diocese failure to provide timely and effective notice of the Underlying Actions and Claims prejudiced Church Mutual.  Church Mutual has lost the opportunity to fully assess the nature, severity, and risks of the conduct alleged in the Underlying Actions and Claims.  It is unable to obtain information from key witnesses with relevant knowledge who have died, disappeared, or become incapacity, and documents have been lost or destroyed.

54. In response to Paragraph 54 of the Continental Cross-Claim, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual.  To the extent any response is required, Church Mutual affirmatively states that it is entitled to a declaration that, with respect to the Underlying Actions and Claims, the Diocese is not an insured under any policy issued by Church Mutual.  Further, Church Mutual is entitled to a declaration that the Diocese is not entitled to coverage because the Diocese failed to provide prompt notice of an accident or occurrence, in contravention of the Church Mutual insurance policies.

### RELIEF SOUGHT

1. In response to Paragraph 1 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual.  Church Mutual affirmatively states that it is

14

entitled to a declaration that it has no obligation to provide coverage for negligence-based claims that do not allege post-notice abuse during the policy period.

2. In response to Paragraph 2 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent the relief is sought against Church Mutual, Church Mutual denies that Continental is entitled to such relief. Church Mutual affirmatively states that it is entitled to a declaration that *pro rata* time on the risk is not the proper method of allocation with respect to any insurance policy issued by Church Mutual.

3. In response to Paragraph 3 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. Church Mutual affirmatively states that it is entitled to a declaration that the negligent supervision or retention of all perpetrators or, at most, each perpetrator constitutes a single occurrence, without regard to the number of children allegedly abused by that perpetrator;

4. In response to Paragraph 4 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. Church Mutual affirmatively states that it is entitled to a declaration that the limits of insurance stated in any insurance policy it issued is determined by the terms of such policy, including the declarations pages, coverage forms, and all other materials that form the insurance contract, and under no

circumstance can the each-occurrence or each-accident limit be calculated on an annual basis for a multi-year policy or exceed the amount stated in the policy.

5. In response to Paragraph 5 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. Church Mutual affirmatively states that it is entitled to a declaration that it has no obligation to provide coverage for Underlying Actions and Claims that arose from events that were expected or foreseen.

6. In response to Paragraph 6 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. Church Mutual affirmatively states that it is entitled to a declaration that it has no obligation to provide coverage for Underlying Actions and Claims that arose from events that were expected or foreseen.

7. In response to Paragraph 7 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. Church Mutual affirmatively states that it is entitled to a declaration that the Diocese is not an insured under any policy issued by Church Mutual. Further, Church Mutual is entitled to a declaration that the Diocese is not entitled to coverage because it failed to provide prompt notice of an accident or occurrence, in contravention of the Church Mutual insurance policies.

8. In response to Paragraph 8 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent the relief is sought against Church

Mutual, Church Mutual denies but that Continental is entitled to recover its attorney's fees and costs from Church Mutual, and affirmatively alleges that Church Mutual is entitled to recover its attorney's fees and costs against Continental.

9. In response to Paragraph 9 of the relief sought by Continental, Church Mutual states that this paragraph is not advanced against Church Mutual and therefore requires no response by Church Mutual. To the extent the relief is sought against Church Mutual, Church Mutual denies.

## **AFFIRMATIVE DEFENSES**

Church Mutual asserts the following affirmative defenses to the Continental Cross-Claim. Church Mutual alleges that:

1. The Continental Cross-Claim fails to state a claim against Church Mutual upon which relief may be granted.

2. Church Mutual did not insure the Diocese, and it has no duty to defend or indemnify the Diocese.

3. Any policy of insurance sold by Church Mutual to one or more parishes in Minnesota that identifies the Diocese as an additional insured is excess to any policy issued by Continental or any other insurer to the Diocese during the same time period.

There may be additional affirmative defenses that Church Mutual cannot articulate at this time and therefore Church Mutual reserves any and all other affirmative defenses.

## JURY DEMAND

Church Mutual requests a trial by jury on any issue so triable.

**BASSFORD REMELE**
*A Professional Association*

Date: January 9, 2017

s/ Christian A. Preus
Christian A. Preus (#173617)
Beth A. Jenson Prouty (#389275)
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
Telephone: (612) 333-3000
Facsimile: (612) 333-8829

Attorneys for Defendant Church Mutual Insurance Company