# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
|           Debtor-in-Possession. | |

Diocese of Duluth,

        Plaintiff,

                                                Adversary Proceeding No.: 16-05012

v.

LIBERTY MUTUAL GROUP, a Massachusetts
Corporation; CATHOLIC MUTUAL RELIEF SOCIETY
OF AMERICA, a Nebraska corporation; FIREMAN'S FUND
INSURANCE COMPANY, a California corporation;
CHURCH MUTUAL INSURANCE COMPANY,
a Wisconsin corporation and THE CONTINENTAL
INSURANCE COMPANY, an Illinois corporation,

        Defendants.

## PLAINTIFF'S ANSWER TO COUNTERCLAIM OF LIBERTY MUTUAL INSURANCE COMPANY

Plaintiff Diocese of Duluth answers the Counterclaim of Liberty Mutual Insurance Company ("Liberty Mutual") seeking declaratory relief (the "Counterclaim") as follows:

### PARTIES[1]

1. Upon information and belief, Diocese admits only that Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts and that as a result of a corporate transaction between Great American Insurance Company and The Ohio

---

[1] In this Answer, the Diocese uses the headings in the Counterclaim for ease of reference. By doing so, the Diocese is not conceding the truth of any allegation that may be deemed to have been made in such headings.

Casualty Insurance Company, Liberty Mutual acquired responsibility for certain insurance policies that cover the Diocese, including, but not limited to: the policy bearing number CLA 770553 procured from Agricultural Insurance Company ("Policy No. CLA 770553"), the policy bearing number 3GA 26 24 22 procured from Agricultural Insurance Company ("Policy No. 3GA 26 24 22"), the policy bearing number 3GA 29 96 59 procured from Agricultural Insurance Company ("Policy No. 3GA 29 96 59"), and the policy bearing number 4GA 12 60 79 procured from American Empire Insurance Company ("Policy No. 4GA 12 60 79"). The Diocese refers to each of the foregoing policies, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 1.

2. Diocese admits the allegations in paragraph 2 of the Counterclaim.

### JURISDICTION AND VENUE

3. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese admits only that the Counterclaim alleges that it seeks declaratory relief pursuant to Title 28 of the United States Code, 2201 *et seq.*, to determine the scope of the respective rights, duties and obligations, if any, of the Diocese and Liberty Mutual under certain insurance policies with respect to underlying claims for which the Diocese seeks coverage, and otherwise denies paragraph 3.

4. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 4.

5. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese admits only that venue is proper, and otherwise denies paragraph 5.

6. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 6.

2

**FACTUAL BACKGROUND**

**A.    The Underlying Claims**

7.    The Diocese admits that it tendered to Liberty Mutual the lawsuit captioned *Doe 5 v. Diocese of Duluth*, Court File No. 69DU-CV-13-1654, Minnesota Sixth Judicial District Court, County of Saint Louis, and refers to the pleadings in that matter, which must be reviewed in their entirety for the precise allegations against the Diocese.  The Diocese admits that Liberty Mutual sent it a letter dated February 4, 2014, which speaks for itself and must be read in its entirety for its precise terms.  Further answering, the Diocese states that to the extent that paragraph 7 alleges the existence of an agreement between the Diocese and Liberty Mutual in connection with Liberty Mutual's alleged reservation of rights, the allegation is denied.

8.    The Diocese admits that it tendered to Liberty Mutual the lawsuit captioned *Doe 28 v. Diocese of Duluth*, Minnesota Sixth Judicial District Court, County of Saint Louis, and refers to the pleadings in that matter, which must be reviewed in their entirety for the precise allegations against the Diocese.  The Diocese admits that Liberty Mutual sent it a letter dated February 4, 2014, which speaks for itself and must be read in its entirety for its precise terms. Further answering, the Diocese states that to the extent that paragraph 8 alleges the existence of an agreement between the Diocese and Liberty Mutual in connection with Liberty Mutual's alleged reservation of rights, the allegation is denied.

9.    The Diocese admits that it tendered to Liberty Mutual the lawsuit captioned *Doe 30 v. Diocese of Duluth*, Minnesota Second Judicial District Court, County of Ramsey, and refers to the pleadings in that matter, which must be reviewed in their entirety for the precise allegations against the Diocese.  The Diocese admits that Liberty Mutual sent it a letter dated March 14, 2014, which speaks for itself and must be read in its entirety for its precise terms. Further answering, the Diocese states that to the extent that paragraph 9 alleges the existence of

3

an agreement between the Diocese and Liberty Mutual in connection with Liberty Mutual's alleged reservation of rights, the allegation is denied.

10. The Diocese admits that it tendered to Liberty Mutual a "Notice of Claim," and refers to the allegations in that matter, which must be reviewed in their entirety for the precise allegations against the Diocese. The Diocese admits that Liberty Mutual sent it a letter dated January 7, 2015, which speaks for itself and must be read in its entirety for its precise terms.

11. The Diocese admits that it tendered to Liberty Mutual the lawsuit captioned *Doe 68 v. Diocese of Duluth*, Minnesota Sixth Judicial District Court, County of Saint Louis, and refers to the pleadings in that matter, which must be reviewed in their entirety for the precise allegations against the Diocese. The Diocese admits that Liberty Mutual sent it a letter dated October 21, 2015, which speaks for itself and must be read in its entirety for its precise terms. Further answering, the Diocese states that to the extent that paragraph 11 alleges the existence of an agreement between the Diocese and Liberty Mutual in connection with Liberty Mutual's alleged reservation of rights, the allegation is denied.

12. The Diocese admits that it tendered to Liberty Mutual the lawsuit captioned *Doe 70 v. Diocese of Duluth*, Minnesota Sixth Judicial District Court, County of Saint Louis, and refers to the pleadings in that matter, which must be reviewed in their entirety for the precise allegations against the Diocese. The Diocese admits that Liberty Mutual sent it a letter dated October 21, 2015, which speaks for itself and must be read in its entirety for its precise terms. Further answering, the Diocese states that to the extent that paragraph 12 alleges the existence of an agreement between the Diocese and Liberty Mutual in connection with Liberty Mutual's alleged reservation of rights, the allegation is denied.

**B.       The Bankruptcy**

13.     The Diocese admits paragraph 13.

14.     The Diocese admits paragraph 14.

15.     The Diocese admits paragraph 15.

16.     The Diocese admits only that it alleges that Policy No. CLA 770553, Policy No. 3GA 26 24 22, Policy No. 3GA 29 96 59, and Policy No. 4GA 12 60 79 provide coverage. Further answering, the Diocese states that to the extent that paragraph 16 alleges that no other policy for which Liberty Mutual is responsible provides coverage, the Diocese denies paragraph 16.

**C.       The Alleged Policies**

17.     The Diocese admits only that it provided information to Liberty Mutual regarding insurance policies for which Liberty Mutual is responsible, and otherwise denies paragraph 17.

18.     The Diocese admits only that it provided information to Liberty Mutual regarding insurance policies for which Liberty Mutual is responsible, and otherwise denies paragraph 18.

19.     This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 19.

The 1964 – 1967 Alleged Policy

20.     The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 20.

21.     The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 21.

22.     The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 22.

200947.00001/104652340v.3

23. The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 23.

24. The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 24.

25. The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 25.

26. The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 26.

27. The Diocese admits only that it provided information to Liberty Mutual regarding Policy No. CLA 770553, and otherwise denies paragraph 27.

28. The Diocese lacks knowledge or information sufficient to respond to the allegations in paragraph 28 and therefore denies the allegations in their entirety.

### The 1967 – 1970 Alleged Policy

29. The Diocese refers to Policy No. 3GA 26 24 22, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 29.

30. The Diocese refers to Policy No. 3GA 26 24 22, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 30.

31. The Diocese refers to Policy No. 3GA 26 24 22, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 31.

32. The Diocese refers to Policy No. 3GA 26 24 22, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 32.

33. The Diocese refers to Policy No. 3GA 26 24 22, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 33.

200947.00001/104652340v.3

34. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 34.

35. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 35.

36. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 36.

37. The Diocese refers to Policy No. 3GA 26 24 22, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 37.

38. The Diocese admits only that it provided information to Liberty Mutual regarding Policy No. 3GA 26 24 22, and otherwise denies paragraph 38.

39. The Diocese lacks knowledge or information sufficient to respond to the allegations in paragraph 39 and therefore denies the allegations in their entirety.

The 1970 - 1973 Alleged Policy

40. The Diocese refers to Policy No. 3GA 29 96 59, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 40.

41. The Diocese refers to Policy No. 3GA 29 96 59, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 41.

42. The Diocese refers to Policy No. 3GA 29 96 59, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 42.

43. The Diocese refers to Policy No. 3GA 29 96 59, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 43.

44. The Diocese refers to Policy No. 3GA 29 96 59, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 44.

200947.00001/104652340v.3

45. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 45.

46. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 46.

47. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 47.

48. The Diocese refers to Policy No. 3GA 29 96 59, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 48.

49. The Diocese admits only that it provided information to Liberty Mutual regarding Policy No. 3GA 29 96 59, and otherwise denies paragraph 49.

50. The Diocese lacks knowledge or information sufficient to respond to the allegations in paragraph 50 and therefore denies the allegations in their entirety.

## The 1973 Alleged Policy

51. The Diocese refers to Policy No. 4GA 12 60 79, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 51.

52. The Diocese refers to Policy No. 4GA 12 60 79, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 52.

53. The Diocese refers to Policy No. 4GA 12 60 79, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 53.

54. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, Diocese denies paragraph 54.

55. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, Diocese denies paragraph 55.

200947.00001/104652340v.3

56. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, Diocese denies paragraph 56.

57. The Diocese refers to Policy No. 4GA 12 60 79, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 57.

58. The Diocese refers to Policy No. 4GA 12 60 79, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 58.

59. The Diocese admits only that it provided information to Liberty Mutual regarding Policy No. 4GA 12 60 79, and otherwise denies paragraph 59.

60. The Diocese lacks knowledge or information sufficient to respond to the allegations in paragraph 60 and therefore denies the allegations in their entirety.

The Alleged XOV Policy

61. The Diocese admits only that it alleges that the policy bearing number XOV 770553 ("Policy No. XOV 770553") provides coverage. The Diocese refers to evidence of the existence of Policy No. XOV 770553, which speaks for itself and must be read in its entirety, and otherwise denies paragraph 61.

62. The Diocese denies paragraph 62, including any allegation that the information concerning Policy No. XOV 770553 that the Diocese provided to Liberty Mutual, including but not limited to Great American specimen policy documents and forms, is insufficient to demonstrate the existence or terms of Policy No. XOV 770553.

63. The Diocese admits only that it provided information to Liberty Mutual regarding Policy No. CLA 770553. The Diocese refers to Policy No. CLA 770553, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 63.

64. The Diocese denies paragraph 64.

9

65. The Diocese denies paragraph 65.

66. The Diocese denies paragraph 66.

## ANSWERING COUNT I
### Declaratory Relief: 1964 – 1967 Alleged Policy

67. The Diocese repeats and re-alleges its responses to paragraphs 1 through 66, above, as if fully set forth herein.

68. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 68.

69. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 69.

70. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 70.

71. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 71.

72. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese paragraph 72.

73. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 73.

## ANSWERING COUNT II
### Declaratory Relief: 1967 – 1970 Alleged Policy

74. The Diocese repeats and re-alleges its responses to paragraphs 1 through 73, above, as if fully set forth herein.

75. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 75.

10

76. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 76.

77. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 77.

78. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 78.

79. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 79.

80. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 80.

81. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 81.

**ANSWERING COUNT III**
**Declaratory Relief:  1970 – 1973 Alleged Policy**

82. The Diocese repeats and re-alleges its responses to paragraphs 1 through 81, above, as if fully set forth herein.

83. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 83.

84. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 84.

85. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 85.

86. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 86.

11

87. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 87.

88. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 88.

89. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 89.

## ANSWERING COUNT IV
### Declaratory Relief: 1973 Alleged Policy

90. The Diocese repeats and re-alleges its responses to paragraphs 1 through 89, above, as if fully set forth herein.

91. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 91.

92. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 92.

93. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 93.

94. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 94.

95. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 95.

96. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 96.

200947.00001/104652340v.3

## ANSWERING COUNT IV
### Declaratory Relief: Alleged XOV Policy

97. The Diocese repeats and re-alleges its responses to paragraphs 1 through 96, above, as if fully set forth herein.

98. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 98.

99. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 99.

100. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 100.

## PRAYER FOR RELIEF

101. The paragraphs following paragraph 100 constitute Liberty Mutual's prayer for relief and jury demand, to which no response is required or necessary. To the extent a response is required, the Diocese denies that Liberty Mutual is entitled to relief it is seeking.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Liberty Mutual's Counterclaim (and each cause of action asserted therein) fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Liberty Mutual's Counterclaim (and each cause of action asserted therein) is barred, in whole or in part, by the doctrine of waiver, estoppel, quasi-estoppel, unclean hands, and/or laches.

**Third Affirmative Defense**

Liberty Mutual's Counterclaim (and each cause of action asserted therein) may be barred, in whole or in part, by the doctrines of *res judicata* and/or issue preclusion.

**Fourth Affirmative Defense**

The Diocese reserves the rights to assert other affirmative defenses places Liberty Mutual on notice that the Diocese may amend this Answer to State any further and additional defenses that come to light in the future.

**JURY DEMAND**

The Diocese demands a trial by jury on issues so triable raised in the Counterclaim.

WHEREFORE, the Diocese denies that Liberty Mutual is entitled to any relief whatsoever; prays for judgment that Liberty Mutual take nothing and that the counterclaim be dismissed with prejudice, with costs and disbursements to the Diocese; and prays for all attorneys' fees incurred in the defense of Liberty Mutual's Counterclaim against the Diocese.

Dated: January 9, 2017

Respectfully submitted,

**BLANK ROME LLP**

By: /s/ *James R. Murray*
James R. Murray (admitted *pro hac vice*)
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-3409
Facsimile: (202) 420-2201
jmurray@blankrome.com

Jared Zola (admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5209
Facsimile: (917) 591-8538
jzola@blankrome.com

-and-

                                        **GRAY PLANT MOOTY**
                                         **MOOTY & BENNETT, P.A.**

By:   /s/ *Phillip L. Kunkel*
       Phillip L. Kunkel (#058981)
       1010 West Germain Street, Suite 500
       Saint Cloud, MN 56301
       Telephone: (320) 202-5335
       Facsimile: (320) 252-4482
       Phillip.kunkel@gpmlaw.com

*Counsel for Diocese of Duluth*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

Diocese of Duluth,

      Plaintiff,

                        Adversary Proceeding No.: 16-05012

v.

LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation,

      Defendants.

## CERTIFICATE OF SERVICE

I, Abigail M. McGibbon, hereby certify that on the 9th day of January 2017, I caused a true and correct copy of the foregoing *Plaintiff's Answer to Counterclaim of Liberty Mutual Insurance Company* to be served on the following parties in the manner indicated below.

<u>VIA US Mail</u>
**Catholic Mutual Relief Society of America**
Everett J. Cygal
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 600
Chicago, IL 60606
ecygal@shiffhardin.com

<u>VIA US Mail</u>
**Fireman's Fund Insurance Company**
Charles E. Jones
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Charles.jones@lawmoss.com

<u>VIA CM/ECF</u>
**The Diocese of Duluth**
BLANK ROME LLP
James R. Murray
1825 Eye Street NW
Washington, DC 20006
Jmurray@blankrome.com

<u>VIA CM/ECF</u>
**The Diocese of Duluth**
BLANK ROME LLP
Jared Zola
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jzola@blankrome.com

<u>VIA US Mail</u>
**The Continental Insurance Company**
Laura McNally
LOEB & LOEB LLP
2321 North Clark Street
Suite 2300
Chicago, IL 60654
 lmcnally@loeb.com

<u>VIA US Mail</u>
**Church Mutual Insurance Company**
Christian A. Preus
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
cpreus@bassford.com

<u>VIA CM/ECF</u>
**The Continental Insurance Company**
Jeanne H. Unger
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
junger@bassford.com

<u>VIA CM/ECF</u>
**Liberty Mutual Insurance Company**
Nancy D. Adams
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
nadams@mintz.com

<u>VIA CM/ECF</u>
**Liberty Mutual Insurance Company**
Kristi K. Brownson
Brownson and Brownson & Linnihan, PLLP
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402
kbrownson@brownsonlinnihan.com

| | |
|---|---|
| Dated: January 9, 2016 | /s/ Abigail M. McGibbon<br>Abigail M. McGibbon (#393263)<br>80 South 8th Street, STE 500<br>Minneapolis, MN 55402<br>Telephone: 612-632-3009<br>Fax: 612-632-4009<br>Abigail.mcgibbon@gpmlaw.com |