# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts Corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## PLAINTIFF'S ANSWER TO COUNTERCLAIM AND CROSS-CLAIMS OF
## THE CONTINENTAL INSURANCE COMPANY

Plaintiff Diocese of Duluth answers the Counterclaim and Cross-Claim of The Continental Insurance Company ("Continental") seeking declaratory relief (the "Counterclaim") as follows:

1. Upon information and belief, the Diocese admits only that the State of Minnesota enacted the Child Victims Act. The Diocese refers to the act, which speaks for itself and must be read in its entirety for its precise terms, and otherwise denies paragraph 1.

2. The Diocese admits only that it has been named as a party in claims. The Diocese refers to the pleadings in those matters, which must be reviewed in their entirety for the precise allegations against the Diocese.

3. The Diocese admits only that it has been named as a party in claims. The Diocese refers to the pleadings in those matters, which must be reviewed in their entirety for the precise allegations against the Diocese.

4. The Diocese admits only that it has been named as a party in claims. The Diocese refers to the pleadings in those matters, which must be reviewed in their entirety for the precise allegations against the Diocese.

5. The Diocese admits only that it alleges that the insurance policies for which the Defendants are responsible provide duty to defend coverage and coverage for damages. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants. The Diocese also refers to the pleadings in the claims alleged against the Diocese, which must be reviewed in their entirety for the precise allegations against the Diocese, and otherwise denies paragraph 5.

6. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese refers to the Counterclaim, which must be reviewed in their entirety for the precise allegations, and otherwise denies paragraph 6.

## PARTIES[1]

### CROSS-CLAIMANT AND COUNTERCLAIMANT

7. Upon information and belief, Diocese admits only that Continental is a Pennsylvania corporation with its principal place of business in Illinois, and that Continental

---

[1] In this Answer, the Diocese uses the headings in the Counterclaim for ease of reference. By doing so, the Diocese is not conceding the truth of any allegation that may be deemed to have been made in such headings.

200947.00001/104723130v.2

conducts its insurance business throughout the United States and is authorized to, and does, transact business in the State of Minnesota.

### COUNTER-DEFENSE DIOCESE

8. The Diocese admits paragraph 8.

9. The Diocese admits only that the Bishop is an official of the Diocese with authority over certain matters within the Diocese and that the Diocese engages varied activities, and otherwise denies paragraph 9.

### CROSS-DEFENDANT INSURERS

10. The Diocese admits only that it purchased insurance policies for which the insurers identified in the Counterclaim are responsible and that it seeks coverage in this matter under the insurance policies. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 10.

11. On information and belief, the Diocese admits that Liberty Mutual is a Massachusetts corporation with its primary place of business in Massachusetts and that it is authorized to, and does, transact business in the State of Minnesota. The Diocese admits that it seeks coverage under insurance policies for which Liberty Mutual is responsible. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 11.

12. On information and belief, the Diocese admits that Fireman's Fund Insurance Company ("FFIC") is a California corporation with its primary place of business in California and that it is authorized to, and does, transact business in the State of Minnesota. The Diocese admits that it seeks coverage under insurance policies for which FFIC is responsible. The

3

Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 12.

13. On information and belief, the Diocese admits that Church Mutual is a Wisconsin corporation with its primary place of business in Wisconsin and that it is authorized to, and does, transact business in the State of Minnesota. The Diocese admits that it seeks coverage under insurance policies for which Church Mutual is responsible. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 13.

14. On information and belief, the Diocese admits that Catholic Mutual Relief Society ("Catholic Mutual") is a Nebraska corporation with its primary place of business in Nebraska and that it is authorized to, and does, transact business in the State of Minnesota. The Diocese admits that it seeks coverage under insurance policies for which Catholic Mutual is responsible. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 14.

### JURISDICTION AND VENUE

15. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese refers to the Counterclaim, which must be reviewed in their entirety for the precise allegations, and otherwise denies paragraph 15.

16. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 16.

17. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 17.

18. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 18.

19. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 19.

## ANSWERING FIRST CAUSE OF ACTION
### (Trigger)

20. The Diocese repeats and re-alleges its responses to paragraphs 1 through 19, above, as if fully set forth herein.

21. The Diocese refers to the policies for which Continental is responsible, which speaks for themselves and must be read in their entirety for their precise terms, and otherwise denies paragraph 21.

22. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese refers to the pleadings in the claims alleged against the Diocese, which must be reviewed in their entirety for the precise allegations against the Diocese. Also, the Diocese lacks knowledge or information sufficient to respond to the allegations in paragraph 22 and therefore denies paragraph 22.

23. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 23.

24. The Diocese denies paragraph 24.

## ANSWERING SECOND CAUSE OF ACTION
### (Pro Rata Allocation for Indemnity)

25. The Diocese repeats and re-alleges its responses to paragraphs 1 through 24, above, as if fully set forth herein.

26. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 26.

27. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 27.

5

28. The Diocese denies paragraph 28.

## ANSWERING THIRD CAUSE OF ACTION
**(Scope of the Accidents/Occurrences)**

29. The Diocese repeats and re-alleges its responses to paragraphs 1 through 28, above, as if fully set forth herein.

30. The Diocese refers to the policies for which Continental is responsible, which speak for themselves and must be read in their entirety for their precise terms, and otherwise denies paragraph 30.

31. The Diocese admits only that it seeks coverage in this matter under the insurance policies. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 31.

32. The Diocese denies paragraph 32.

33. The Diocese denies paragraph 33.

## ANSWERING FOURTH CAUSE OF ACTION
**(Treatment of Multi-Year Policies)**

34. The Diocese repeats and re-alleges its responses to paragraphs 1 through 33, above, as if fully set forth herein.

35. The Diocese refers to the policies for which Continental is responsible, which speak for themselves and must be read in their entirety for their precise terms, and otherwise denies paragraph 35.

36. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 36.

37. The Diocese refers to its allegations in this matter, which must be reviewed in their entirety for the precise allegations against the Defendants, and otherwise denies paragraph 37.

200947.00001/104723130v.2

38. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 38.

39. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 39.

40. The Diocese denies paragraph 40.

### ANSWERING FIFTH CAUSE OF ACTION
### (No Accident)

41. The Diocese repeats and re-alleges its responses to paragraphs 1 through 40, above, as if fully set forth herein.

42. The Diocese refers to the policies for which Continental is responsible, which speak for themselves and must be read in their entirety for their precise terms, and otherwise denies paragraph 42.

43. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese denies paragraph 43.

44. This paragraph states a legal conclusion, to which no response is required or necessary. The Diocese refers to the pleadings in the claims alleged against it, which must be reviewed in their entirety for the precise allegations against the Diocese, and otherwise denies paragraph 44.

45. The Diocese denies paragraph 45.

### ANSWERING SIXTH CAUSE OF ACTION
### (Expected or Intended)

46. The Diocese repeats and re-alleges its responses to paragraphs 1 through 45, above, as if fully set forth herein.

200947.00001/104723130v.2

47. The Diocese refers to the policies for which Continental is responsible, which speak for themselves and must be read in their entirety for their precise terms, and otherwise denies paragraph 47.

48. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent that a response is required, the Diocese refers to the pleadings in the claims alleged against it, which must be reviewed in their entirety for the precise allegations against the Diocese, and otherwise denies paragraph 48.

49. The Diocese denies paragraph 49.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract – Late Notice)

50. The Diocese repeats and re-alleges its responses to paragraphs 1 through 49, above, as if fully set forth herein.

51. The Diocese refers to the policies for which Continental is responsible, which speak for themselves and must be read in their entirety for their precise terms, and otherwise denies paragraph 51.

52. This paragraph states a legal conclusion, to which no response is required or necessary. To the extent a response is required, the Diocese denies paragraph 52.

53. The Diocese denies paragraph 53.

54. The Diocese denes paragraph 54.

The paragraphs following paragraph 54 constitute Continental's prayer for relief and jury demand, to which no response is required or necessary. To the extent a response is required, the Diocese denies that Continental is entitled to relief it is seeking.

8

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

Continental's Counterclaim (and each cause of action asserted therein) fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Continental's Counterclaim (and each cause of action asserted therein) is barred, in whole or in part, by the doctrine of waiver, estoppel, quasi-estoppel, unclean hands, and/or laches.

## Third Affirmative Defense

Continental's Counterclaim (and each cause of action asserted therein) may be barred, in whole or in part, by the doctrines of *res judicata* and/or issue preclusion.

## Fourth Affirmative Defense

The Diocese reserves the rights to assert other affirmative defenses and Continental on notice that the Diocese may amend this Answer to State any further and additional defenses that come to light in the future.

200947.00001/104723130v.2

## JURY DEMAND

The Diocese demands a trial by jury on issues so triable raised in the Counterclaim.

WHEREFORE, the Diocese denies that Continental is entitled to any relief whatsoever; prays for judgment that Continental take nothing and that the counterclaim be dismissed with prejudice, with costs and disbursements to the Diocese; and prays for all attorneys' fees incurred in the defense of Continental's Counterclaim against the Diocese.

Dated:  January 9, 2017                              Respectfully submitted,

**BLANK ROME LLP**

By:  /s/ *James R. Murray*
James R. Murray (admitted *pro hac vice*)
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-3409
Facsimile: (202) 420-2201
jmurray@blankrome.com

Jared Zola (admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5209
Facsimile: (917) 591-8538
jzola@blankrome.com

-and-

**GRAY PLANT MOOTY
  MOOTY & BENNETT, P.A.**

By:  /s/ *Phillip L. Kunkel*
Phillip L. Kunkel (#058981)
1010 West Germain Street, Suite 500
Saint Cloud, MN 56301
Telephone: (320) 202-5335
Facsimile: (320) 252-4482
Phillip.kunkel@gpmlaw.com

*Counsel for Diocese of Duluth*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Abigail M. McGibbon, hereby certify that on the 9th day of January 2017, I caused a true and correct copy of the foregoing *Plaintiff's Answer to Counterclaim and Cross Claims of the Continental Insurance Company* to be served on the following parties in the manner indicated below.

<u>VIA US Mail</u>
**Catholic Mutual Relief Society of America**
Everett J. Cygal
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 600
Chicago, IL 60606
ecygal@shiffhardin.com

<u>VIA US Mail</u>
**Fireman's Fund Insurance Company**
Charles E. Jones
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Charles.jones@lawmoss.com

<u>VIA CM/ECF</u>
**The Diocese of Duluth**
BLANK ROME LLP
James R. Murray
1825 Eye Street NW
Washington, DC 20006
Jmurray@blankrome.com

<u>VIA CM/ECF</u>
**The Diocese of Duluth**
BLANK ROME LLP
Jared Zola
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jzola@blankrome.com

<u>VIA US Mail</u>
**The Continental Insurance Company**
Laura McNally
LOEB & LOEB LLP
2321 North Clark Street
Suite 2300
Chicago, IL 60654
 lmcnally@loeb.com

<u>VIA US Mail</u>
**Church Mutual Insurance Company**
Christian A. Preus
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
cpreus@bassford.com

<u>VIA CM/ECF</u>
**The Continental Insurance Company**
Jeanne H. Unger
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
junger@bassford.com

<u>VIA CM/ECF</u>
**Liberty Mutual Insurance Company**
Nancy D. Adams
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
nadams@mintz.com

<u>VIA CM/ECF</u>
**Liberty Mutual Insurance Company**
Kristi K. Brownson
Brownson and Brownson & Linnihan, PLLP
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402
kbrownson@brownsonlinnihan.com

2

Dated: January 9, 2016 /s/ Abigail M. McGibbon
Abigail M. McGibbon (#393263)
80 South 8th Street, STE 500
Minneapolis, MN 55402
Telephone: 612-632-3009
Fax: 612-632-4009
Abigail.mcgibbon@gpmlaw.com