# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## NOTICE OF HEARING AND MOTION OF LIBERTY MUTUAL INSURANCE COMPANY FOR (A) EXPEDITED RELIEF AND (B) ENTRY OF AN ORDER TO STAY ALL MATTERS IN THE ADVERSARY PROCEEDING PENDING RULING ON THE AMENDED MOTION TO WITHDRAW THE REFERENCE

TO: The Debtor and other entities specified in Local Bankruptcy Rule 9013-3:

1.  Liberty Mutual Insurance Company[1] moves pursuant to Federal Rule of Bankruptcy Procedure 5011(c) to stay all matters in this adversary proceeding, including without limitation, any decisions on pending summary judgment motions, pending the district court's

---

[1] The First Amended Complaint incorrectly names Liberty Mutual Insurance Company as Liberty Mutual Group.

66719050v.8

ruling on the *Certain Insurers' Amended Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1*, which was filed on February 6, 2017.

2. The court will hold a hearing on this stay motion on February 16, 2017 at 9:00 a.m., Courtroom 8 West, at the United States Courthouse, at 300 South Fourth Street, Minneapolis, Minnesota.

3. Local Rule 9006-1(c) provides deadlines for response to this motion. However, given the expedited nature of the relief sought, Liberty Mutual Insurance Company does not object to written responses being served and filed forty-eight (48) hours prior to the hearing.

4. The petition commencing this chapter 11 case was filed on December 7, 2015. The case is now pending before this court.

5. This court has jurisdiction over the stay motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the stay motion is proper pursuant to 28 U.S.C. § 1409(a).[2]

6. The basis for the relief sought in this stay motion is Bankruptcy Rule 5011(c). Bankruptcy Rule 5011(c) authorizes a bankruptcy court to stay proceedings pending the disposition of a motion to withdraw the reference. As discussed more fully in the memorandum of law in support of the stay motion, Liberty Mutual Insurance Company and certain other insurers have a strong likelihood of prevailing on the merits, because there is good cause to withdraw the reference of this adversary proceeding now. The amended complaint raises non-core issues that the court can only issue proposed findings of fact and conclusions of law, and Liberty Mutual Insurance Company has requested a jury trial and has not consented to a jury trial in the bankruptcy

---

[2] Liberty Mutual Insurance Company has moved to withdraw the reference to the bankruptcy court of the adversary proceeding. Accordingly, the foregoing statement concerning jurisdiction and venue are subject to the arguments contained in the motion to withdraw the reference.

court. Second, Liberty Mutual Insurance Company and other parties in the adversary proceeding will be harmed if the stay is not granted. Absent a stay, there is a substantial risk of duplicative litigation, as any final judgment is subject to *de novo* review by the district court. Third, a stay will not prejudice any of the parties as the adversary proceeding is at a very early stage. In fact, a stay of the proceeding will preserve estate assets, because the parties will not be required to litigate the claims before this court and the district court. Fourth, a stay pending the district court's decision to withdraw the reference will serve the public interest by preserving judicial resources and promoting judicial economy by preventing two federal judicial officers from considering the same summary judgment motions.

7. Liberty Mutual Insurance Company requests expedited determination of the stay motion, because the hearing on the Diocese's motions for partial summary judgment is scheduled for February 9 and rulings on the motion will likely follow soon. Liberty Mutual Insurance Company has diligently worked to file this stay motion as soon as practicable, given the complexity of the issues in the motion to withdraw the reference. Liberty Mutual Insurance Company submits that it has complied with the service and notice requirements of Local Rule 9006-1(e).

WHEREFORE, for the reasons set forth in this stay motion and the accompanying memorandum of law, Liberty Mutual Insurance Company respectfully requests that this court enter an order staying all matters in the adversary proceeding pending a determination by the district court of the amended motion to withdraw the reference, and granting such other relief as the court deems just and proper.

    **LIBERTY MUTUAL INSURANCE COMPANY**
    By its attorneys,

    */s/ Kristi K. Brownson*
    Kristi K. Brownson, Esq. (#259986)

        Brownson & Linnihan, PLLP
        225 South Sixth Street, Suite 4800
        Minneapolis, MN 55402
        (612) 332-4020
        (612) 332-4025 (Facsimile)
        kbrownson@brownsonlinnihan.com

        *and*

        */s/ Nancy D. Adams*
        Nancy D. Adams, Esq.  (*pro hac vice*)
        Kevin J. Walsh, Esq.  (*pro hac vice*)
        Mintz, Levin, Cohn, Ferris,
            Glovsky and Popeo, P.C.
        One Financial Center
        Boston, Massachusetts 02111
        (617) 348-1865
        (617) 542-2241 (Facsimile)
        nadams@mintz.com
        kjwalsh@mintz.com

Dated:  February 7, 2017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |
| Diocese of Duluth, | |
| Plaintiff, | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

### AFFIDAVIT OF SERVICE EFFORTS PURSUANT TO MINNESOTA LOCAL BANKRUPTCY RULE 9006-1(e)

I, Kevin J. Walsh, hereby declare:

1.      That I am employed by Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., the attorney for Liberty Mutual Insurance Company.

2.      On February 7, 2017, copies of the stay motion and the supporting memorandum of law were sent to parties specified in Local Bankruptcy Rule 9013-1 via email and electronically by Notice of Electronic filing upon those parties who have requested electronic service in this case

by filing the same via ECF with the Bankruptcy court in the District of Minnesota. This provided the most expeditious service and notice possible under the circumstances as required by Local Bankruptcy Rule 9006-1(e).

s/ Kevin Walsh _____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

**LIBERTY MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER TO STAY ALL MATTERS IN THE ADVERSARY PROCEEDING PENDING RULING ON THE AMENDED MOTION TO WITHDRAW THE REFERENCE**

Liberty Mutual Insurance Company[1], pursuant to Bankruptcy Rule 5011(c), respectfully submits this memorandum of law in support of its motion to stay all matters in this adversary proceeding pending a determination by the United States District Court for the District of

---

[1] The First Amended Complaint incorrectly names Liberty Mutual Insurance Company as Liberty Mutual Group.

66722068v.6

Minnesota of the *Certain Insurers' Motion to Withdraw the Reference To the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1*. Liberty Mutual Insurance Company asks the court to stay all activity in the adversary proceeding until the district court has ruled on the motion to withdraw the reference and determined in what forum the claims will proceed. In support of this stay motion, the Liberty Mutual Insurance Company respectfully states as follows:

## BACKGROUND

1.  On or about December 7, 2015, the Diocese of Duluth filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Minnesota. The Diocese continues to operate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 case.

2.  On December 2, 2016, the Diocese filed an amended complaint, seeking declaratory judgment of rights and duties of the Diocese and certain insurers[2] under alleged insurance policies and certificates. In the amended complaint, the Diocese raises issues regarding the existence and extent of insurance coverage for the consequences of certain sex abuse claims. D.E. 8, ¶¶ 18-19, 32-33. The Diocese requests that the court determine certain coverage issues that have arisen between the parties, including, but not limited to: (i) the number of occurrences; (ii) the applicable limits of liability; (iii) the applicability of professional services exclusion; and (iv) the existence of an alleged policy. *Id.* at 33. The Diocese requested a jury trial. *Id.*

---

[2] The insurers are: (1) Liberty Mutual Insurance Company; (2) Catholic Mutual Relief Society of America; (3) Church Mutual Insurance Company; (4) The Continental Insurance Company; and (5) Fireman's Fund Insurance Company.

2

3. On December 19, 2016, Liberty Mutual Insurance Company filed its answer to the amended complaint, in which Liberty Mutual Insurance Company made a demand for a jury trial. In the answer, Liberty Mutual Insurance Company filed counterclaims. Liberty Mutual Insurance Company has not consented to the exercise of jurisdiction by the bankruptcy court. *See* D.E. 14, 17-19. On the same day, the Diocese filed three motions for partial summary judgment, seeking final determination of certain non-core issues. *See* D.E. 10-12.

4. On December 22, 2016, Liberty Mutual Insurance Company and certain other insurers filed an amended motion to transfer the adversary proceeding pursuant to local Bankruptcy Rule 5011-3(a). D.E. 23. In the amended transfer motion, Liberty Mutual Insurance Company and certain other insurers asserted that: (1) it timely demanded a right to a jury trial on the claims raised in the adversary proceeding, and does not consent to a jury trial in the bankruptcy court; and (2) the claims raised in the adversary proceeding are non-core matters that must be adjudicated by the district court. D.E. 23.

5. On January 12, 2017, the court held a hearing on the transfer motion. The court denied the transfer motion, but made no determination on whether the adversary proceeding raised core or non-core issues. The hearing with respect to the motions for partial summary judgment is now scheduled for February 9, 2017. D.E. 33. Liberty Mutual Insurance Company filed its response to the motion for partial summary judgment on February 3, 2017. D.E. 46.

6. On February 6, 2017, Liberty Mutual Insurance Company and certain other insurers filed a joint amended motion to withdraw the reference of the adversary proceeding. D.E. 47.

**ARGUMENT**

7.  Bankruptcy Rule 5011(c) authorizes a bankruptcy court to stay proceedings pending the disposition of a motion to withdraw the reference. Bankruptcy Rule 5011(c) provides that:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge *except that the bankruptcy judge may stay*, on such terms and conditions as are proper, proceedings pending disposition of the motion.

Fed. R. Bankr. P. 5011(c) (emphasis added).

8.  Although Rule 5011(c) does not specify the standard to be used by this court in deciding whether to stay proceedings pending a withdrawal of the reference motion, courts have applied the same standard used in determining whether to stay proceedings in other contexts. *In re Nw. Inst. of Psychiatry, Inc.*, 268 B.R. 79, 83 (Bankr. E.D. Pa. 2001) (applying standard used for stay pending judicial review); 9 Collier on Bankruptcy ¶ 5011.03[2][b] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.). Thus, a stay is warranted where: (i) the movant is likely to prevail on the merits; (ii) the movant will be irreparably harmed if the stay is denied; (iii) the other party will not suffer any substantial harm if the stay is granted; and (iv) the public interest will be served by grant of the stay. *See Miller v. Vigilant Ins. Co. & Designed Coverage Corp. (In re Eagle Enters., Inc.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001); *Priest v. Interco, Inc. (In re Interco, Inc.)*, 135 B.R. 359, 361 (Bankr. E.D. Mo. 1991).

9.  Bankruptcy courts have acknowledged the appropriateness of a stay under similar circumstances. For example, in *In re Eagle Enters*, the trustee filed an adversary proceeding against an insurer alleging breach of contract, breach of fiduciary duty, and professional negligence and demanded a jury trial. *In re Eagle Enters, Inc.*, 259 B.R. at 85-86. The insurer moved for withdrawal of the reference and sought a stay pending the district court's disposition of the motion.

4

*Id*. at 86.  The bankruptcy court entered the stay.  First, the bankruptcy court noted that "[s]ince the claims at issue are noncore and the Plaintiffs have requested a jury trial, the Complaint would have to be tried by the District unless [the insurer] were to consent to a jury trial in the Bankruptcy Court." *Id*. at 88.  Because the insurer would not consent to a jury trial in the bankruptcy court, the court found "that is more likely than not that the District Court will ultimately withdraw the reference of this matter on those grounds." *Id.* at 88.  The court further held that judicial economy and the public interest would be served by the withdrawal, finding that the harm to the insurer "in the form of duplicative costs of litigating" in separate forums outweighed the prejudice to the plaintiff given that "the case [wa]s relatively new." *Id*. at 89. *See also Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.)*, No. 10-80143-DD, 2011 Bankr. LEXIS 2691, at *1-2 (Bankr. D.S.C. Jan. 21, 2011) (granting a stay and finding that the withdrawal motion was "colorable" and that it was "very unlikely that [the trustee would] suffer any harm resulting from a brief stay in the proceedings.")

10. Similarly, the factors weigh in favor of staying this proceeding under the circumstances present here. First, Liberty Mutual Insurance Company and certain other insurers are likely to prevail on the merits of the withdrawal motion.  There is good cause to withdraw the reference of this adversary proceeding. The claims in the amended complaint raise state law issues regarding insurance contract interpretation, and as such, are non-core matters.  Because the Diocese's claims are non-core, this court cannot enter final judgment on any of these claims. 28 U.S.C. § 157(c)(1) ("a bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge); *see also Stern v. Marshall*, 564 U.S. 462, 476 (2011) (when "a referred 'proceeding…is not a core proceeding but…is otherwise related to a case under title 11,' the judge may only 'submit proposed

5

findings of fact and conclusions of law to the district court.'') (quoting 28 U.S.C. § 157(c)(1)).  If objected to, such findings and conclusions are subject to a *de novo* review by the district court, which then enters final judgement on the claims. 28 U.S.C. § 157(c); Fed. R. Bankr. P. 9033(d).

11.   The unique procedural posture of this case highlights the appropriateness of withdrawing the reference.  Before Liberty Mutual Insurance Company filed its answer to the amended complaint, the Diocese filed three motions for partial summary judgment, seeking final determination of non-core claims.  This court is limited to issuing proposed findings of fact and conclusions of law, which would then be subject to *de novo* review by the district court.  Because this court lacks authority to enter final orders on these claims, a district court would likely find good cause to withdraw the reference of the adversary proceeding.

12.   There is also cause to withdraw the reference, because Liberty Mutual Insurance Company has demanded a jury trial and has not consented to having a jury trial in the bankruptcy court.  Accordingly, any jury trial must be conducted by the district court. 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding…the bankruptcy judge *may* conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the *express consent* of all the parties.) (emphasis added).  Because Liberty Mutual Insurance Company does not consent to a jury trial in the bankruptcy court, a district court would likely withdraw the reference of the adversary proceeding on this ground.  *See, e.g., In re Eagle Enters, Inc.*, 259 B.R. at 88.

13.   Second, Liberty Mutual Insurance Company will be irreparably harmed if the stay motion is not granted.  Absent a stay, there is a substantial risk of duplication of efforts and inefficient use of judicial resources.  For example, if Liberty Mutual Insurance Company is required litigate the motions for partial summary judgment in the bankruptcy court, the court could only issue proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c); Fed. R. Bankr.

6

P. 9033. These proposed findings would be subject to *de novo* review by a district court, which could require additional briefing on the same non-core issues. Because the district court will ultimately have to resolve the claims alleged in the amended complaint, any further action by this court would subject Liberty Mutual Insurance Company to unreasonable and duplicative litigation costs. Additionally, if the court enters final orders on non-core claims, the parties would likely be involved in further litigation and possible appeals over such rulings, which would require additional briefing and arguments. If matters in this adversary proceeding are not stayed, Liberty Mutual Insurance Company and other parties in the adversary proceeding could incur substantial costs.

14.     Third, the Diocese will suffer no harm if the stay is granted. The adversary proceeding is in its infancy, and the Diocese has not yet expended significant time or expenses in prosecuting this matter. Furthermore, if the court grants a stay pending a decision on the motion to withdraw the reference, the estate will conserve resources that would otherwise be consumed in duplicative litigation of the motions for partial summary judgment before the district court. If the reference is withdrawn, the estate will have the benefit of receiving a single, final and determinative judgment issued by the district court, without an additional layer of *de novo* review arising from the issuance of proposed findings of fact and conclusions of law.

15.     Fourth, a stay pending the district court's adjudication of the motion to withdraw the reference will serve the public interest because it will promote judicial economy and uniformity. By granting the stay, the court will preserve judicial resources by preventing two federal judicial officers from considering the same summary judgment motions. Additionally, when the district court withdraws the reference, issues subject to purported final orders would have

7

to be re-litigated. Thus, the court should grant this stay motion pending the district court's determination of the amended motion to withdraw the reference.

## CONCLUSION

For these reasons, Liberty Mutual Insurance Company respectfully requests that this court enter an order staying all matters in this adversary proceeding pending a determination by the district court on the amended motion to withdraw the reference of the adversary proceeding.

**LIBERTY MUTUAL INSURANCE COMPANY**
By its attorneys,

*/s/ Kristi K. Brownson*
Kristi K. Brownson, Esq. (#259986)
Brownson & Linnihan, PLLP
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402
(612) 332-4020
(612) 332-4025 (Facsimile)
kbrownson@brownsonlinnihan.com

*and*

*/s/ Nancy D. Adams*
Nancy D. Adams, Esq. (*pro hac vice*)
Kevin J. Walsh, Esq. (*pro hac vice*)
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 348-1865
(617) 542-2241 (Facsimile)
nadams@mintz.com
kjwalsh@mintz.com

Dated: February 7, 2017

8

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts Corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Nancy D. Adams, do hereby certify that on the 7th day of February 2017, I caused a copy of the following:

1. Notice Hearing and Motion of Liberty Mutual Insurance Company for (A) Expedited Relief and (B) Entry of an Order to Stay All Matters in the Adversary Proceeding Pending Ruling on Motion to Withdraw the Reference and Notice of Hearing; and

2. Liberty Mutual Insurance Company's Memorandum of Law in Support of its Expedited Motion to Stay Proceeding Pending Ruling on Motion to Withdraw the Reference

to be served through the ECF system, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those non-registered participants as of the date herein.

Dated: February 7, 2017                              */s/ Nancy D. Adams*

67084830v.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
|     Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
|     Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
|     Defendants. | |

**ORDER ON MOTION OF LIBERTY MUTUAL INSURANCE COMPANY FOR (A) EXPEDITED RELIEF AND (B) ENTRY OF AN ORDER TO STAY ALL MATTERS IN THE ADVERSARY PROCEEDING PENDING RULING ON THE AMENDED MOTION TO WITHDRAW THE REFERENCE**

It is hereby ordered that all matters in this adversary proceeding are hereby stayed pending the district court's determination of the amended motion to withdraw the reference of the adversary proceeding.

**IT IS SO ORDERED:**

Dated: _____    _____
                                                        United States Bankruptcy Judge