# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

        Debtor-in-Possession.

Bankruptcy Case No.: 15-50792

Chapter 11

---

Diocese of Duluth,

        Plaintiff,

v.

LIBERTY MUTUAL GROUP, a Massachusetts Corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation,

        Defendants.

Adversary Proceeding No.: 16-05012

---

## OBJECTION OF THE DIOCESE OF DULUTH TO MOTION OF LIBERTY MUTUAL INSURANCE COMPANY FOR (A) EXPEDITED RELIEF AND (B) ENTRY OF AN ORDER TO STAY ALL MATTERS IN THE ADVERSARY PROCEEDING PENDING RULING ON THE AMENDED MOTION TO WITHDRAW THE REFERENCE

The Diocese of Duluth submits this Objection to the Motion of Liberty Mutual Insurance Company for expedited relief and a stay of all matters in this adversary proceeding pending a ruling on its motion to withdraw the reference pursuant to 28 U.S.C. § 157(d). The motion should be denied because Liberty has failed to establish that such a stay is proper.

**OBJECTION**

On June 24, 2016, the Diocese initiated an adversary proceeding against several insurance carriers. The parties immediately entered into a stipulation to stay further proceedings (the "Stipulation") to facilitate mediation. Following unsuccessful mediation sessions, the Diocese demanded that each insurance carrier file an answer with the Court in accordance with the Stipulation. On December 19, 2016, the Diocese filed three motions for summary judgment. (ECF Doc. No. 10, 11 and 12). The motions were scheduled to be heard on January 26, 2017.

On December 22, 2016, Liberty Mutual, Fireman's Fund, and the Continental Insurance Company (the "Certain Insurers") filed a motion to transfer this adversary proceeding to the District Court. (ECF Doc. No. 19). On January 12, 2017, the Court denied the motion to transfer. (ECF Doc. No. 33). Immediately following the hearing, at the request of Liberty and the other insurers, the Diocese agreed to continue the hearings on its motions for partial summary judgment to February 9, 2017.

On February 6, 2017, the Certain Insurers filed a motion to withdraw the reference of this adversary proceeding. (ECF Doc. No. 47). One day later, on February 7, 2017, Liberty filed this motion to stay all matters in connection with the adversary proceeding. (ECF Doc. No. 50). As scheduled, the Court heard the Diocese's motions for partial summary judgment on February 9, 2017. Those motions are currently under advisement.

Federal Rule of Bankruptcy Procedure 5011(c) permits the Bankruptcy Court to stay proceedings pending a ruling on a motion to withdraw the reference "on such terms and conditions as are proper." It is the movant's burden to demonstrate that a stay of proceedings is appropriate. *See Miller v. Vigilant Ins. Co. (In re Eagle Enterprises, Inc.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001). To succeed, Liberty must demonstrate: (i) it is likely to prevail on the merits; (ii) it will be irreparably harmed if the stay is denied; (iii) the Diocese will not suffer any

substantial harm if the stay is granted; and (iv) the public interest will be served by the granting of the stay. *Id.*

I.  **Likelihood of Prevailing on the Merits**

Liberty asserts that it is likely to prevail on the merits because the Court cannot enter *final* judgment on any of the claims. (ECF Doc. No. 50 at p. 5). In making this statement, Liberty confuses the nature of the partial summary judgment proceedings. "An order granting partial summary judgment is not a final judgment, order or decree; it is interlocutory." *In re Strong*, 293 B.R. 764, 767 (B.A.P. 8th Cir. 2003). Federal Rule of Civil Procedure 54(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7054, provides that "any order or other decisions, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Here, it is clear that even if the Diocese prevails on some or all of its partial summary judgment motions, numerous issues will remain to be resolved. (*See, e.g.*, ECF Doc. No. 47 at pp. 14-15).

In addition, for the reasons described in the Diocese's objection to the motion to transfer, the Certain Insurers are unlikely to prevail on the merits because the Bankruptcy Court retains authority over the proceeding until – at the earliest – it is established that a trial is necessary. (*See* ECF Doc. No. 25 at p. 4).

II. **Irreparable Harm**

Liberty asserts it will be irreparably harmed if the motion to stay is not granted. It points to "a substantial risk of duplication of efforts and inefficient use of judicial resources" if the motion is not granted. Since oral argument has already occurred before this Court, it is difficult, if not impossible to conceive how transferring this proceeding would be a more efficient use of

3

judicial resources. Again, Liberty misunderstands this Court's authority to decide the motions for partial summary judgment.

Liberty also suggested that it will be harmed because it "could incur substantial costs." (ECF Doc. No. 50 at p. 7). Courts have continuously held that monetary losses alone will generally not amount to irreparable harm. *See e.g., In re Holstine*, 458 B.R. 392 (Bankr. E.D. Mich. 2011), *aff'd*, No. 11-14573, 2012 WL 2891220 (E.D. Mich. July 15, 2012); *In re Abbo*, 191 B.R. 680 (Bankr. N.D. Ohio 1996) (indicating that monetary harm by itself is not irreparable injury).

### III.  Harm to the Diocese

"In the bankruptcy context, a court must concern itself not only with harm to the nonmovant from a stay, but harm to the interests of the entire bankruptcy estate." *In re Dana Corp.*, 2007 WL 2908221, October 3, 2007, at *1, (Bankr. S.D.N.Y 2007) (citing *In re Leslie Fay Companies, Inc.*, 181 B.R. 156 (Bankr. S.D.N.Y. 1995)). Liberty asserts the Diocese will not suffer any harm if the stay is granted. This contention is somewhat startling. Apparently, significant time or expenses in litigating this matter constitutes irreparable harm when incurred by Liberty, but do not constitute any harm when incurred by the Diocese. This argument ignores the procedural posture of this case and the fact that the summary judgment hearings have already been held.

### IV.  Public Interest

Finally, Liberty contends that repeating the hearings on the Diocese's partial summary judgment motions will conserve judicial resources and promote judicial economy. For reasons described during the hearing on the motion to transfer, this argument is ineffective. It cannot possibly promote judicial economy to repeat a hearing in front of another judicial officer rather than have this Court simply rule on the motions that have already been argued.

4

**CONCLUSION**

Liberty has not carried its burden to prove that a stay is necessary. For the foregoing reasons, the Diocese of Duluth respectfully requests that the Court deny Liberty's stay motion.

Dated: February 15, 2017

**ELSAESSER JARZABEK ANDERSON ELLIOTT & MACDONALD, CHTD**

/s/ J. Ford Elsaesser
Bruce A. Anderson (admitted *pro hac vice*)
J. Ford Elsaesser (admitted *pro hac vice*)
123 South Third Avenue
Suite 24
Sandpoint, ID 83864
Phone: 208-263-8517
brucea@ejame.com
ford@ejame.com

**GRAY PLANT MOOTY MOOTY & BENNETT**

/s/ Phillip L. Kunkel
Phillip L. Kunkel (#058981)
Abigail M. McGibbon (#0393263)
101 West St. Germain
Suite 500
St. Cloud, MN 56301
Phone: 320-202-5335
phillip.kunkel@gpmlaw.com
abigail.mcgibbon@gpmlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.:  15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | |
| | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Abigail M. McGibbon, hereby certify that on the 15th day of February 2017, I caused a true and correct copy of the foregoing *Objection of the Diocese of Duluth to Motion of Liberty Mutual Insurance Company for (a) Expedited Relief and (b) Entry of an Order to Stay all Matters in the Adversary Proceeding Pending Ruling of the Amended Motion to Withdraw for Reference* to be served on the following parties in the manner indicated below.

6

VIA US Mail
**Fireman's Fund Insurance Company**
Charles E. Jones
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Charles.jones@lawmoss.com

VIA CM/ECF
**The Diocese of Duluth**
BLANK ROME LLP
James R. Murray
1825 Eye Street NW
Washington, DC 20006
Jmurray@blankrome.com

VIA CM/ECF
**The Diocese of Duluth**
BLANK ROME LLP
Jared Zola
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jzola@blankrome.com

VIA CM/ECF
**Liberty Mutual Insurance Company**
Kristi K. Brownson
Brownson and Brownson & Linnihan, PLLP
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402
kbrownson@brownsonlinnihan.com

VIA CM/ECF
**The Continental Insurance Company**
Jeanne H. Unger
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
junger@bassford.com

VIA CM/ECF
**Liberty Mutual Insurance Company**
Nancy D. Adams
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
nadams@mintz.com

VIA CM/ECF
**The Diocese of Duluth**
Bruce A. Anderson
ELSAESSER JARZABEK ANDERSON
ELLIOTT and MACDONALD, CHTD.
320 East Neider Avenue
Suite 102
Coeur d'Alene, ID 83815
Telephone: (208) 667-2900
Facsimile: (208) 667-2150
Email: brucea@ejame.com

VIA CM/ECF
**The Continental Insurance Company**
Laura McNally
LOEB & LOEB, LLP
321 North Clark Street, Suite 2300
Chicago, IL 60610
Telephone: (312) 464-3155
Facsimile: (312) 464-3111 Email:
lmcnally@loeb.com

VIA CM/ECF
**The Diocese of Duluth**
J. Ford Elsaesser
ELSAESSER JARZABEK ANDERSON
 ELLIOTT and MACDONALD, CHTD.
123 South Third Avenue
Suite 24
PO Box 1049
Sandpoint, ID 83864
Telephone: (208) 263-8517
Facsimile: (208) 263-0759
Email: ford@ejame.com

VIA CM/ECF
**Catholic Mutual Relief Society of America**
Everett J. Cygal
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
T: 312.258.5500
F: 312.258.5600
Email: ecygal@schiffhardin.com

VIA CM/ECF
**Catholic Mutual Relief Society of America**
David M. Spector
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
T: 312.258.5500
F: 312.258.5600
Email: dspector@schiffhardin.com

VIA CM/ECF
**Church Mutual Insurance Company**
Christian A. Preus
Beth A. Jenson Prouty
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
Email: cpreus@bassford.com
bprouty@bassford.com

Dated: February 15, 2017

/s/ Abigail M. McGibbon
Abigail M. McGibbon (#393263)
80 South 8th Street, STE 500
Minneapolis, MN 55402
Telephone: 612-632-3009
Fax: 612-632-4009
Abigail.mcgibbon@gpmlaw.com

8

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Diocese of Duluth,<br><br>      Debtor-in-Possession. | Bankruptcy Case No.: 15-50792<br><br>Chapter 11 |
| Diocese of Duluth,<br><br>      Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, a Massachusetts Corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation,<br><br>      Defendants. | Adversary Proceeding No.: 16-05012 |

## ORDER DENYING MOTION TO STAY

This proceeding is before the court on the motion of Liberty Mutual Group to stay further proceedings in this adversary proceeding.

Based on the motion and file,

IT IS ORDERED:

    The Motion is denied.

 

_____
United States Bankruptcy Judge