# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Diocese of Duluth,<br><br>      Debtor-in-Possession. | Bankruptcy Case No.: 15-50792<br><br>Chapter 11 |
| Diocese of Duluth,<br><br>      Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, a Massachusetts Corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation,<br><br>      Defendants. | Adversary Proceeding No.: 16-05012 |

**OBJECTION OF THE DIOCESE OF DULUTH TO THE CERTAIN INSURERS' AMENDED MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 157(d), RULE 5011(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 5011-1**

The Diocese of Duluth (the "Diocese") submits this Objection to the Certain Insurers Amended Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rule of Bankruptcy Procedure and Local Bankruptcy Rule 5011-1. The motion should be denied because Liberty Mutual Group, Fireman's Fund Insurance

Company and The Continental Insurance Company (the "Certain Insurers") have failed to establish that withdrawal of reference is proper.

## OBJECTION

On December 7, 2015 the Diocese filed its chapter 11 bankruptcy petition. On June 24, 2016, the Diocese initiated this adversary proceeding against several of its insurance carriers, including the Certain Insurers seeking a determination of its rights under various insurance policies issued by the insurers. The parties immediately entered into a stipulation to stay further proceedings in this adversary proceeding in an effort to facilitate mediation of the coverage issues raised by the Diocese, as well as the resolution of the numerous claims of clergy abuse asserted against the Diocese. The stipulation provided the Diocese could require the insurers to file responsive pleadings upon thirty days' notice. Following two unsuccessful mediation sessions, the Diocese demanded that each insurance carrier file an answer with the Bankruptcy Court. On December 19, 2016, the Certain Insurers each filed answers to the complaint. That same day, the Diocese filed three motions for partial summary judgment on certain of the coverage issues raised. (Bankr. Doc. No. 10, 11 and 12). A hearing was held on February 9, 2016 on the Diocese's motions. Those motions are currently under advisement with the Bankruptcy Court.

Since the filing of the motions for partial summary judgment, the Certain Insurers have attempted to remove this adversary proceeding from the authority of the Bankruptcy Court. On December 22, 2016, the Certain Insurers filed a motion to transfer this adversary proceeding to the District Court pursuant to Local Rule 5011-3. (Bankr. Doc. No. 19). That motion was denied by the Bankruptcy Court. (Bankr. Doc. No. 33).

On February 6, 2017, the Certain Insurers filed a motion to withdraw the reference of this adversary proceeding pursuant to Local Rule 5011-1. (Bankr. Doc. No. 47). On February 7,

2017, Liberty Mutual Insurance Company filed a motion to stay further proceedings pending the decision on the Certain Insurer's motion to withdraw the reference. On February 16, 2017, that motion was denied by the Bankruptcy Court.

## ARGUMENT

Title 28, United States Code, Section 157(d) permits a District Court to withdraw its prior reference of a case to a Bankruptcy Court. Section 157(d) provides, "[t]he district court may withdraw, in whole or in part, any case of proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

To grant the Certain Insurers' motion, the Court must find that they have shown "cause" for withdrawal. The statute does not define what would constitute "cause." There is no Supreme Court or Eighth Circuit precedent with respect to the "cause shown" standard. Courts consider a variety of factors, including: the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process. *Kelley v. JPMorgan Chase & Co. et al.*, 464 B.R. 854, 861 (D. Minn. 2011) (*citing Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). The power to withdraw reference has been used sparingly and should be granted only if it is "essential to preserve a higher interest." *United States v. Kaplan*, 146 B.R. 500, 502-3 (D. Mass. 1992).

Here, the Certain Insurers argue that cause exists for three reasons: (i) the Bankruptcy Court cannot enter final judgment on the issues raised by the parties; (ii) the Certain Insurers are entitled to and have demanded a jury trial; and (iii) judicial economy favors returning the adversary proceeding to the District Court. As discussed below, these arguments are misplaced and do not constitute cause for withdrawal of the reference provided by Local Rule 1070-1.

3

And, even if a matter is withdrawn, the District Court has the authority to "remand" the matter back to the Bankruptcy Court for the management of preliminary matters.

## I. The Bankruptcy Court has Authority to Enter Proposed Findings of Fact and Conclusions of Law

The District Courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a). Congress has authorized the District Court to "refer any or all such proceedings to the bankruptcy judges of their district." 28 U.S.C. § 157(a). By Order of July 27, 1984, the District of Minnesota referred all bankruptcy cases and related proceedings to the Bankruptcy Judges for the District of Minnesota. *See also* Local Rule 1070-1. Once referred, bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b)(1).

Under this jurisdictional structure, if a bankruptcy judge determines that a referred proceeding is not a core proceeding but is otherwise related to a case under the Bankruptcy Code then the Bankruptcy Court may not enter a "final order or judgment." Rather, in such cases, the Bankruptcy Court may submit proposed findings of fact and conclusions of law to the District Court. *Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594 (2011); *Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)*, 134 S.Ct. 2165 (2014) (confirming that Bankruptcy Courts are permitted to issue proposed findings of fact and conclusions of law to the extent *Stern* claims exist).

The Certain Insurers argue that in order to avoid wasting judicial resources on duplicative and unnecessary proceedings cause exists to withdraw the reference. (Motion to Withdraw, page 8). This argument is based upon the requirement that the Bankruptcy Court must submit proposed findings and conclusions of law to the District Court rather than entering a final order.

The Certain Insurers have mangled the fundamental authority granted to bankruptcy judges and suggest that no non-core matter should ever be referred to the Bankruptcy Court. Courts across the country have rejected the argument that the Bankruptcy Court's exercise of authority in non-core matters is superfluous. *In re H & W Motor Express Co.*, 343 B.R. 208 (N.D. Iowa 2006); *In re Ames Dep't Stores, Inc.*, 190 B.R. 157, 163 (S.D.N.Y 1995); *In re Lyondell Chem. Co.*, 467 B.R. 712, 723 (S.D.N.Y 2012) ("The defendants are correct that the bankruptcy court may not enter final judgment…on any non-core claims….but they are mistaken that the layers of litigation that this may create are unnecessary or inefficient. Given the extensive experience the bankruptcy court has acquired in this matter, permitting it to rule on the pending motions and to conduct pre-trial proceedings will be of assistance to this Court and to the parties").

The parties appear to agree that it is conceivable that the District Court *may* be required to enter a final order in the adversary proceeding. In denying the motion to transfer, Judge Kressel stated, "[w]e may have to revisit [transferring the proceeding to the District Court] later, I understand, and I will either do it myself or we will talk together about it, but for the time being I am going to deny the motion." As suggested by the Bankruptcy Court, a prospective need for a final order from the District Court does not justify withdrawal of the reference at this stage in the proceeding.

**B.     The Right To A Jury Trial Does Not Constitute Cause**

The Certain Insurers argue that their right to a jury trial constitutes cause to withdraw the reference. This argument has been repeatedly rejected. For example, in denying a motion to withdraw reference the District Court in the Southern District of New York stated:

> "[a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district court and

5

> bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way our of bankruptcy court."

*In re Kenai Corp. et al.*, 136 B.R. 59, 61 (S.D.N.Y. 1992).

The Certain Insurers have miscalculated when their right to a jury trial ripens. The Eighth Circuit has held that where disposition of claims may be made via summary judgment under Rule 56, the right to a jury trial under the Seventh Amendment does not even come into play. *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003); *see also In re Petters Co., Inc.*, 440 B.R. 805, fn. 4 (Bankr. D. Minn. 2010) (stating that the right to compel the convening of a jury trial activates only after the party has survived the summary judgment process). The parties have briefed and argued motions for partial summary judgment. The Bankruptcy Court currently has those motions under advisement. The Bankruptcy Court has the authority to rule on those motions since an order granting a partial summary judgment is not a final order. *In re Strong*, 293 B.R. 764, 767 (8th Cir. BAP 2003). Rulings on those motions will serve to narrow the issues in this adversary proceeding. As a result, it has not yet been determined at this early stage in the proceeding whether the Certain Insurers will ultimately be entitled to a jury trial.

Regardless of the right to a jury trial, the Bankruptcy Court retains authority over the pretrial management of the case. "In the case of a proceeding where a party is entitled to a jury trial and will not consent to a bankruptcy judge conducting the trial, the bankruptcy judge will retain authority over the proceeding until – at the earliest – it is established that a trial is necessary – i.e., all possibility of resolution via summary adjudication under Rule 56 or otherwise has been exhausted." *In re Petters Co., Inc.*, 440 at 810 (citations omitted). The Seventh Amendment right to a jury trial is not abridged by the Bankruptcy Court hearing and

6

deciding pretrial matters. *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007); *In re M & L Bus. Mach. Co.*, 159 B.R. 932 (Bankr. D. Colo. 1993).

In the District of Minnesota it has routinely been held that a motion to transfer a proceeding from the Bankruptcy Court to the District Court is premature if there is no immediate need for fact finding. For this reason, the District Court has often referred proceedings back to the Bankruptcy Court in the interest of judicial economy. *See e.g., Ries v. Jacobs*, Civ. No. 12-1628, 2012 WL 3184795 (D. Minn. Aug. 2, 2012); *Ries v. DeJoria*, Civ. No. 12-1632, 2012 WL 3248145 (D. Minn. Aug. 2, 2012); *Ritchie Capital Mgmt, LLC v. JPMorgan Chase & Co.*, Civ. No. 14-4786, 2015 WL 12540194 (D. Minn. July 2, 2015). Courts have also noted the benefit of having the Bankruptcy Court conduct all pretrial proceedings[1]. *See e.g., In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007); *Kelley v. Opportunity Finance, LLC*, Civ. No. 14-3375, 2015 WL 321536 (D. Minn. 2015).

The Diocese has filed three motions for partial summary judgment. If the Bankruptcy Court rules on the pending partial summary judgment motions, it will not affect the Certain Insurers' Seventh Amendment right to a jury trial. Summary judgment motions merely addresses whether trial is necessary. Accordingly, the Certain Insurers' motion to withdraw the reference should be denied and the proceeding should remain with the Bankruptcy Court at least until the matter is ready for trial.

**C.     Judicial Economy Does Not Favor Withdrawing the Reference**

The Diocese has not been able to locate any authority from this District that provides for the withdrawal of reference in a similar situation. In fact, in a factually similar case, the Honorable Richard H. Kyle entered an Order, *sua sponte*, referring a similar declaratory

---

[1] This is especially true when, as in this case, the Bankruptcy Court has ordered parties beyond those involved in this adversary proceeding (for example, the Official Committee of Unsecured Creditors) to participate in mediation. (Bankr. Doc. No. 51).

7

judgment action pending in the District Court to the Bankruptcy Court merely 25 hours after the Archdiocese of St. Paul and Minneapolis bankruptcy filing. *Archdiocese of St. Paul and Minneapolis v. The Continental Insurance Company, et al.* Civ. No. 14-4852, Doc. 20.

Judges from this District have regularly and consistently denied motions to withdraw the reference. *See e.g., Kelley v. Opportunity Finance, LLC*, Civ. No. 14-3375, 2015 WL 321536 (D. Minn. Jan. 26. 2015); *In re Stephens*, 2012 WL 4758354, Civ. No. 12-1144 (D. Minn. Oct. 4, 2012). In denying a motion to withdraw the reference, Chief Judge Michael J. Davis stated, "[t]his Court frequently refers matters to magistrate judges for reports and recommendations as a means of increasing, not decreasing, judicial efficiency….That same reasoning applied to proposed orders from the bankruptcy court particularly because a bankruptcy judge has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance." *Kelley v. Opportunity Finance, LLC*, 2015 WL 321536 at *3.

The historical practice in this District reflects that withdrawal of the reference to the Bankruptcy Court is generally seen as inefficient, costly and unproductive in moving a bankruptcy case towards resolution.

## CONCLUSION

For the foregoing reasons, the Diocese of Duluth respectfully requests that the Court deny the motion to withdraw the reference of this adversary proceeding to the Bankruptcy Court without prejudice.

Dated: February 17, 2017

                                    **ELSAESSER JARZABEK ANDERSON ELLIOTT & MACDONALD, CHTD**

                                    /s/ J. Ford Elsaesser
Bruce A. Anderson (admitted *pro hac vice*)
J. Ford Elsaesser (admitted *pro hac vice*)
123 South Third Avenue
Suite 24
Sandpoint, ID 83864
Phone: 208-263-8517
brucea@ejame.com
ford@ejame.com

**GRAY PLANT MOOTY MOOTY & BENNETT**

/s/ Phillip L. Kunkel
Phillip L. Kunkel (#058981)
Abigail M. McGibbon (#0393263)
101 West St. Germain
Suite 500
St. Cloud, MN 56301
Phone: 320-202-5335
phillip.kunkel@gpmlaw.com
abigail.mcgibbon@gpmlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

| | |
|---|---|
| Diocese of Duluth, | |
| Plaintiff, | Adversary Proceeding No.: 16-05012 |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Abigail M. McGibbon, hereby certify that on the 17th day of February 2017, I caused a true and correct copy of the foregoing *Objection of the Diocese of Duluth to the Certain Insurers' Amended Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1* to be served on the following parties in the manner indicated below.

VIA US Mail
**Fireman's Fund Insurance Company**
Charles E. Jones
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Charles.jones@lawmoss.com

VIA CM/ECF
**The Diocese of Duluth**
BLANK ROME LLP
James R. Murray
1825 Eye Street NW
Washington, DC 20006
Jmurray@blankrome.com

VIA CM/ECF
**The Diocese of Duluth**
BLANK ROME LLP
Jared Zola
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jzola@blankrome.com

VIA CM/ECF
**Liberty Mutual Insurance Company**
Kristi K. Brownson
Brownson and Brownson & Linnihan, PLLP
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402
kbrownson@brownsonlinnihan.com

VIA CM/ECF
**The Continental Insurance Company**
Jeanne H. Unger
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
junger@bassford.com

VIA CM/ECF
**Liberty Mutual Insurance Company**
Nancy D. Adams
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
nadams@mintz.com

VIA CM/ECF
**The Diocese of Duluth**
Bruce A. Anderson
ELSAESSER JARZABEK ANDERSON
ELLIOTT and MACDONALD, CHTD.
320 East Neider Avenue
Suite 102
Coeur d'Alene, ID 83815
Telephone: (208) 667-2900
Facsimile: (208) 667-2150
Email: brucea@ejame.com

VIA CM/ECF
**The Continental Insurance Company**
Laura McNally
LOEB & LOEB, LLP
321 North Clark Street, Suite 2300
Chicago, IL 60610
Telephone: (312) 464-3155
Facsimile: (312) 464-3111 Email:
lmcnally@loeb.com

2

<u>VIA CM/ECF</u>
**The Diocese of Duluth**
J. Ford Elsaesser
ELSAESSER JARZABEK ANDERSON
ELLIOTT and MACDONALD, CHTD.
123 South Third Avenue
Suite 24
PO Box 1049
Sandpoint, ID 83864
Telephone: (208) 263-8517
Facsimile: (208) 263-0759
Email: ford@ejame.com

<u>VIA CM/ECF</u>
**Catholic Mutual Relief Society of America**
Everett J. Cygal
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
T: 312.258.5500
F: 312.258.5600
Email: ecygal@schiffhardin.com

<u>VIA CM/ECF</u>
**Catholic Mutual Relief Society of America**
David M. Spector
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
T: 312.258.5500
F: 312.258.5600
Email: dspector@schiffhardin.com

<u>VIA CM/ECF</u>
**Church Mutual Insurance Company**
Christian A. Preus
Beth A. Jenson Prouty
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
Email: cpreus@bassford.com
bprouty@bassford.com

Dated: February 17, 2017

/s/ Abigail M. McGibbon
Abigail M. McGibbon (#393263)
80 South 8th Street, STE 500
Minneapolis, MN 55402
Telephone: 612-632-3009
Fax: 612-632-4009
Abigail.mcgibbon@gpmlaw.com

3