UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

       Debtor.                            BKY 15-50792

----------------------------

Diocese of Duluth,                         ADV 16-5012

       Plaintiff,

v.

Liberty Mutual Group, a Massachusetts
corporation; Catholic Mutual Relief
Society of America, a Nebraska
corporation; Fireman's Fund Insurance
Company, a California corporation;
Church Mutual Insurance Company, a
Wisconsin corporation and The
Continental Insurance Company, an
Illinois Corporation,

       Defendants.

The Continental Insurance Company,
Fireman's Fund Insurance Company,
Liberty Mutual Group, Inc.,

     Counter-Claimants,

v.

Diocese of Duluth,

     Counter-Defendant.

The Continental Insurance Company,

     Cross-Claimant,

**ORDER DENYING
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT ON EXISTENCE
OF INSURANCE POLICY**

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *02/24/2017*
Lori Vosejpka, Clerk, by LH

v.

Catholic Mutual Relief Society of
America, Church Mutual Insurance
Company, Fireman's Fund Insurance
Company, Liberty Mutual Group, Inc.,

      Cross-Defendants.

At Duluth, Minnesota, February 24, 2017.

This adversary proceeding came on for a hearing on the plaintiff's motion for partial summary judgment regarding the existence of a Great American Insurance policy. James R. Murray and Phillip Kunkel appeared for the plaintiff and Nancy Adams and Kristi Brownson appeared for defendant, Liberty Mutual Insurance Company[1]. The court has jurisdiction over this proceeding under 28 U.S.C. §§157 and 1334 and Local Rule 1070-1.For the reasons stated below, the motion is denied.

## FACTUAL BACKGROUND

The Diocese filed a petition under chapter 11 on December 7, 2015. It filed this adversary proceeding on June 24, 2016 against Liberty Mutual and four other insurance companies seeking declaratory relief. This motion was filed by the Diocese against Liberty Mutual on December 19, 2016 for partial summary judgment to establish the existence of a Great American Insurance Company liability insurance policy that provided bodily injury coverage to the Diocese from 1964 to 1967 with coverage of $1million per occurrence.

The Diocese has a policy issued by Agricultural Insurance Company in 1964 with policy number CLA770553 for policy period February 1, 1964 to February 1, 1967.Liberty Mutual has

---

[1] Incorrectly referred to as Liberty Mutual Group in the complaint.

assumed responsibility for this policy.  The Diocese asserts that it has a second policy for the same time period issued by Great American Insurance Company with policy number XOV0770553 . The Diocese is unable to locate the insurance policy with Great American after conducting a diligent search including hiring an insurance archaeologist. It argues that under Minnesota law, it is not required produce the original document and can make a *prima facie* case that the policy exists through secondary evidence unless the insurance company can show that policy documents were lost or destroyed by the Diocese in bad faith.

The Diocese argues that correspondences from Great American during the litigation of the John Doe 65 lawsuit prove the existence of a policy numbered XOV0770553. The Diocese filed an affidavit of attorney John Kelly, defense counsel for the Diocese in the lawsuit filed by a plaintiff identified as John Doe 65, attaching (a) a letter dated September 20, 2005 Kelly received from Erin Dickie, claims professional at Great American Ins. Co., with policy number XOV0770553 and detailing policy limits of $1 million and other rights and conditions under the policy, (b) a letter dated September 30, 2005 with an updated trial report, (c) a letter dated September 5, 2006 he received from Ohio Causality Group stating that it enclosed a settlement check for $250,000, (d) a letter dated August 11, 2009 he received from Ohio Causality Group stating that it enclosed and also a copy of a settlement check for $5,000 made payable to "Jeff Anderson & Associates Trust" and states the insured as the Diocese of Duluth.

The Diocese also attaches an excerpt from the deposition of Dickie. She admitted that a claim's counsel or her predecessor wrote the Great American letter dated September 20, 2005. The Booth affidavit attaches Great American specimen policies obtained by Booth for the relevant time frame obtained from the University of Utah, Marriott Library, Manuscript Division, showing that the terms and conditions were consistent with the correspondences

3

received from Great American in 2005. The Diocese argues that it has made a *prima facie* case for the existence of the policy.

Liberty Mutual denies the existence of the second insurance policy.  It argues that there is only one policy effective from February 1, 1964 to February 1, 1967 with policy number CLA 770553 acquired from Agricultural Insurance Company. It stated that any reference made in the correspondences cited by the Diocese is referring to the Agricultural Insurance policy. It stated that "XOV" was a computer generated prefix added to the policy number when Great American took over Agricultural insurance because Great American computed system only accepted certain prefixes and seven digit policy numbers. To support this claim, Liberty Mutual attached an affidavit of Troy Galley, divisional assistance vice president of claims for Great American Insurance explaining the changes in the prefixes of the policy number. Great American computer didn't accept the CLA prefix so it was changed to XOV and "0" was added before the digits to meet the requirement of the seven digit policy.

Liberty Mutual asserts that the Great American claim processor was mistaken when she testified regarding the claim reservation of rights, policy terms and limits and that Ohio Casualty was also relying on the mistaken representation when it settled the John Does 65 case for $250,000, thinking that the policy had a limit of $1 million. To support this position, Liberty Mutual attaches policy documents that the Diocese provided to Liberty Mutual with policy number CLA 770553 issued by Agricultural insurance with a policy period of February 1, 1964 to February 1, 1967, and two other policies for following two three-year policy; a fax cover sheet from Mary Hughto of the Diocese to Scott McElroy of Great American attaching the summons for the John Doe 65 matter. It also attached a copy of a letter from McElroy and Kelly that references policy number XOV0770553 requesting a litigation report; a copy of a letter from

4

Kelly to McElroy dated April 1, 2003 requesting a copy of the Diocese's insurance policy and

attachment of discovery responses; a copy of the Diocese's answers to the John Doe 65

interrogatories; a copy of an email exchange between Angela O'Connell and McElroy dates June

11, 2003 showing a record of insuring the Diocese from February 1, 1964 to February 1, 1973

and that the policy was destroyed; a copy of an email from Dickie to Kelly dated February 7,

2005, stating that she took over the case and asking for a status report; a copy of excerpts from

the transcript of the deposition of Dickie taken by the Diocese on August 4, 2016 stating that she

did not have the policy when she prepared the coverage analysis letter to Kelly dated September

20, 2005.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7056, incorporating Federal Rule of Civil

Procedure 56, applies when a party moves for partial summary judgment in an adversary

proceeding. Rule 56(a) states that the "court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-326 (1986); *Anderson v. Liberty

Lobby*, 477 U.S. 242, 255 (1986). "If, assuming all reasonable inferences favorable to the non-

moving party, there is no genuine issue as to any material fact, the moving party is entitled to

summary judgment as a matter of law." *Tudor Oaks Limited P'ship v. Cochrane*, 124 F.3d 978,

981 (8th Cir. 1987), cert. denied, 522 U.S. 1112 (1998).

Inquiries into materiality and genuineness must be done to determine the sufficiency of

the evidence. *Celotex Corp.*, 477 U.S. at 322. As for materiality, the substantive law identifies

which facts are material. *Id.*; *Lobby*, 477 U.S. at 247. Only disputes over facts that might affect

the outcome of the suit will properly defend against entry of summary judgment. *Id*. In other

words, factual disputes that are irrelevant or unnecessary are not included. *Id*. A fact is a genuine

issue if it is such that a reasonable fact finder could find for the nonmoving party. *Id*. (quoting

*First Nat'l Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 288-289 (1968)). The key

inquiry is whether the evidence offered is probative to the fact to which it is intended to prove.

*Id*, at 256.

Under Minnesota law, the insured has the initial burden of establishing a prima facie case

of coverage. *Bell Lumber & Pole Co. v. U.S. Fire Ins. Co.*, 847 F. Supp. 738, 743 (D. Minn.

1994), aff'd, 60 F.3d 437 (8th Cir. 1995) (Quoting *Dakhue Landfill, Inc. v. Employers Ins. of

Wausau*, 508 N.W.2d 798, 803 (Minn. Ct. App. 1993)). "It is well established that where an

original writing is satisfactorily shown to have been lost or destroyed, secondary evidence of its

contents is admissible in the absence of any showing that the loss or destruction occurred

through the fraud of the party offering the secondary evidence." **Minn. R. Evid. 1002;** *State v.

Dienger*, 176 N.W.2d 528, 530 (Minn. 1970). Secondary evidence includes testimony about the

content of a record. *Id*.

The Diocese argues that it has made a *prima facie* case of the existence of a Great

American policy through the correspondences between  Kelly and. Dickie during the litigation of

the John Doe 65 matter; a copy of settlement check for more than the Agricultural insurance

limit;  the Hoefferle and. Booth affidavits stating that they have conducted a diligent search for

the Great American policy;  Booth's finding of the Great American specimen policy with similar

terms and condition as the correspondence.

While I agree that the Diocese has made a *prima facie* case, its evidence is rebuttable. In evaluating the motion, the evidence of Liberty Mutual "is to be believed and all justifiable inferences are to be drawn in a light most favorable to" Liberty Mutual. *Matsushita Elec. Indus. v. Zenith Radio,* 475 U.S. 574, 587, (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Trnka v. Elanco Prod.,* 709 F.2d 1223, 1225 (8th Cir.1983). However, Liberty Mutual "may not rest upon the allegations or denials of its pleadings; rather, the nonmovant must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 256; *Fischer v. NWA, Inc.* 883 F.2d 594, 598 (8th Cir.1989), *cert. denied,* 495 U.S. 947, (1990).

Liberty Mutual's evidence is sufficient to rebut the Diocese's *prima facie* case and create a genuine dispute as to material facts. Evidence of the near identity of the two policy numbers is credible and material, as is the evidence that the payment of the claim of Doe 65 was a mistake.

The record identified by the parties shows the existence of a real controversy over a material issue. *Am. States Ins. Co. v. Mankato Iron & Metal, Inc.,* 848 F. Supp. 1436, 1440 (D. Minn. 1993). Facts asserted by Liberty Mutual are material to an essential element to prove whether a policy exists. These facts will have an impact on the outcome of the issue. *Id. See Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992) (citation omitted). Such a controversy must be resolved by the finder of fact and are not appropriate for a summary judgment motion. *Id.*

THEREFORE, IT IS ORDERED:

The plaintiff's motion for partial summary judgment establishing the existence of the

Great American insurance policy is denied.

/e/ Robert J. Kressel
_____
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE