# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

---

In re:                                          Bankruptcy Case No.: 15-50792
Diocese of Duluth,                              Chapter 11
        Debtor-in-Possession.

---

Diocese of Duluth,
      Plaintiff,

                            Adversary Proceeding No.: 16-05012

                            Civil Action No. 0:17-cv-00549-SRN-LIB

v.

LIBERTY MUTUAL GROUP, a Massachusetts
corporation; CATHOLIC MUTUAL RELIEF SOCIETY
OF AMERICA, a Nebraska corporation; FIREMAN'S FUND
INSURANCE COMPANY, a California
corporation; CHURCH MUTUAL
INSURANCE COMPANY, a Wisconsin
corporation and THE CONTINENTAL
INSURANCE COMPANY, an Illinois
corporation,
        Defendants.

---

## NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE DISTRICT COURT

---

Defendant Liberty Mutual Insurance Company[1] ("Liberty Mutual"), pursuant to 28 U.S.C. section 158(a)(3) and Federal Bankruptcy Rule of Procedure 8004, hereby appeals from the *Order Granting Plaintiff's Motion for Partial Summary Judgment on Professional Service Exclusion* [Case No. 16-05012, D.E. 64] (the "Order") entered by the Honorable

---

[1]     The First Amended Complaint incorrectly names Liberty Mutual Insurance Company as Liberty Mutual Group.

Robert J. Kressel, United States Bankruptcy Judge, on the 2nd of March, 2017 in the above-captioned adversary proceeding.  A copy of the Order is attached hereto as **Exhibit A**.

The names of the parties to the Order and the names of their respective attorneys are as follows:

| **Diocese of Duluth** | **Liberty Mutual Insurance Company** |
|---|---|
| Gray Plant Mooty | Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. |
| 80 S. 8th St. | One Financial Center |
| Ste. 500 IDS Center | Boston, MA 02111 |
| Minneapolis, MN 55402 | Nancy Adams, Esquire |
| Phillip Kunkel, Esquire | Kevin Walsh, Esquire |
| Abigail M. McGibbon, Esquire | |
| | Brownson & Linnihan |
| Blank Rome LLP | 225 S. 6th St. |
| Chrysler Building | Ste. 4800 |
| 405 Lexington | Minneapolis, MN 55402 |
| New York, NY 10174 | Kristi Brownson, Esquire |
| James Murray, Esquire | |
| Jared Zola, Esquire | *Attorneys for Defendant Liberty Mutual Insurance Company* |
| | |
| Elsaesser Jarzabek Anderson Elliot & McDonald, Chtd. | |
| 123 South Third Ave. | |
| Suite 24 | |
| Sandpoint, ID 83864 | |
| J. Ford Elsaesser, Jr., Esquire | |
| | |
| *Attorneys for Plaintiff Diocese of Duluth* | |

Appellant elects to have the appeal heard by the United States District Court for the District of Minnesota.

**LIBERTY MUTUAL INSURANCE
COMPANY**

By its attorneys,


*/s/ Kristi K. Brownson*

Kristi K. Brownson, Esq. (#259986)
Brownson & Linnihan, PLLP
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402
(612) 332-4020
(612) 332-4025 (Facsimile)
kbrownson@brownsonlinnihan.com

*and*

*/s/ Nancy D. Adams*

Nancy D. Adams, Esq.  (*pro hac vice*)
Kevin J. Walsh, Esq.  (*pro hac vice*)
Mintz, Levin, Cohn, Ferris,
      Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 348-1865
(617) 542-2241 (Facsimile)
nadams@mintz.com
kjwalsh@mintz.com



Dated:  March 16, 2017

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA


In re:

Diocese of Duluth,

      Debtor.                               BKY 15-50792

----------------------------

Diocese of Duluth,                          ADV 16-5012

      Plaintiff,

v.

Liberty Mutual Group, a Massachusetts      **ORDER GRANTING**
corporation; Catholic Mutual Relief           **PLAINTIFF'S MOTION FOR**
Society of America, a Nebraska               **PARTIAL SUMMARY**
corporation; Fireman's Fund Insurance     **JUDGMENT ON**
Company, a California corporation;            **PROFESSIONAL SERVICE**
Church Mutual Insurance Company, a       **EXCLUSION**
Wisconsin corporation and The
Continental Insurance Company, an
Illinois corporation,


      Defendants.

The Continental Insurance Company,
Fireman's Fund Insurance Company,
Liberty Mutual Group, Inc.,

      Counter-Claimants,

v.

Diocese of Duluth,

      Counter-Defendant.

The Continental Insurance Company,

      Cross-Claimant,

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/02/2017*
Lori Vosejpka, Clerk, by LH

v.

Catholic Mutual Relief Society of
America,

Church Mutual Insurance Company,
Fireman's Fund Insurance Company,
Liberty Mutual Group, Inc.,

      Cross-Defendants.

At Duluth, Minnesota, March 2, 2017.

      This adversary proceeding came on for a hearing on the plaintiff's motion for partial

summary judgment regarding the professional services exclusion in the Agricultural Insurance

policies. James R. Murray, Jared Zolla and Phillip Kunkel appeared for the plaintiff and Nancy

Adams and Kristi Brownson appeared for defendant, Liberty Mutual Insurance Company[1]. The

court has jurisdiction over this proceeding under 28 U.S.C. §§157 and 1334, and Local Rule

1070-1. For the reasons stated below, the motion is granted.

## FACTUAL BACKGROUND

      The Diocese filed a petition under chapter 11 on December 7, 2015. It filed this adversary

proceeding on June 24, 2016 against Liberty Mutual and four other insurance companies seeking

declaratory relief. This motion was filed by the Diocese on December 19, 2016 for partial

summary judgment determining that the professional exclusion provision of the Exclusion of

Medical Payments For Students Endorsement in the 1967 to 1970 and the 1970 to 1973

Agricultural Insurance company policies does not apply to the Diocese's claims for coverage.

---

[1] Incorrectly referred to as Liberty Mutual Group in the complaint.

The Diocese filed the chapter 11 petition because of the liabilities arising from negligence claims asserted by victims of sexual abuse by priests within the Diocese. The Diocese requested Liberty Mutual to cover its liability associated with these negligence claims. Liberty Mutual denied coverage for a number of reasons. Among them is its argument that the professional services exclusion contained in the Exclusion of Medical Payments for Students Endorsement applies.

Liberty Mutual first argues that I should not decide the issues of this exclusion until it has first been decided that there is coverage at all. However, one of purposes served by Rule 56 is the narrowing of issues, a purpose which will be served here. Without deciding, I assume for purpose of this motion that the policies would, but for the exclusion, provide coverage.

The policies at issue contains the following language.

ENDORSEMENT:

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following: COMPREHENSIVE GENERAL LIABILITY INSURANCE.

EXCLUSION OF MEDICAL PAYMENTS FOR STUDENTS ENDORSEMENT

In consideration of the premium at which this policy is written:

It is understood and agreed that coverage provided by the "Medical Payments Coverage Part" shall not apply to or for pupils of the insured while such pupils are in or upon the school premises:

It is further understood and agreed that the coverage afforded by this policy as respects the insured's school includes (A) the use of bicycles on school business, and (B) the transportation hazard on other vehicles, including watercraft, not owned or hired by or for the insured, any member of the teaching, supervising or administrative staff, officer or employee of the insured:

> It is further understood and agreed that no coverage is afforded by
> this policy for claims due to the rendering of any professional
> service or omission thereof.

The Diocese argues that the professional services exclusion appears at the last sentence of

the endorsement page and applies only to claims made under the policies' Premises Medical

Payments Insurance Coverage. It argues that it does not apply to its claims because it is seeking

coverage under the policies' Bodily Injury Liability Coverage. The Diocese also argues in the

alternative that, even if the professional service exclusion applies to bodily injury liability

coverage, the claims for sexual abuse are not due to the rendering of the a professional service or

omission thereof and the exclusion would still not apply. In support of its motion, the Diocese

submitted copies of the Agricultural Insurance company policies for February 1, 1964 to

February 1, 1967, the February 1, 1967 to February 1, 1970, and the February 1, 1970 to

February 1, 1973 policy periods. The Diocese states that Liberty Mutual is not asserting that the

professional services exclusion exists in its 1964 to 1967 policy but to the extent Liberty Mutual

does, the exclusion would not apply to its claims for the same reasons.

Liberty Mutual argues that because the victims' alleged abuse is due to the very nature of

the professional services embedded in the church, the policies' professional services exclusion

bars coverage for the claims.

In support of its opposition to the Diocese's motion, Liberty Mutual submitted affidavits

of attorney Nancy Adams attaching; (1) copies of policy documents issued by Agricultural

insurance company for policy periods of February 1, 1964 to February 1, 1967, February 1, 1967

to February 1, 1970, and February 1, 1970 to February 1, 1973; (2) copies of the summons and

complaints in four lawsuits filed in 2013 and 2015 against the Diocese by the underlying

plaintiffs named Doe 5, 28, 68 and 70 for alleged bodily injury that occurred between 1964 and

1973; (3) copies of four letters issued in 2014 and 2015 by Liberty Mutual to the Diocese

concerning the four lawsuits and agreeing to defend the Diocese in those suits including analysis

of coverage and reservation of rights; (4) a copy of excerpt of the trial transcript in the *Weis v.*

*Diocese of Duluth* action on October 21 and 22, 2015; and (5) a copy of unpublished decision of

*C.W. Birch Run, LLC v. Jo-Ann Stores, Inc*.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7056, incorporating Federal Rule of Civil

Procedure 56, applies when a party moves for partial summary judgment in an adversary

proceeding. Rule 56(a) states that the "court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-326 (1986); *Anderson v. Liberty*

*Lobby*, 477 U.S. 242, 255 (1986). "If, assuming all reasonable inferences favorable to the non-

moving party, there is no genuine issue as to any material fact, the moving party is entitled to

summary judgment as a matter of law." *Tudor Oaks Limited P'ship v. Cochrane*, 124 F.3d 978,

981 (8th Cir. 1987), cert. denied, 522 U.S. 1112 (1998).

Inquiries into materiality and genuineness must be done to determine the sufficiency of

the evidence. *Liberty Lobby*, 477 U.S. at 247. As for materiality, the substantive law identifies

which facts are material. *Id*. Only disputes over facts that might affect the outcome of the suit

will properly defend against entry of summary judgment. *Id*. In other words, factual disputes that

are irrelevant or unnecessary are not included. *Id*. A fact is a genuine issue if it is such that a

reasonable fact finder could find for the nonmoving party. *Id*. (quoting *First Nat'l Bank of*

*Arizona v. Cities Services Co.*, 391 U.S. 253, 288-289 (1968)).

5

The issue presented in this motion is whether the professional service exclusion in

Liberty Mutual's policies excludes coverage for the Diocese's underlying claims by the sexual

abuse claimants. State law applies when interpreting the provisions of an insurance policy.

*Shelter Ins. Companies v. Hildreth*, 255 F.3d 921, 925 (8th Cir. 2001) (citing *Bates v. Security*

*Benefits Life Ins. Co.*, 146 F.3d 600, 603 (8th Cir. 1998)). Interpretation of an insurance policy is

a question of law. *Houg v. State Farm Fire and Cas. Co.*, 509 N.W.2d 590,592 (Minn. App.

1993) (citing *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn. 1978)). This issue is

ripe for a summary judgment decision.  *Safeco Ins. Co. v. Skar*, No. 10-CV-4789, 2011 U.S.

Dist. Lexis 82548 (D. Minn. Jul. 17, 2001) (citing *Meadowbrook, Inc. v. Tower Ins*. Co., 559

N.W.2d 411, 415 (Minn. 1997)).

"General principles of contract interpretation apply to insurance policies." *Carlson v.*

*Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn. 2008) (citing *Lobeck v. State Farm Mut. Auto. Ins.*

*Co.*, 582 N.W.2d 246, 249 (Minn. 1998)). When a language in a policy is clear and

unambiguous, the policy is interpreted "according to plain, ordinary sense so as to effectuate the

intention of the parties." *Id*.; (citing *Canadian Universal Ins. Co. v. Fire Watch, Inc.*, 258

N.W.2d 570, 572 (Minn. 1977)). "The language of the policy is ambiguous if it is susceptible to

two or more reasonable interpretations." *Id*.; (citing *Medica, Inc. v. Atl. Mut. Ins. Co.*, 566

N.W.2d 74, 77(Minn. 1997)).

It is well-established that the party claiming coverage under an insurance policy has the

burden of proof to show coverage. *Boedigheimer v. Taylor*, 178 N.W.2d 610, 614 (Minn. 1970).

The Diocese has produced policies relevant to this partial summary judgment motion, including

the exclusion language Liberty Mutual alleges excuses it from covering the underlying claims.

6

The burden then shifts to the insurer to show the applicability of an exclusion provision in the policy to the claims. *Dakhue Landfill, Inc. v. Employers Ins. Of Wausau*, 508 N.W.2d 798, 802 (Minn. Ct. App. 1993) (citing *Caledonia Community Hosp. v. St. Paul Fire & Marine Ins. Co.*, 239 N.W.2d 768, 770 (Minn. 1976)). "In interpreting policy exclusion, any ambiguity in the language of the policy must be construed in favor of the insured." *Henning Nelson Const. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn. 1986).

The Diocese argues that the professional service exclusion does not apply to its claims because it seeks coverage under the bodily injury liability coverage and the professional service exclusion only applies to claims under the premises medical payments insurance coverage. Liberty Mutual argues that the express language of the endorsements provide that they modify the insurance afforded under the comprehensive general liability insurance coverage. I agree with Liberty Mutual. Although the title of the endorsement is "Exclusion of Medical Payments For Students Endorsement" the endorsements are three different and separate exclusions that apply to the whole policy and not just the medical payments coverage.

But for the caption "Exclusion of Medical Payments For Students Endorsement," the endorsement would unambiguously provide three separate, distinct exclusions to the comprehensive general liability insurance. *See In re G-I Holdings, Inc.*, 755 F.3d 195, 203 (3d Cir. 2014). ("A court "may examine the [contract] heading 'as additional evidence tending to *support* the contract's substantive provisions.' " *Fulkerson v. MHC Operating Ltd.*, 01C–07–020, 2002 WL 32067510, at *5 (Del.Super.Ct. Sept. 24, 2002) (emphasis added) (quoting *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571, 582 n. 35 (Del.Ch.1998)). The title of a section cannot contradict or rewrite the plain language of the contractual provisions within that section. "Contract headings do not constitute controlling evidence of a contract's substantive meaning."

7

*Id.*"). I hold that the professional service exclusion applies to the Diocese's policies coverage, not just the medical payments coverage.

The diocese then argues that, even if the professional service exclusion applies to its claims, the alleged sexual abuses by the priests are not "due to the rendering of any professional service" and the claims are therefore not excluded from coverage. Liberty Mutual argues that the professional service exclusion bars coverage for underlying claims because the sexual abuse took place as a result of the claimants' participation in church activities and because the claimants became dependent upon and trusted the Diocese and the abuser priests, due to the very nature of the professional service embedded in the church.

The cases struggle to decide when harm is "due to the rendering of any professional services." It is difficult to discern a clear rule for such a determination. Even assuming that priests are professionals who occasionally provide professional services, in no world- legal or religious-would raping or sexually battering children be the rendering of professional service. To the extent there are cases that suggest otherwise, I adamantly disagree with them. The exclusion has no applicability to the sexual abuse claims. Therefore, for any policy that has this professional service exclusion, the exclusion does not apply to sexual abuse claims. *See Smith v. St. Paul Fire & Marine Insurance Co.*, 353 N.W.2d 130 (Minn. 1984) (Holding that the acts of sexual contact involved neither the providing nor withholding of professional services); *Mork Clinic v. Fireman's Fund Ins. Co.* 575 N.W.2d 598 (Minn. App. Ct. 1998) (Finding that the sexual contact of clinic's allergist was not required for the medical services he was rendering).

Liberty Mutual then argues that, even if the sexual battery of children is not due to the rendering of professional service, the professional service exclusion applies to exclude coverage

because the Diocese's supervision of its priests is the rendering of professional services. Liberty

Mutual relies on *Houg*, 509 N.W.2d at 591; *Safeco Ins. Co. v. Skar*, No. 10-CV-4789, 2011 U.S.

Dist. Lexis 82548 (D. Minn. 2001); and *Capitol Indem. Corp. v. Especially for Children, Inc.*,

No. 01-2425, 2002 U.S. Dist. Lexis 17121 (D. Minn. Aug. 29, 2002).

However, supervising an employee or other subordinate is not the rendering of

professional services. For example, while a partner and an associate in a law firm are both

rendering professional services to their clients, the partner is not rendering professional services

to the associate he or she may be directing or supervising. The cases relied on by Liberty Mutual

do not hold otherwise and if they do, I disagree with them.

*Houg* does not support Liberty Mutual's argument. While the court held that a minister's

counseling of a member of his congregation was the rendering of professional services, it did not

hold that the church supervision of him was the rendering of a professional service. Similarly,

neither *Safeco* nor *Capitol* stands for the proposition that supervising an employee or other

subordinate is the rendering of professional services.

Claims of negligent hiring, training and supervision of physician or professional do not

arise out of the rendering of professional services. *See Mork Clinic v. Fireman's Fund Ins. Co*.

575 N.W.2d at 604. (Citing *Community Hosp. at Glen Cove v. American Home Assurance Co*.,

171 A.D.2d 639, 567 N.Y.S.2d 122, 123 (1991) (claims of negligent hiring, training and

supervision of physician did not "arise out of" rendering of professional services); *Propis v.

Fireman's Fund Ins. Co*., 112 A.D.2d 734, 492 N.Y.S.2d 228, 230 (1985) (acts relating to hiring

and firing were not professional activities); *Redeemer v. Church Mutual Insurance Co.*, 567

N.W.2d 71, 77 (Ct. App. Minn. 1997).

THEREFORE, IT IS ORDERED:

1.   The plaintiff's motion for partial summary judgment is granted.

2.   The professional service exclusion does not apply to the sexual abuse claims against

the Diocese.


/e/ Robert J. Kressel
_____
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE